EXHIBIT A

Richard D. Burbidge (#0492)
rburbidge@bmgtrial.com
Jefferson W. Gross (#8339)
jwgross@bmgtrial.com
Andrew Dymek (#9277)
adymek@bmgtrial.com
BURBIDGE MITCHELL & GROSS
215 South State Street, Suite 920
Salt Lake City, Utah 84111
Telephone: (801) 355-6677
Facsimile:  (801) 355-2341

Frank W. Compagni (#7174)
MORRISS O'BRYANT COMPAGNI, P.C.
734 East 200 South
Salt Lake City, Utah 84102
Telephone: (801) 478-0071
Facsimile:  (801) 478-0076
compagni@utahpatents.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CONTOUR, LLC, a Utah limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOPRO, INC., a Delaware Corporation, CAMP SAVER, LLC, a Utah limited liability company, dba CAMPSAVER.COM, and DOES 1-500,<br><br>　　　　　Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND**<br><br>Civil No. 2:14-cv-00864-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Contour, LLC ("Contour" or "Plaintiff"), by its undersigned attorneys, brings

this action against Defendants and hereby alleges as follows:

## THE PARTIES

1.      Plaintiff Contour is a limited liability company organized and existing under the laws of the State of Utah, having a principal place of business at 5152 Edgewood Drive, Ste. 375, Provo, Utah.

2.      Defendant GoPro, Inc. ("GoPro") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3000 Clearview Way, San Mateo, California.

3.      Defendant Camp Saver, LLC ("Camp Saver") is a limited liability company organized and existing under the laws of the State of Utah, having a principal place of business at 2280 South Heritage Dr., Nibley, Utah 84321, and doing business as CampSaver.com.

4.      Defendants Does 1 through 500 (the "Doe Defendants") are individuals and/or entities that may be liable for the claims set forth herein, but whose specific names have not yet been enumerated by Plaintiff.  At such time that Plaintiff identifies and/or confirms Does 1 through 500, this Complaint shall be amended to specifically name said Does 1 through 500. The named Defendant(s) and Defendants Does 1 through 500 will sometimes collectively be referred to herein as "Defendants."

## NATURE OF THE ACTION

5.      This is a civil action for infringement of United States Patent Nos. 8,890,954 (the "'954 Patent") and 8,896,694 (the "'694 Patent") under the patent laws of the United States, 35 U.S.C. § 271 *et seq.,* and for violations of the Utah Unfair Competition Act, Utah Code Ann. §13-5a-101 *et seq.*  True and correct copies of the '954 and '694 Patents are attached hereto as Exhibits A and B, respectively.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).  This Court also has supplemental jurisdiction under 28 U.S.C.

§ 1331.

7.      This Court has pendent jurisdiction of the other causes of action set forth herein

under the provisions of 28 U.S.C. § 1338(b) in that other causes of action are joined with

substantial and related claims under the patent laws.

8.      Venue is proper in this judicial district under Title 28 U.S.C. §§ 1391 and 1400(b)

because Defendants are subject to personal jurisdiction in this judicial district, have committed

acts of patent infringement in this judicial district, and transact and are doing substantial business

in this judicial district.  Furthermore, Plaintiff is organized and exists under the laws of the State

of Utah and resides in Utah.

9.      Personal jurisdiction exists over the Defendants.  GoPro applied for and received

authorization to conduct business within the State of Utah.  Camp Saver is organized under the

laws of the State of Utah, and its principal place of business is within Utah.  GoPro and Camp

Saver have each designated and maintained an agent for service of process in Utah.

10.     GoPro, Camp Saver and the other Defendants have purposefully availed

themselves of the privilege of conducting activities within this forum.  These activities far

exceed the requisite minimum contacts.  Defendants' activities in this forum are continuous and

systematic, and give rise to the liabilities sued upon herein.

11.     Defendants' activities in this forum include, *inter alia*, selling and offering to sell

infringing products in this forum, and marketing and advertising infringing products in this

forum. GoPro has personally availed itself in this forum by committing acts of patent infringement in Utah including, *inter alia*, offering to sell and selling infringing products in Utah and by inducing Utah retailers, including but not limited to Camp Saver, to commit such acts of infringement in Utah.

12. GoPro, Camp Saver and the other Defendants do extensive business within the State of Utah. GoPro, Camp Saver and the other Defendants earn substantial amounts of revenue through their contacts with this forum.

13. On information and belief, GoPro has also purposefully availed itself of this forum by entering into agreements with numerous entities in Utah prescribing the conditions under which the entities may qualify and remain an "Authorized Reseller" of GoPro's infringing products. According to GoPro's website, GoPro has over 50 authorized resellers of its infringing products in Utah, including but not limited to Camp Saver, RC Willey, Cabelas, Snowbird Ski & Summer Resort, Jans Bicycles Ltd, and Canyon Bicycles.

## BACKGROUND

14. On November 18, 2014, the '954 Patent, entitled "Portable Digital Video Camera Configured for Remote Image Acquisition, Control and Viewing," was duly and legally issued to Plaintiff, as assignee. Plaintiff is currently the owner and possessor of all rights pertaining to the '954 Patent.

15. On November 25, 2014, the '694 Patent, entitled "Portable Digital Video Camera Configured for Remote Image Acquisition, Control and Viewing," was duly and legally issued to Plaintiff as assignee. Plaintiff is currently the owner and possessor of all rights pertaining to the '694 Patent.

4

16.     Plaintiff is a maker and seller of wearable and gear-mountable camera products, including the Contour Roam3, the Contour Roam2, and the Contour+2.  Wireless features of the Contour+2 allowing the camera's video images and settings to be remotely captured, previewed and controlled are described in the '954 and/or '694 Patents and set forth in one or more claims of the '954 Patent and in one or more claims of the '694 Patent.

17.     GoPro, Camp Saver and one or more of the Doe Defendants sell and/or offer for sale (or direct or induce others to sell and/or offer for sale) camera products (the "infringing products") in the United States, that infringe, either literally or under the doctrine of equivalents, at least one claim of the '954 Patent and at least one claim of the '694 Patent.

18.     GoPro and one or more of the Doe Defendants make, use, sell, and/or offer for sale (or direct or induce others to make, use, sell, and/or offer for sale) camera products (the "infringing products"), including the HERO3, HERO 3+ and HERO4 products, in the United States, that infringe, either literally or under the doctrine of equivalents, at least one claim of the '954 Patent and at least on claim of the '694 Patent.

19.     GoPro and one or more of the Defendants advertise, demonstrate and/or recommend infringing uses and/or provide instruction on how to engage in infringing uses of the infringing products through various forms and by various means, including but not limited to advertisements, websites, product brochures and product manuals.

20.     GoPro and one or more of the Defendants offer to sell and sell components that are a material part of the claimed invention of the '954 Patent and which have no substantial non-infringing use, knowing that the components are especially made or especially adapted for use in a direct infringement of the '954 Patent.

21.     GoPro and one or more of the Defendants offer to sell and sell components that are a material part of the claimed invention of the '694 Patent and which have no substantial non-infringing use, knowing that the components are especially made or especially adapted for use in a direct infringement of the '694 Patent.

22.     Contour and GoPro are direct competitors in the action camera market.

23.     On information and belief, at the end of 2012, GoPro introduced the HERO3 line of cameras that included wireless capability.

24.     On information and belief, prior to 2012, GoPro did not offer for sale any cameras with wireless capability.

25.     Each of GoPro's cameras that include wireless capability infringes one or more claims of each of the '954 and '694 Patents.

26.     On information and belief, GoPro's gross sales revenue increased from approximately $526 million in 2012 to approximately $986 million in 2013 (an 87% increase).

27.     On information and belief, GoPro's net profit nearly doubled from approximately $32 million in 2012 to over $60 million in 2013.

28.     On information and belief, GoPro's gross sales revenue has continued to rise in 2014.

29.     On information and belief, GoPro's significant gains in sales revenue since 2012 and significant gains in net profit are attributable to its sales of cameras that include wireless capabilities and infringe one or more claims of each of the '954 and '694 Patents.

30.     On information and belief, GoPro holds the largest share of the action camera market.

6

31.     On information and belief, GoPro's share of the action camera market continues to grow due to sales of its cameras that include wireless capabilities and infringe one or more claims of each of the '954 and '694 Patents.

32.     On information and belief, GoPro's success in capturing significant market share is attributable to its sales of cameras that include wireless capabilities and infringe one or more claims of each of the '954 and '694 Patents.

33.     On information and belief, Contour's ability to expand its share of the action camera market based on its patented technologies set forth in the '954 and '694 Patents has been impaired as a direct result of GoPro's significant market share that has been generated as a result of its infringement of the '954 and '694 Patents.

34.     In addition to damages suffered by Contour, Contour has been and continues to be irreparably harmed due to loss of market share in the action camera market as a result of GoPro's infringement of the '954 and '694 Patents.

## COUNT I
## <u>CLAIM FOR DIRECT INFRINGEMENT OF THE</u>
## <u>'954 PATENT UNDER 35 U.S.C. § 271(a)</u>

35.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

36.     The '954 Patent has at all times subsequent to its issue date been fully enforceable and is now fully enforceable.

37.     GoPro, Camp Saver and one or more of the Doe Defendants have been, and continue to be, making, using, selling and/or offering to sell, or directing others to sell and/or offer to sell, infringing products, which alone or in combination with other products offered by

7

Defendants or third parties, come within the scope of one or more claims of the '954 Patent. Defendants have thereby infringed the '954 Patent in violation of 35 U.S.C. § 271(a) *et seq*.

38.     GoPro, Camp Saver and one or more of the Doe Defendants have been, and continue to be, making, using, selling and/or offering to sell, or directing others to make, use, sell and/or offer to sell, infringing products, which alone or in combination with other products offered by Defendants or third parties, come within a range of equivalents of one or more claims of the '954 Patent.  Defendants have thereby infringed the '954 Patent in violation of 35 U.S.C. § 271(a).

39.     The making, using, selling and/or offering to sell infringing products by GoPro, Camp Saver and one or more of the Doe Defendants has been without authority or license from Plaintiff and in violation of Plaintiff's exclusive rights under the '954 Patent.

40.     Plaintiff has been injured and damaged monetarily and otherwise by Defendants' infringement of the '954 Patent.  Defendants are therefore liable to Plaintiff for the damages suffered by Plaintiff, in an amount not less than a reasonable royalty.

41.     Defendants' continuing acts of infringement are willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42.     By this action, Plaintiff seeks recovery of its damages pursuant to 35 U.S.C. § 284 including, without limitation, lost profits and a reasonable royalty.  However, such monetary damages will not adequately compensate Plaintiff for the infringement of its patents.  As demonstrated by GoPro's meteoric increase in sales of infringing products, the patented technology has displaced, and will continue to displace, from the market cameras not equipped

with wireless capabilities.   As the owner of the Patents, Plaintiff is entitled to the exclusive use

and exploitation of the Patents to capture market share in the area of personal cameras.  Plaintiff

will be irreparably injured during the pendency of this action unless GoPro, its direct competitor,

is enjoined from infringing the Patents because Plaintiff will be unable to acquire the share of the

market to which its exclusive use of the Patents would otherwise cause.  Plaintiff is thus entitled

to preliminary and permanent injunctions against GoPro and the other Defendants.

### COUNT II
### CLAIM FOR INDUCEMENT OF INFRINGEMENT OF THE ’954 PATENT UNDER 35 U.S.C. § 271(b)

43.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

44.     GoPro, Camp Saver and one or more of the Doe Defendants have indirectly

infringed and are still indirectly infringing the ’954 Patent in violation of 35 U.S.C. § 271(b) *et*

*seq*., by actively inducing infringement of the ’954 Patent.

45.     GoPro, Camp Saver and the indirectly infringing Doe Defendants became aware

of the ’954 Patent, at the latest, when they were served with this complaint and yet continue to

actively and knowingly induce others to directly infringe the ’954 Patent.

46.     Despite its awareness of the ’954 Patent, GoPro and Camp Saver continue to take

numerous active steps to encourage and aid and abet others’ direct infringement of the ’954

Patent.  These active steps include, *inter alia*, encouraging others to sell or resell infringing

products, advertising the availability of infringing products for purchase, advertising infringing

uses and instructing how to engage in infringing uses of the infringing products (e.g., on

websites, Facebook pages, and other media), demonstrating and recommending infringing

configurations and uses, and providing instructions and answering questions on infringing uses.

47.     Plaintiff has been injured and damaged monetarily and otherwise by Defendants' indirect infringement of the '954 Patent in violation of 35 U.S.C. § 271(b).  Defendants are therefore liable to Plaintiff for the damages suffered by Plaintiff.

48.     Defendants' continuing acts of indirect infringement are willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  By this action, Plaintiff seeks recovery of its damages pursuant to 35 U.S.C. § 284 including, without limitation, lost profits and a reasonable royalty.  However, such monetary damages will not adequately compensate Plaintiff for the infringement of its patents.  As demonstrated by GoPro's meteoric increase in sales of infringing products, the patented technology has displaced, and will continue to displace, from the market cameras not equipped with wireless capabilities.  As the owner of the Patents, Plaintiff is entitled to the exclusive use and exploitation of the Patents to capture market share in the area of personal cameras.  Plaintiff will be irreparably injured during the pendency of this action unless GoPro, its direct competitor, is enjoined from infringing the Patents because Plaintiff will be unable to acquire the share of the market to which its exclusive use of the Patents would otherwise cause.  Plaintiff is thus entitled to preliminary and permanent injunctions against GoPro and the other Defendants.

### COUNT III
### CLAIM FOR CONTRIBUTORY INFRINGEMENT OF THE '954 PATENT UNDER 35 U.S.C. § 271(c)

49.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

50.     GoPro, Camp Saver and one or more of the Doe Defendants have committed and continue to commit acts of contributory infringement of the '954 Patent in violation of 35 U.S.C.

§ 271(c) *et seq*., by, *inter alia*, offering to sell and selling components that are a material part of the claimed invention and which have no substantial non-infringing uses, knowing that the components are especially made or especially adapted for use in a direct infringement of the '954 Patent.

51.     These acts of contributory infringement of the '954 Patent include, *inter alia*, making, using, selling and/or offering for sale components, housings, mounts, replacement parts and kits, software, and/or applications, that are especially made and adapted for use in directly infringing the '954 Patent.

52.     GoPro, Camp Saver and the Doe Defendants engaging in contributory infringement became aware of the '954 Patent, at the latest, when they were served with this Complaint and yet continue to engage in contributory infringement of the '954 Patent.

53.     Plaintiff has been injured and damaged monetarily and otherwise by Defendants' contributory infringement of the '954 Patent in violation of 35 U.S.C. § 271(c).  Defendants are therefore liable to Plaintiff for the damages suffered by Plaintiff.

54.     Defendants' continuing acts of contributory infringement are willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  By this action, Plaintiff seeks recovery of its damages pursuant to 35 U.S.C. § 284 including, without limitation, lost profits and a reasonable royalty.  However, such monetary damages will not adequately compensate Plaintiff for the infringement of its patents.  As demonstrated by GoPro's meteoric increase in sales of infringing products, the patented technology has displaced, and will continue to displace, from the market cameras not equipped with wireless capabilities.  As the owner of the Patents, Plaintiff is entitled

to the exclusive use and exploitation of the Patents to capture market share in the area of personal cameras. Plaintiff will be irreparably injured during the pendency of this action unless GoPro, its direct competitor, is enjoined from infringing the Patents because Plaintiff will be unable to acquire the share of the market to which its exclusive use of the Patents would otherwise cause. Plaintiff is thus entitled to preliminary and permanent injunctions against GoPro and the other Defendants.

### COUNT IV
### CLAIM FOR VIOLATION OF UTAH UNFAIR COMPETITION ACT, UTAH CODE ANN. § 13-5a-102 *et seq.*

55.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

56.     GoPro, Camp Saver and one or more of the Doe Defendants have violated the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-102 *et seq.* by intentionally engaging in business acts or practices that are unlawful and unfair and constitute infringements of the '954 Patent.

57.     Plaintiff was injured by Defendants' unfair competition. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, costs, and attorneys' fees.

58.     Defendants' unfair competition and patent infringement were done knowingly, willfully, and intentionally. Under the circumstances, Plaintiff should be awarded punitive damages from Defendants.

### COUNT V
### CLAIM FOR DIRECT INFRINGEMENT OF THE '694 PATENT UNDER 35 U.S.C. § 271(a)

59.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

60.     The '694 Patent has at all times subsequent to its issue date been fully enforceable and is now fully enforceable.

61.     GoPro, Camp Saver and one or more of the Doe Defendants have been, and continue to be, selling and/or offering to sell, or directing others to make, use, sell and/or offer to sell, infringing products, which alone or in combination with other products offered by Defendants or third parties, come within the scope of one or more claims of the '694 Patent. Defendants have thereby infringed the '694 Patent in violation of 35 U.S.C. § 271(a) *et seq.*

62.     GoPro, Camp Saver and one or more of the Doe Defendants have been, and continue to be, making, using, selling and/or offering to sell, or directing others to sell and/or offer to sell, infringing products, which alone or in combination with other products offered by Defendants or third parties, come within a range of equivalents of one or more claims of the '694 Patent.  Defendants have thereby infringed the '694 Patent in violation of 35 U.S.C. § 271(a).

63.     The making, using, selling and/or offering to sell infringing products by GoPro, Camp Saver and one or more of the Doe Defendants has been without authority or license from Plaintiff and in violation of Plaintiff's exclusive rights under the '694 Patent.

64.     Plaintiff has been injured and damaged monetarily and otherwise by Defendants' infringement of the '694 Patent.  Defendants are therefore liable to Plaintiff for the damages suffered by Plaintiff, in an amount not less than a reasonable royalty.

65.     Defendants' continuing acts of infringement are willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  By this action, Plaintiff seeks recovery of its damages pursuant to 35 U.S.C. § 284 including, without limitation, lost profits and a reasonable

royalty.  However, such monetary damages will not adequately compensate Plaintiff for the infringement of its patents.  As demonstrated by GoPro's meteoric increase in sales of infringing products, the patented technology has displaced, and will continue to displace, from the market cameras not equipped with wireless capabilities.   As the owner of the Patents, Plaintiff is entitled to the exclusive use and exploitation of the Patents to capture market share in the area of personal cameras.  Plaintiff will be irreparably injured during the pendency of this action unless GoPro, its direct competitor, is enjoined from infringing the Patents because Plaintiff will be unable to acquire the share of the market to which its exclusive use of the Patents would otherwise cause.  Plaintiff is thus entitled to preliminary and permanent injunctions against GoPro and the other Defendants.

**COUNT VI**
**CLAIM FOR INDUCEMENT OF INFRINGEMENT OF THE**
**'694 PATENT UNDER 35 U.S.C. § 271(b)**

66.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

67.     GoPro, Camp Saver and one or more of the Doe Defendants have indirectly infringed and are still indirectly infringing the '694 Patent in violation of 35 U.S.C. § 271(b) *et seq.*, by actively inducing infringement of the '694 Patent.

68.     GoPro, Camp Saver and the indirectly infringing Doe Defendants became aware of the '694 Patent, at the latest, when they were served with this complaint and yet continue to actively and knowingly induce others to directly infringe the '694 Patent.

69.     Despite its awareness of the '694 Patent, GoPro and Camp Saver continue to take numerous active steps to encourage and aid and abet others' direct infringement of the '694 Patent.  These active steps include, *inter alia*, encouraging others to sell or resell infringing

products, advertising the availability of infringing products for purchase, advertising infringing uses and instructing how to engage in infringing uses of the infringing products (e.g., on websites, Facebook pages, and other media), demonstrating and recommending infringing configurations and uses, and providing instructions and answering questions on infringing uses.

70.     Plaintiff has been injured and damaged monetarily and otherwise by Defendants' indirect infringement of the '694 Patent in violation of 35 U.S.C. § 271(b).  Defendants are therefore liable to Plaintiff for the damages suffered by Plaintiff.

71.     Defendants' continuing acts of indirect infringement are willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  By this action, Plaintiff seeks recovery of its damages pursuant to 35 U.S.C. § 284 including, without limitation, lost profits and a reasonable royalty.  However, such monetary damages will not adequately compensate Plaintiff for the infringement of its patents.  As demonstrated by GoPro's meteoric increase in sales of infringing products, the patented technology has displaced, and will continue to displace, from the market cameras not equipped with wireless capabilities.   As the owner of the Patents, Plaintiff is entitled to the exclusive use and exploitation of the Patents to capture market share in the area of personal cameras.  Plaintiff will be irreparably injured during the pendency of this action unless GoPro, its direct competitor, is enjoined from infringing the Patents because Plaintiff will be unable to acquire the share of the market to which its exclusive use of the Patents would otherwise cause.  Plaintiff is thus entitled to preliminary and permanent injunctions against GoPro and the other Defendants.

## COUNT VII
## <u>CLAIM FOR CONTRIBUTORY INFRINGEMENT OF THE</u>
## <u>'694 PATENT UNDER 35 U.S.C. § 271(c)</u>

72.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

73.     GoPro, Camp Saver and one or more of the Doe Defendants have committed and continue to commit acts of contributory infringement of the '694 Patent in violation of 35 U.S.C. § 271(c) *et seq.*, by, *inter alia*, offering to sell and selling components that are a material part of the claimed invention and which have no substantial non-infringing uses, knowing that the components are especially made or especially adapted for use in a direct infringement of the '694 Patent.

74.     These acts of contributory infringement of the '694 Patent include, *inter alia*, making, using, selling and offering for sale components, housings, mounts, replacement parts and kits, software, and/or applications, that are especially made and adapted for use in directly infringing the '694 Patent.

75.     GoPro, Camp Saver and the Doe Defendants engaging in contributory infringement became aware of the '694 Patent, at the latest, when they were served with this Complaint and yet continue to engage in contributory infringement of the '694 Patent.

76.     Plaintiff has been injured and damaged monetarily and otherwise by Defendants' contributory infringement of the '694 Patent in violation of 35 U.S.C. § 271(c).  Defendants are therefore liable to Plaintiff for the damages suffered by Plaintiff.

77.     Defendants' continuing acts of contributory infringement are willful, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.  By this action, Plaintiff seeks recovery of its

damages pursuant to 35 U.S.C. § 284 including, without limitation, lost profits and a reasonable royalty.  However, such monetary damages will not adequately compensate Plaintiff for the infringement of its patents.  As demonstrated by GoPro's meteoric increase in sales of infringing products, the patented technology has displaced, and will continue to displace, from the market cameras not equipped with wireless capabilities.  As the owner of the Patents, Plaintiff is entitled to the exclusive use and exploitation of the Patents to capture market share in the area of personal cameras.  Plaintiff will be irreparably injured during the pendency of this action unless GoPro, its direct competitor, is enjoined from infringing the Patents because Plaintiff will be unable to acquire the share of the market to which its exclusive use of the Patents would otherwise cause.  Plaintiff is thus entitled to preliminary and permanent injunctions against GoPro and the other Defendants.

**COUNT VIII**
**CLAIM FOR VIOLATION OF UTAH UNFAIR COMPETITION ACT**
**UTAH CODE ANN. § 13-5a-102 *et seq.***

78.     Plaintiff restates all of the preceding paragraphs as if fully set forth herein.

79.     GoPro, Camp Saver and one or more of the Doe Defendants have violated the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-102 *et seq*. by intentionally engaging in business acts or practices that are unlawful and unfair and constitute infringements of the '694 Patent.

80.     Plaintiff was injured by Defendants' unfair competition.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, costs, and attorneys' fees.

17

81.     Defendants' unfair competition and patent infringement were done knowingly, willfully, and intentionally.  Under the circumstances, Plaintiff should be awarded punitive damages from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      That this Court adjudge the '954 Patent and '694 Patent valid and enforceable by the Plaintiff;

b)      That this Court enter a judgment that Defendants have directly and indirectly infringed and are directly and indirectly infringing one or more claims of the '954 and '694 Patents and that such direct and indirect infringement by Defendants have been willful;

c)      That this Court enter a judgment that Defendants have induced others to infringe one or more claims of the '954 Patent and one or more claims of the '694 Patent and that such induced infringement by Defendants has been willful;

d)      That this Court enter a judgment that Defendants have contributorily infringed one or more claims of the '954 Patent and one or more claims of the '694 Patent and that such contributory infringement by Defendants has been willful;

e)      That this Court enter a judgment that Defendants have violated the Utah Unfair Competition Act;

f)      That this Court enter a judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any person in active concert or participation with Defendants, from directly or indirectly infringing the '954 Patent and '694 Patents;

g)      That this Court enter a judgment against Defendants awarding damages adequate to compensate Plaintiff for the direct and indirect infringement by Defendants of the '954 Patent and '694 Patents, including enhanced damages up to three times the amount of compensatory damages for Defendants' willful infringement and any supplemental damages for any continuing post-verdict infringement until entry of a final judgment and cessation of such infringement;

h)      That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

i)      That this Court render a finding that this case is "exceptional" and award to Plaintiff its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

j)      On Plaintiff's claims for unfair competition, that the Court enter a judgment against Defendants awarding Plaintiff its actual damages, costs, attorney fees, and punitive damages; and

k)      That this Court grant Plaintiff such other and further relief as the Court may deem just, proper, and equitable.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all matters so triable.

DATED this 5th day of January, 2015.

BURBIDGE MITCHELL & GROSS
215 South State Street, Suite 920
Salt Lake City, Utah 84111

MORRISS O'BRYANT COMPAGNI, P.C.
734 East 200 South
Salt Lake City, Utah 84102

By: ___/s/ Richard D. Burbidge_____
*Attorneys for Plaintiff*