IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONTOUR IP HOLDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 15-1108-LPS-CJB |
| | ) | |
| GOPRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CONTOUR IP HOLDING, LLC'S ANSWERING BRIEF
IN OPPOSITION TO GOPRO, INC.'S MOTION FOR COSTS
AND TO STAY ACTION PURSUANT TO FED. R. CIV. P. 41(D)**

OF COUNSEL:
Paul M. Schoenhard
Nicole M. Jantzi
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508-4600

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue
Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

Dated: February 19, 2016

**TABLE OF CONTENTS**

I. Nature and Stage of the Proceeding ........................................................................................ 1

II. Summary of Argument ............................................................................................................ 1

III. Statement of Facts ................................................................................................................ 4

IV. Argument .............................................................................................................................. 6

    A. GoPro Is Not Entitled to Costs Under Fed. R. Civ. P. 41(d) ............................................. 6

    B. GoPro Is Not Entitled to Recover Attorney Fees under the Court's Inherent Powers ..... 12

V. Conclusion ............................................................................................................................. 13

# TABLE OF CITATIONS

**Page(s)**

**CASES**

*ADE Corp. v. KLA-Tencor Corp.*,
  138 F. Supp. 2d 565 (D. Del. 2001) .................................................................................10, 11

*Cardozo v. Home Depot U.S.A., Inc.*,
  2010 WL 2774137 (D. Kan. July 13, 2010) .................................................................................8

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) .................................................................................12

*Crown Die & Tool Co. v. Nye Tool & Machine Works*,
  261 U.S. 24 (1923) .................................................................................8

*Garza v. Citigroup Inc.*,
  311 F.R.D. 111 (D. Del. 2015) .................................................................................6, 7, 12

*Gellman v. Telular Corp.*,
  449 Fed. App'x 941 (Fed. Cir. 2011) .................................................................................8

*Huntley, L.L.C. v. Monterey Mushrooms Inc.*,
  2009 WL 2992553 (D. Del. Sept. 18, 2009) .................................................................................7

*Microsoft Corp. v. WebXchange Inc.*,
  715 F. Supp.2d 598 (D. Del. 2010) .................................................................................12

*Phoenix Canada Oil Co. v. Texaco, Inc.*,
  78 F.R.D. 445 (D. Del. 1978) .................................................................................6, 10

*Phunware, Inc. v. Excelmind Group Ltd.*,
  2015 WL 4606668 (D. Del. Jul. 30, 2015) .................................................................................6, 9

*Rogers v. Walmart Stores, Inc.*,
  230 F.3d 868 (6th Cir. 2000) .................................................................................7

**STATUTES**

28 U.S.C. § 1920 .................................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 .................................................................................................................10

Fed. R. Civ. P. 41 .............................................................................................................. passim

Plaintiff Contour IP Holding, LLC ("Plaintiff" or "CIPH"), by its undersigned attorneys, hereby responds to Defendant GoPro, Inc.'s ("GoPro") Motion for Costs and to Stay Action Pursuant to Fed. R. Civ. P. 41(d) (D.I. 10).

## I.   NATURE AND STAGE OF THE PROCEEDING

On November 30, 2015, CIPH and iON Worldwide, Inc. ("iON") filed their Original Complaint (D.I. 1) ("Original Complaint") against GoPro in this Court alleging infringement of U.S. Patent Nos. 8,890,954 ("the '954 Patent") and 8,896,694 ("the '694 Patent"). Without answering the Original Complaint, on February 1, 2016, GoPro filed the instant motion and, separately, a Motion to Stay Pending *Inter Partes* Review (D.I. 14). By Oral Order on February 2, the Court ordered the parties to jointly file a proposed Scheduling Order within 30 days. On February 19, 2016, CIPH filed its First Amended Complaint, in which iON is no longer named as a plaintiff.

## II.   SUMMARY OF ARGUMENT

After acquiring all rights to the patents-in-suit, and after selecting new counsel, CIPH and its then-exclusive licensee iON filed their Original Complaint against GoPro in this Court. Doing so, CIPH and iON acted in good faith, selecting a forum known for its patent expertise that is convenient to the parties—iON and GoPro are both Delaware corporations—and to CIPH's counsel. On the same day, having divested itself of standing to maintain a patent infringement suit, CIPH's predecessor in interest, Contour, LLC—a Utah company—voluntarily dismissed its then-pending litigation ("the Utah action") against Camp Saver, LLC—also a Utah company—and GoPro in the District of Utah.

Now, GoPro seeks recovery of costs and fees to which GoPro is not entitled. Without even filing an answer in Contour, LLC's Utah action, GoPro and Camp Saver (which is not a party here) ran up their legal fees in that litigation; and GoPro now asks this Court to order those

1

fees be paid by the different plaintiff—CIPH and iON—here. This is particularly surprising, because GoPro was not originally named as a defendant in the Utah action, and the Utah court stayed *all* deadlines in the Utah action, by the joint request of the parties before an answer was ever filed. The stay, however, did not deter GoPro and Camp Saver, or their lawyers, from continuing to file papers or engaging in litigation activities. Indeed, even though the court had already stayed all deadlines, GoPro and Camp Saver filed a *second motion to stay* in November—*five months* after the case had already been stayed. Upon review of these facts, it is clear that GoPro and Camp Saver needlessly drove up their own litigation expenses without regard to the outcome.

It is also surprising that GoPro asks this Court to award it costs and attorney fees incurred by Camp Saver, which was a defendant in the Utah action but is not a defendant here. GoPro offers no basis on which it could be entitled to recover costs or attorney fees incurred by Camp Saver. As explained below, a plain reading of Rule 41(d) makes clear that GoPro is not entitled to such a recovery.

Even ignoring GoPro's wasteful litigation tactics, GoPro is not entitled to recover costs or attorney fees under Fed. R. Civ. P. 41(d). As an initial matter, Rule 41(d) does not apply here, because the parties are different. For example, the originally-named plaintiffs here, CIPH and iON, are different from the plaintiff in the prior action, Contour, LLC ("Contour"). As noted above, in connection with a merger between iON and Contour, Contour transferred its patent rights to CIPH, which in turn granted an exclusive license to iON. Thereafter, CIPH, as patent owner, and iON, as exclusive licensee, brought this action. And, as noted above, the originally-named defendant in the Utah action, Camp Saver, is not a defendant here. Rule 41(d), which

applies only "[i]f a *plaintiff who previously dismissed* an action . . . files an action . . . against the *same* defendant," thus does not apply.

Moreover, GoPro has failed to demonstrate that it has suffered any prejudice in the form of needless expenditures that warrant recovery. Although GoPro was a party to the Utah action for approximately eleven months, that litigation remained in the early stages—as explained above the prior action was stayed after GoPro had been a defendant for only five months. Indeed, GoPro never answered the Utah complaint. And even though the Utah court granted the parties' *joint motion* to stay the deadlines five months into the case, GoPro and Camp Saver continued to file papers—driving up their own costs and fees—for months after a stay had been granted. Imputing such costs and fees to Plaintiff here would be unfair and highly prejudicial.

Even if the Court determines that GoPro is entitled to some measure of costs pursuant to Rule 41(d)—and it should not—GoPro is not entitled to the amount it seeks. As GoPro concedes, Rule 41(d) "costs" do not include attorney fees, as this District has interpreted the Rule.

Likely aware that it is not entitled to prevail under Rule 41(d), GoPro also asks this Court to award attorney fees through its inherent powers. But the Court may impose attorney fees *only* when there has been a showing of bad-faith conduct. And GoPro has failed to make such a showing. As explained below, Plaintiff has consistently acted in good faith. Accordingly, the Court should reject GoPro's request to invoke the Court's inherent powers.

## III. STATEMENT OF FACTS

On November 25, 2014, Contour[1]—a Utah based limited liability company and the then-assignee of the '954 and '694 Patents—filed a suit ("the Utah action") in the United States District Court for the District of Utah against Camp Saver, LLC—also a Utah limited liability company—and Doe Defendants. D.I. 16, Ex. C at 2. GoPro—a Delaware corporation—was not originally named as a defendant in the Utah action. *See id.*

On January 5, 2015, Contour amended its Utah complaint to add GoPro as a defendant, alleging infringement by GoPro of the '954 and '694 Patents and violations of the Utah Unfair Competition Act. *See* D.I. 12 Ex. A. In response to threats from GoPro that it would file a motion to dismiss regarding Contour's allegations of induced infringement, on February 17, 2015, Contour moved to amend its First Amended complaint. As part of the amendment, Contour also removed the state law-based unfair competition claims. GoPro did not oppose Contour's motion. Tab A at 1. The Utah court granted the motion, and Contour filed its Supplemental and Second Amended Complaint on March 27, 2015. *See* D.I. 12 Ex. B.

On April 27, 2015, Camp Saver and GoPro filed a joint motion to dismiss Contour's claims for indirect and willful infringement. D.I. 12 Ex. C. Shortly after, on May 4, 2015, all parties in the Utah action jointly moved to stay "all pending dates, including those under the Local Patent Rules, until such time as the Court issues its ruling on Defendants' Joint Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement." D.I. 16, Ex. G at 2. In support of the motion, the parties informed the court that "the parties met and conferred and agreed that a brief stay of all pending deadlines . . . will conserve the parties' resources and, in

---

[1] GoPro's Motion incorrectly states that CIPH brought and dismissed the Utah action. *See* Mot. at 1. The Utah action was styled *Contour, LLC v. GoPro, Inc., et al.*, CA No. 2:14cv864 (D. Utah), and Contour, not CIPH, was the sole plaintiff in that action.

particular, avoid the burden and expense of complying with the Patent Local Rules regarding allegations that are currently the subject of Defendants' Joint Motion to Dismiss." *Id.* ¶7.  On June 16, 2015, the court granted the parties' joint motion to stay the proceedings pending a ruling on the motion to dismiss.  D.I. 16, Ex. I.  Although the deadlines were stayed, GoPro and Camp Saver continued to file motions, including on November 23, 2015, GoPro's Motion to Stay Pending Resolution of *Inter Partes* Review.  D.I. 12 Ex. D; Tab B.

While the Utah action was stayed, Contour entered into an agreement to merge with iON.  In connection with that agreement, Contour assigned all rights pertaining to the '954 and '694 Patents to CIPH—an entity in which Contour, LLC holds a majority stake (D.I. 4)—and CIPH granted an exclusive license to iON. [2]

Following assignment of patent rights from Contour to CIPH,[3] and following selection of new litigation counsel, on November 30, 2015, iON and CIPH filed their Original Complaint against GoPro in this Court, alleging infringement of the '954 and '694 Patents.  D.I. 1.  Later the same day, Contour dismissed without prejudice the Utah action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  The Utah court did not hear or rule on GoPro and Camp Saver's motion to dismiss the Utah action.  And neither GoPro nor Camp Saver ever filed an answer in the Utah action.

---

[2]   As explained in the Original Complaint, as of the date of filing CIPH was the owner and possessor of all rights pertaining to the '954 and '694 Patents, and iON was the exclusive licensee.  D.I. 1 ¶¶15, 16.  Since the filing of the Original Complaint in this action, iON's exclusive license has been terminated due to non-payment of royalties.  An Amended Complaint has thus been filed (D.I. 19), naming CIPH as the sole Plaintiff.

[3]   CIPH recorded the assignments on November 23, 2015.  Tab C at 1, 6.

## IV. ARGUMENT

For the reasons explained below, GoPro is not entitled to costs (and certainly not attorney fees) under Fed. R. Civ. P. 41(d), and has failed to show any bad faith to justify the Court awarding attorney fees pursuant to its inherent powers. Accordingly, GoPro's motion should be denied.[4]

### A. GoPro Is Not Entitled to Costs Under Fed. R. Civ. P. 41(d)

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). The Rule is designed to deter vexatious, duplicative litigation. *Phunware, Inc. v. Excelmind Group Ltd.*, 2015 WL 4606668, at *3 (D. Del. Jul. 30, 2015).

To the extent that Plaintiff bears any burden to demonstrate that the second action is not vexatious, even a "minimal" showing is sufficient. *Phunware*, 2015 WL 4606668, at *6. On the other hand, "[t]o recover costs, defendants must show they suffered prejudice in the form of needless expenditures." *Id.* (internal quotation marks omitted); *see also Garza v. Citigroup Inc.*, 311 F.R.D. 111, 115-16 (D. Del. 2015) (same). "This is especially true early in litigation." *Id.*

As GoPro acknowledges, in this District, "costs" do *not* include attorney fees. *Garza*, 311 F.R.D. at 117 ("The plain language of Rule 41(d), which does not refer to 'attorney fees,'

---

[4] A stay under Rule 41(d) is only ever appropriate if an award of costs is made. Fed. R. Civ. P. 41(d). And even then, "[a] court will be reluctant to stay an action brought in good faith." *Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D. 445, 448 (D. Del. 1978). Accordingly, because an award of costs is not appropriate here, and because Plaintiff's action was brought in good faith, no stay is appropriate.

implies that 'costs' do not include 'attorney fees.'"); D.I. 11 at 7.[5] The reason for exclusion of attorney fees as costs under Rule 41(d) is simple—the plain language of the rule does not support it. *See* Fed. R. Civ. P. 41(d); *Garza*, 311 F.R.D. at 117; *see also Rogers v. Walmart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

Here, GoPro cannot demonstrate that it is entitled to recover costs under Fed. R. Civ. P. 41(d). First, Rule 41(d) does not apply here because the parties to the present action are different than the parties to the Utah action. Second, GoPro is not entitled to recover costs incurred by another party—namely, Camp Saver. Third, Plaintiff brought this action in good faith. Fourth, GoPro has not suffered prejudice in the form of needless expenditures. Finally, even if the Court determines that GoPro is entitled to some costs, its recovery should be limited to at most its purported costs of $1,194.83 (to the extent such costs do not overlap with Camp Saver's and can be even shown to be recoverable "needless expenditures").

As an initial matter, Rule 41(d) applies only where the *same* plaintiff brings the same claim against the *same* defendant in a new action. Fed. R. Civ. P. 41(d). Here, the parties in this action—both plaintiff and defendant(s)—are *not the same* as the parties to the Utah action. As explained above, whereas the Original Complaint in this action was brought by CIPH and iON, the Utah action was brought by Contour—the then-assignee of the '954 and '694 Patents. When

---

[5] GoPro argues that a footnote in the unpublished decision *Huntley, L.L.C. v. Monterey Mushrooms Inc.*, 2009 WL 2992553, at *4 n.4 (D. Del. Sept. 18, 2009) established "precedent" in this Court for the award of attorney fees. D.I. 11 at 7. Not so. Judge Sleet found only that the defendant was "entitled to at least *some costs*," granting-in-part and denying-in-part defendant's motion. *Id.* at *4 (emphasis added). Judge Sleet then permitted the defendant to file "an itemized application for reasonable attorneys' fees and costs" and permitted plaintiff to file a response. *Id.* at *4 n.4. Judge Sleet's opinion does not, however, include any analysis or consideration of whether the defendant could ultimately recover attorney fees under Rule 41(d)—the issue explicitly decided as "an issue of first impression in this circuit" by Judge Robinson in *Garza*. 311 F.R.D. at 116.

Contour partnered with iON, Contour assigned all rights pertaining to the '954 and '694 Patents to CIPH, and CIPH granted an exclusive license to iON. Consequently, upon perfection of those assignments, which were recorded on November 23, 2015, Contour lacked standing to maintain the action against GoPro and Camp Saver, *see Gellman v. Telular Corp.*, 449 Fed. App'x 941, 942 (Fed. Cir. 2011) (non-precedential) (citing *Crown Die & Tool Co. v. Nye Tool & Machine Works*, 261 U.S. 24, 40-41 (1923)). Moreover, the present action names only GoPro (and not Camp Saver) as a defendant, whereas the original complaint in the Utah action named Camp Saver and unidentified Does as defendants, and was later amended to add GoPro. Rule 41(d)'s basic requirement that the parties to the two actions be the same is thus not met here.

Rule 41(d) also does not permit GoPro to recover on behalf of a third party. *See* Fed. R. Civ. P. 41(d) (requiring the second action be filed against the "same defendant"); *Cardozo v. Home Depot U.S.A., Inc.*, 2010 WL 2774137, at *5 (D. Kan. July 13, 2010) ("[T]he Court agrees with plaintiff that defendant is not entitled to an award of fees or costs that it did not actually incur or pay in the previous action. Rule 41(d) clearly intends as much by its reference to an action against the 'same defendant,' and [defendant] has not cited any authority that would allow a defendant to recover another party's costs under this rule."). Here, GoPro seeks to recover the costs related to third-party Camp Saver's defense of the prior action brought by Contour. Indeed, GoPro appears to assume that it is entitled to recover for fees incurred "representing Camp Saver," but as GoPro acknowledged, "Plaintiff[] chose not to sue [Camp Saver] here." D.I. 11 at 11. Rule 41(d) only applies where a plaintiff brings an action against the "same defendant." Because Camp Saver is not a defendant here and GoPro is not Camp Saver, Rule 41(d) does not apply here to Camp Saver and any costs it incurred to defend the Utah action. Accordingly, GoPro's request for costs or attorney fees incurred by Camp Saver or those

incurred in Camp Saver's defense, including those related to GoPro and Camp Saver's Joint Motion to Dismiss Plaintiff's Claims for Indirect and Willful Infringement (D.I. 12 Ex. C), Joint Motion to Stay Dates pending resolution of that motion (D.I. 16, Ex. G), the Motion to Stay claims against Camp Saver, and any fees incurred by local Utah counsel in connection with representing Camp Saver, must be rejected. *See* D.I. 13 ¶7.

With respect to GoPro itself, GoPro argues that it is entitled to costs because it "incur[red] significant costs and fees litigating now obsolete procedural issues in the prior action that have been wasted and/or that will have to be duplicated here." D.I. 11 at 11. Not so. GoPro seeks costs related to, for example, "preparing and filing GoPro's Motion to Stay Pending Resolution of *Inter Partes* Review"—a motion that GoPro has already re-filed here making the same arguments and relying on the same facts. Similarly, GoPro seeks recovery for costs and fees related to filing *pro hac vice* motions, motions for extensions of time, and analysis for a motion to transfer venue to the Northern District of California—a motion GoPro has not to date chosen to file. *See* D.I. 13 ¶7; D.I. 14. GoPro has failed to demonstrate why its work on these materials is wasted or will need to be duplicated here. A motion and analysis that are similar such that they can be used in a subsequent action are "low-cost endeavor[s]" that weigh against finding prejudice, particularly where such activity in the prior action is not useless for its defense of the current action. *See Phunware*, 2015 WL 4606668, at *6.

Particularly troubling is the fact that GoPro now seeks to recover costs and fees for actions it and Camp Saver chose to undertake voluntarily after the Utah action had been *stayed* at the parties' request. Although the parties had "agreed that a brief stay of *all pending deadlines . . . will conserve the parties' resources*," D.I. 16, Ex. G ¶7 (emphasis added), GoPro and Camp Saver continued to engage in litigation activities. These activities include, for

9

example, GoPro's Motion to Stay Pending Resolution of *Inter Partes* Review—filed *five months* into the stay—and Motion to Stay briefing by Camp Saver. *See* D.I. 13 ¶7. To the extent that these costs can be considered "needless expenditures," they are the result of GoPro and Camp Saver's own actions and not Contour or Plaintiff here.

GoPro has not demonstrated that any other costs were prejudicial or needless. While GoPro contends that it incurred expenses moving to dismiss a purportedly defective pleading in the Utah action, Contour would likely have been able to amend its complaint in view of the fact that GoPro had not answered. *See* Fed. R. Civ. P. 15(a)(2). And GoPro appears to no longer believe the same deficiencies exist in the Original Complaint. *See* D.I. 11 at 10 ("These changes were clearly designed to address the pleading deficiencies that were subject of GoPro's motion to dismiss in the Utah action"). Moreover, Contour amended its complaint to drop its state law-based claims without GoPro having to file a motion. And given that Contour no longer had standing, it was prudent of Contour to voluntarily dismiss the Utah action when it did. The filing of this action thus placed GoPro in no worse a position, and the timing ensured that GoPro did not have to attend a hearing in the Utah action to argue its motion.

The Court should avoid imposing costs or fees where a plaintiff has acted in good faith. *See Phoenix Canada Oil*, 78 F.R.D. at 448. As explained above, this action was brought not to gain a tactical advantage as GoPro contends, but because standing to pursue claims of infringement transferred with ownership to new parties—including the Plaintiff here. This action was brought by CIPH and iON, neither of which held an interest in the '954 and '694 Patents when the Utah action commenced, to recover from GoPro for its continued infringement of the '954 and '694 Patents. The selection of venue in this District was driven by convenience of the parties, including GoPro and iON, which are Delaware corporations. *See, e.g.*, *ADE Corp.*

10

*v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 572-73 (D. Del. 2001) ("[A]s the judges of this court have noted, one aspect of a company's decision to incorporate in Delaware is that under our jurisdictional and venue statutes it is agreeing to submit itself to the jurisdiction of the courts in this state for the purposes of resolving this type of commercial dispute. . . . [A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."). Meanwhile, CIPH and iON decided not to name Camp Saver as a defendant in this action, proceeding instead against GoPro alone— what Camp Saver sought in the Utah action. *See* D.I. 16, Ex. H. Absent Camp Saver, Delaware was clearly a more sensible forum in which to proceed than Utah. *See KLA-Tencor*, 138 F. Supp. 2d at 573 ("[O]ne of the issues a plaintiff faces before filing an action is jurisdiction, where can it sue and obtain jurisdiction over a defendant. More specifically, where can a plaintiff sue a defendant and obtain jurisdiction without a time consuming, expensive and relatively unproductive dispute over personal jurisdiction."). Moreover, Delaware is a more convenient and better-known forum to CIPH's new counsel. And, of course, the District of Delaware is well-known for its experience with patent disputes. Thus, the filing of this action here by Plaintiff was done in good faith, as was the dismissal by Contour of the Utah action, which could not have reasonably been maintained in good faith given the assignment of patent rights.

While GoPro argues that Plaintiff seeks to litigate in this District to obtain a "do-over" (D.I. 11 at 10), GoPro fails to identify any adverse ruling or indication of a potentially adverse ruling in the Utah action that would even suggest this to be the case. GoPro's argument is mere conjecture unsupported by the facts, and should not be entitled to any weight.

To the extent that the Court determines that GoPro is entitled to recover anything under Rule 41(d)—and it should not so determine—GoPro may recover no more than the $1,194.83 in expenses it claims. *See* D.I. 11 at 9. As this Court determined in *Garza*, the plain language of Rule 41(d) does *not* support the recovery of attorney fees. 311 F.R.D. at 116. Accordingly, attorney fees must be excluded. Here, GoPro states that "the total non-attorney's fees costs incurred and claimed herein is $1,194.83." Any award of costs to GoPro is thus limited to at most $1,194.83. But GoPro has not established any entitlement even to that sum. Specifically, GoPro contends that the $1,194.83 is composed of "PACER charges for accessing and printing federal docket documents and legal research charges" as well as "Utah counsel's charges . . . for legal research and downloading documents form the court docket." But GoPro has not presented any rule or case law that demonstrates that such charges constitute costs recoverable under Rule 41(d). To the contrary, such charges are unlikely to all be deemed "costs." *See* 28 U.S.C. § 1920; *see also* L.R. 54.1. And, as discussed more broadly above, GoPro has not made any showing that the costs it incurred, however tallied, were needless or prejudicial. *See* D.I. 11 at 10-11. GoPro has also failed to demonstrate that these costs are wholly GoPro's and not shared by Camp Saver. Accordingly, GoPro is not even entitled to $1,194.83.

### B. GoPro Is Not Entitled to Recover Attorney Fees under the Court's Inherent Powers

Recognizing that Rule 41(d) does not permit the award of attorney fees, GoPro asks this Court to award attorney fees through "its inherent powers." D.I. 11 at 12. Such an award may only be provided "for bad-faith conduct." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *see also Microsoft Corp. v. WebXchange Inc.*, 715 F. Supp.2d 598, 603 n.3 (D. Del. 2010) (this Court declining "to exercise its discretionary power to award attorney fees" in light of its finding that the plaintiff "has not acted in bad faith").

Here, as explained above, Plaintiff has not acted in bad faith and GoPro has not shown otherwise. Rather, as a consequence of a business partnership between Contour and iON, Contour transferred all rights and interest in the patents to CIPH with iON taking an exclusive license. Contour no longer had standing to pursue claims under the '954 and '694 Patents. Moreover, the decision to not pursue claims against Camp Saver at this time minimized the need to remain in Utah. Plaintiff thus filed this action in this Court, which is located where GoPro and iON are both incorporated, seeking to enjoin and recover damages related to GoPro's ongoing infringement. Plaintiff's filing of this action was thus not done, and has not been shown to have been done, in bad faith. Accordingly, the Court should not impose attorney fees through its inherent powers.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that GoPro's motion be denied.

Respectfully submitted,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
OF COUNSEL:  Andrew E. Russell (No. 5382)
Paul M. Schoenhard  SHAW KELLER LLP
Nicole M. Jantzi  300 Delaware Avenue
ROPES & GRAY LLP  Suite 1120
2099 Pennsylvania Avenue NW  Wilmington, DE 19801
Washington, DC 20006  (302) 298-0700
(202) 508-4600  jshaw@shawkeller.com
 arussell@shawkeller.com
Dated: February 19, 2016  *Attorneys for Plaintiff*

13