IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTOUR IP HOLDING, LLC and ION WORLDWIDE, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 15-1108 (LPS) (CJB) ) ) |
| GOPRO, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT GOPRO, INC.'S REPLY BRIEF IN SUPPORT
 OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304
(640) 847-4150

February 29, 2016

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | A Stay Will Result in Simplification of the Issues before the Court | 1 |
| | B. | CIPH Will Not be Subjected to Undue Prejudice As a Result of a Brief Stay | 4 |
| | C. | The Early Stage of These Proceedings Weighs In Favor of a Stay | 8 |
| | D. | GoPro's Motion to Stay in Lieu of an Answer Was Proper | 9 |
| III. | CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Belden Techs., Inc. v. Superior Essex Commc'ns LP*,
 C.A. No. 08-63-SLR, 2010 WL 3522327 (D. Del. Sept. 2, 2010)............................................6

*Bonutti Skeletal Innovations, LLC, v. Zimmer Holdings, Inc.*,
 C.A. No. 12-1107 (GMS), 2014 WL 1369721 (D. Del. Apr. 7, 2014)....................................2

*Boston Scientific Corp. v. Cordis Corp.*,
 777 F.Supp.2d 783 (D. Del. 2011)..........................................................................................5

*Cooper Notification, Inc. v. Twitter, Inc.*,
 No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010)................................................6

*Davol, Inc. v. Altrium Med. Corp.*,
 2013 WL 3013343 (D. Del. Jun. 17, 2013) .........................................................................4, 5

*Ever Win Int'l Corp. v. RadioShack Corp.*,
 C.A. No. 11-1104, 2012 WL 4801890 (D. Del. Oct. 9, 2012) ................................................6

*Everlight Electronics Co., Ltd. v. Nichia Corp.*,
 C.A. No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013) .................................9

*Gold v. Johns-Manville Sales Corp.*,
 723 F.2d 1068 (3d. Cir. 1983)..................................................................................................6

*Greatbatch Ltd. v. AVX Corp.*,
 C.A. No. 13-723-LPS, 2015 WL 8483986 (D. Del. Dec. 10, 2015)........................................3

*Intellectual Ventures I LLC v. Toshiba Corp.*,
 C.A. No. 13-453-SLR/SRF, 2015 WL 3773779 (D. Del. May 15, 2015).......................... 8-9

*Intravascular Research Ltd. v. Endosonics Corp.*,
 994 F. Supp. 564 (D. Del. 1998)..............................................................................................9

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) .................................................................................................................6

*Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*,
 C.A. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) .......................................2

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
 C.A. No. 12-662-GMS, 2013 WL 424754 (D. Del. Jan. 31, 2013) .....................................5, 6

*Nexans Inc. v. Belden Inc.*,
 C.A. No. 12-1491-SLR-SRF, 2014 WL 651913 (D. Del. Feb. 19, 2014).........................2, 5, 8

*Parker v. Transcon. & Western Air, Inc.*,
    4 F.R.D. 325 (W.D. Mo. 1944) ............................................................................... 10

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
    C.A. Nos. 12-1461, 13-355, 2015 WL 219019 (D. Del. Jan. 14, 2015) ............................ 2, 3

*Questech Capital Corp. v. Flight Dynamics, Inc.*,
    No. 83 CIV. 6986 (GLG), 1984 WL 327 (S.D.N.Y. May 7, 1984) ......................................... 9

*Smith v. Pay-Fone Sys., Inc.*,
    627 F. Supp. 121 (N.D. Ga. 1985) ................................................................... 9-10

*Walker Digital LLC v. Capcom Entm't Inc.*,
    C.A. No. 11-368-RGA (D. Del.) ............................................................................... 2

## **Rules and Statutes**

Fed. R. Civ. P. 41(d) ......................................................................................................... 4

I.  INTRODUCTION

Plaintiff Contour IP Holding, LLC's ("CIPH")[1] Opposition cannot withstand the great weight of authority and pertinent facts which lead to the inevitable conclusion that a stay of this case pending conclusion of the *Inter Partes* Review ("IPR") proceedings is warranted and appropriate.

The early stage of this case, the benefit the parties and this Court will achieve from a simplification of the issues following conclusion of the IPRs, and a lack of prejudice to CIPH all weigh in favor of granting this stay request. For example, CIPH is a non-practicing entity that cannot show it will be prejudiced by a brief stay of these proceedings while the Patent Trial & Appeal Board ("PTAB") determines whether Claims 1, 2, and 11–30 of the '954 Patent and claims 1–20 of the '694 Patent are invalid. Moreover, any delay in awaiting the PTAB's final written decision will be brief. The hearing for these IPRs is scheduled for June 22, 2016, and the PTAB's final written decision is expected by October 28, 2016.[2] Furthermore, any delay CIPH has had to endure in awaiting adjudication of its claims has been the result of its own litigation conduct. Finally, CIPH concedes there will be significant overlap between this litigation and the pending IPR proceedings. Therefore, the parties and this Court will benefit from the PTAB's analysis regarding claims and terms at issue in both forums.

II.  ARGUMENT

A.  A Stay Will Result in Simplification of the Issues before the Court

CIPH's Opposition begins by attempting to hold GoPro to a "complete overlap" standard that courts in this district have firmly rejected. For example, CIPH argues that "the facts here demonstrate that the parties' dispute will not be fully resolved by the IPRs, which address only

---

[1] Plaintiff iON Worldwide, Inc. did not oppose GoPro's motion.
[2] *See* Declaration of Patrick Salceda In Support of GoPro, Inc.'s Motion to Stay Pending Inter Partes Review ("Salceda Decl."), Ex. A.

1

the validity of a subset of assertable claims likely to be at issue here." D.I. 20, Opp. at 6. Yet "there is no requirement that the issues in the IPR be identical to those in the litigation." *Bonutti Skeletal Innovations, LLC, v. Zimmer Holdings, Inc.*, C.A. No. 12-1107 (GMS), 2014 WL 1369721, at *5 (D. Del. Apr. 7, 2014). As this Court has recognized, a stay could simplify issues in this litigation, even when certain claims are not under review by the PTAB. *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. Nos. 12-1461, 13-355 (LPS/CJB), 2015 WL 219019, at *3, 5-6 (D. Del. Jan. 14, 2015) ("All but six of the 23 patent claims are at issue in the IPR request, and all but three of the claims asserted in the Ubisoft Action are a part of that request. While it is difficult to predict the outcome of an IPR proceeding in advance, with such a high percentage of the patent's claims (and of the asserted claims in at least the Ubisoft Action) potentially at issue before the PTO, there will likely be notable simplification of issues if a stay is granted and the IPR commences."); *Mission Abstract Data L.L.C. v. Beasley Broad. Grp., Inc.*, C.A. No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011) (granting stay pending reexamination where five of the six claims asserted in the litigation were rejected in initial PTO office actions). Even CIPH's own authority, *Nexans Inc. v. Belden Inc.*, recognizes that "a complete overlap of the issues in the litigation and the IPR is not required to establish simplification." C.A. No. 12-1491-SLR-SRF, 2014 WL 651913, at *4 (D. Del. Feb. 19, 2014).

Moreover, in *Walker Digital LLC v. Capcom Entm't Inc.*, C.A. No. 11-368-RGA, the Court confronted the same issue as here, where an IPR was instituted on less than all the possible claims asserted in the litigation. In granting the motion to stay, the Court noted:

> If you've got seven claims and one of them is going forward and the other six are in big trouble, it doesn't make generally speaking a lot of sense for me to go forward on construing the seven claims and the terms that are in dispute when six of them are probably going nowhere. As part of the simplification is if all is left is claim 6, then let's concentrate on claim 6.

2

C.A. No. 11-368-RGA, D.I. 194 at 62:15-23 (8/5/2013 Tr.); *see also id.* D.I. 191 (Order granting stay).

CIPH's reliance on *Greatbatch Ltd. v. AVX Corporation* in support of its argument is misplaced. *See* Opp. at 6. In *Greatbatch*, this Court denied the request for stay in part because "the PTAB did not institute IPR with respect to claim 12 of the '627 Patent – *the sole claim of the '627 patent currently asserted in this case*[.]" *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS, 2015 WL 8483986, *1 (D. Del. Dec. 10, 2015) (emphasis added).[3] That is not the case here. Every claim of the '694 patent and 22 of the 30 claims of the '954 patent are under review. *See* D.I. 16, Exs. A-B.

CIPH also argues that because Claim 3 of the '954 patent and its dependent claims "contain terms identical or similar to terms found in claims instituted for review," that fact weighs *against* a stay. Opp. at 2, 8. This argument is nonsensical and would appear to invite the duplication of work that a stay is designed to avoid. Indeed, CIPH concedes that "given the similarity of claim 3 and the other claims in the patents, there is a high likelihood in overlap" between the PTAB proceedings and the instant litigation.

Finally, CIPH argues that the extent of overlap between the litigation and the IPR proceedings cannot be truly discerned "because GoPro has yet to answer a complaint in this proceeding and never answered the complaint in Utah – thus GoPro's defenses or counterclaims, if any, remain unknowns." Opp. at 6. This argument is a red herring. If the claims under review in the IPR proceedings are held invalid, it matters not that GoPro had further bases to challenge the validity of the patents. *See Princeton Digital*, 2015 WL 219019, at *7 ("[T]he relatively

---

[3] The Court also found that Greatbatch would be prejudiced by a stay because of the delay in filing the IPR and the stage of the case, where trial was a month away, "weighs heavily against a stay." *Greatbatch*, 2015 WL 8483986, *1.

3

early stage of this case has not allowed for great clarity as to whether such other defenses will be seriously pressed in this case. In the end, while the Court can assume that there will not be total overlap between the issues at play in the two proceedings, the amount of any divergence is not well set out and does not, at this point, seem large.").

B. **CIPH Will Not be Subjected to Undue Prejudice As a Result of a Brief Stay**

CIPH claims that "the relationship of the parties and the status of the inter partes review proceedings support a determination that Plaintiff will be severely prejudiced, if the Court grants a stay." Opp. at 10. CIPH's argument is flawed for several reasons.

First, CIPH is not a manufacturer, reseller, or distributor of cameras but instead a holding company. *See* D.I. 4. Although CIPH is 50.1% owned by Contour, LLC ("Contour"), Contour is not a party to this action. *Id*. In fact, in opposing GoPro's Motion for Costs (D.I. 10), CIPH went to great lengths to point out that Contour is not a party to this lawsuit. *See* D.I. 21 at 2 ("As an initial matter, Rule 41(d) does not apply here, because the parties are different. For example, the originally-named plaintiffs here, CIPH and iON, are different from the plaintiff in the prior action, Contour …"). CIPH's own authority makes clear "[a]n important factor in determining if a stay will prejudice the *plaintiff* is whether the *parties* are direct competitors." Opp. at 10 (citing *Davol, Inc. v. Altrium Med. Corp.*, 2013 WL 3013343, at *3 (D. Del. Jun. 17, 2013)) (emphasis added). CIPH is a holding company, not a competitor of GoPro. CIPH cannot pick and choose to align itself with Contour only when it is expedient. Because CIPH, the Plaintiff, cannot show it will be prejudiced, its arguments in opposition to GoPro's requested stay should be rejected.

Next, even if Contour were part of the calculus, CIPH has not shown that GoPro and Contour are direct competitors and compete to such a degree that a stay of these proceedings is unwarranted. As explained in GoPro's opening brief, Contour and GoPro are two of several

4

participants in the very crowded camera market. D.I. 15, at 10. Unlike Contour, GoPro is in the broader camera/camcorder market (and also makes mountable and wearable accessories for its capture devices). Moreover, even if the Court were to accept CIPH's claim that Contour and GoPro "compete in a particular subset of that larger market -- the action camera market," this particular market segment is itself awash with participants. By GoPro's rough count, there are at least 20 other companies that sell what CIPH calls "action cameras." *See* Salceda Decl., Ex. B. Thus, when there are a large number of active firms in the relevant market, as is the case here, the concern for undue prejudice to the non-movant is of less concern. *See Neste Oil Oyj v. Dynamic Fuels, LLC,* C.A. No. 12-662-GMS, 2013 WL 424754, *3 (D. Del. Jan. 31, 2013) ("[T]he fact that there are other competitors in the market undermines [the plaintiff's] assertion of undue prejudice because of loss of market value.") (internal citation omitted).

This case is unlike *Davol, Inc. v. Atrium Medical Corp.*, cited by CIPH, where the court found prejudice was likely because defendant could point to only one other competitor, aside from plaintiff, who participated in the relevant market. *Id.*, at *3; *see also Boston Scientific Corp. v. Cordis Corp.*, 777 F.Supp.2d 783, 789 (D. Del. 2011) (denying motion to stay noting the plaintiff and defendant were "the only stent manufacturers permitted by law to market drug-eluting stents for use in coronary arteries less than 2.50 mm in diameter.") In fact, CIPH's own authority, *Nexans Inc. v. Belden Inc.*, suggests that the relationship of "direct competitors" will be found only when there are two participants in the relevant market. 2014 WL 651913, at *3 ("In the present case, defendants have failed to show that the parties are the only two participants in the relevant market.").

CIPH also claims that the fact it has not sought a preliminary injunction is of no consequence. *See* Opp. at 11 ("GoPro argues that Plaintiff's failure to seek a preliminary

5

injunction somehow weighs against prejudice … Not so.") (internal citation omitted). CIPH is mistaken, as a litany of controlling authority holds this is a relevant fact to consider. *See Neste Oil*, 2013 WL 424754, at *3 ("Where the question of 'direct competition' remains unanswered, courts have sometimes considered whether the plaintiff sought a preliminary injunction."); *see also Ever Win Int'l Corp. v. RadioShack Corp.*, C.A. No. 11-1104 (GMS/CJB), 2012 WL 4801890, at *7 (D. Del. Oct. 9, 2012) ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends."); *Belden Techs., Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at *3 n. 4 (D. Del. Sept. 2, 2010). Thus, the clear weight of authority from within this district (as opposed to CIPH's non-binding authority) makes clear this is a relevant factor and should be weighed in favor of granting a stay.

CIPH also argues that "it is will settled that before a stay may be issued, the petitioner *must* demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." Opp. at 12 (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d. Cir. 1983)) (emphasis added).[4] Once again, CIPH holds GoPro to a standard it is not obligated to meet. For example, in *Cooper Notification, Inc. v. Twitter, Inc.*, another case cited by CIPH, this Court rejected a party's similar attempt to make a showing of hardship or inequity on the part of a movant a prerequisite for issuance of a stay. C.A. No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010). Even so, GoPro has shown the requisite hardship. If a stay does not issue, GoPro will be put to the burden of litigating claims that are likely to be held invalid in the IPR proceedings. Denial of a stay would

---

[4] Neither *Gold v. Johns-Manville Sales Corp.* nor *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), on which Plaintiff relies, was a patent case or addressed the issue of a stay pending *inter partes* review.

6

effectively reward Plaintiffs' forum-shopping, which appears to have been done to avoid the motions to dismiss and to stay the then-pending Utah Action.[5]

Further, CIPH claims that "[a]ny delay would prejudice Plaintiff's interest in obtaining a speedy resolution in its chosen forum," and notes this Court's preference that " … *in the main*, cases filed by a plaintiff should move forward." Opp., at 12, 14 (emphasis added). CIPH should not get the benefit of this Court's case management preference whereas here, it has unabashedly engaged in forum-shopping to avoid pending motions to dismiss and stay.

As noted in GoPro's opening brief, this litigation follows Contour's earlier dismissed against GoPro in Utah district court. In that action, after the case was voluntarily stayed pending adjudication of GoPro's motion to dismiss, Contour unceremoniously dismissed its complaint.[6] Later, after Contour "merged" with iON (D.I. 1, ¶14) or as it now contends "partnered" with iON (Opp. at 5), it caused this action to be refiled here in Delaware through its holding company, CIPH.[7]

Since that time, CIPH has filed an amended complaint removing iON as a party, only to withdraw that pleading and revert back to its original complaint. *See* D.I. 1, 19, 22. And though

---

[5] CIPH's argument that "GoPro chose to seek IPR review during litigation, and accepted the risk that it might have to engage in parallel proceedings" misconstrues the record. Opp. at 12. When CIPH filed this lawsuit in Delaware, the PTAB proceedings were already underway and a decision on institution had issued. *See* D.I. 16, Exs. A-B. Thus, it was CIPH, not GoPro, who initiated parallel proceedings.

[6] CIPH's Opposition disputes the relevancy of Contour's earlier agreement to stay the Utah Action pending resolution of Defendants' then-pending motion to dismiss. *See* Opp. at 11 ("The stay in the Utah Action related to a different issue than presented here—GoPro's motion to dismiss based on Contour, LLC's pleadings in that case. As to *that* issue the parties in the Utah Action 'agreed that a *brief* stay' was beneficial.") (emphasis in original). CIPH fails to note however, that Contour agreed to stay the proceedings on April 27, 2015 – a stay which would have lasted until January 12, 2016 (a more than 8 month period) had Contour not dismissed the Utah Action. *See* D.I. 16, Ex. F. This can hardly be considered a brief stay.

[7] Though CIPH claims Contour and iON are merely partners, their respective press releases explain the relationship as a merger between the two companies. *See* Salceda Decl., Exs. C-D.

the motives behind CIPH's bizarre litigation strategy cannot be known for certain, the reversion back to its original complaint was likely in recognition that Plaintiff earlier represented to the Court that the basis for suing GoPro in Delaware and abandoning the earlier lawsuit in Utah was the participation of iON in this litigation. *See* D.I. 1, ¶ 22 ("Plaintiffs have filed this action in order to realign the parties after the merger and to advance the dispute in a forum more convenient to iON than the Utah Action."). Moreover, CIPH sought and obtained GoPro's consent to waive service of process in exchange for providing GoPro a longer period of time in which to respond to the complaint. *See* D.I. 6. If CIPH desires an expeditious review of its claims as it now suggests, its litigation conduct suggests otherwise.

In sum, CIPH cannot complain of prejudice resulting from delay when its own litigation conduct, and that of Contour in the earlier Utah Action, has been the principal impediment to adjudication of these claims in a timely manner.

### C. The Early Stage of These Proceedings Weighs In Favor of a Stay

The great weight of authority from within this district holds that the early stage of a case is a factor that weighs in favor of a stay. *See* D.I. 15, Section D. Nonetheless, despite that authority, CIPH argues that a stay should *not* issue because the PTAB's decision regarding patentability of the asserted claims will come so early in the proceedings that the parties and this Court will not waste resources but can instead merely incorporate the PTAB findings into the case management and discovery issues as the case proceeds. *See* Opp. at 12-13. Not so. And the authority CIPH cites in support of this argument is distinguishable. In *Nexans*, the Court noted that the PTO decision was expected to be rendered in three months and therefore "[d]enying a stay until the PTO makes a final determination … would not significantly alter the course of discovery over the next three month period." *Nexans,* 2014 WL 651913, at *4; *see also Intellectual Ventures I LLC v. Toshiba Corp.*, C.A. No. 13-453-SLR/SRF, 2015 WL

8

3773779 (D. Del. May 15, 2015) (finding PTAB decision expected to issue within three months weighed against staying litigation).[8] Here, the deadline for the PTAB to issue its final written decision is more than twice as long (8 months) and should a stay not issue, the parties are likely to expend considerable time, money and effort litigating this case while awaiting the PTAB's decision. Indeed, as noted in GoPro's accompanying Motion for Costs (D.I. 10), GoPro has already been put to significant burden and expense litigating these claims in the Utah Action, only to have Contour, CIPH's predecessor-in-interest, dismiss that action in the hopes of starting anew in this District.

### D. GoPro's Motion to Stay in Lieu of an Answer Was Proper

CIPH concludes its Opposition by half-heartedly arguing that GoPro's decision to file the instant motion in lieu of an answer was improper and without authority. *See* Opp., at 14. Yet, "[h]istorically, motions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources." *See Intravascular Research Ltd. v. Endosonics Corp.*, 994 F. Supp. 564, 567 n.3 (D. Del. 1998) (citing cases); *see also Questech Capital Corp. v. Flight Dynamics, Inc.*, No. 83 CIV. 6986 (GLG), 1984 WL 327, at *4 (S.D.N.Y. May 7, 1984) ("It is clear, however, that Flight Dynamics' motion to stay all proceedings until final determination of the action pending between the parties in the Circuit Court for the State of Oregon, tolled its time to answer or otherwise move with respect to the complaint."); *Smith v.*

---

[8] CIPH also cites *Everlight Electronics Co., Ltd. v. Nichia Corp.*, C.A. No. 12-cv-11758, 2013 WL 1821512 (E.D. Mich. Apr. 30, 2013), authority from outside the Third Circuit. *See* Opp. at 13. Although the time for the PTAB to issue a decision was eight months (as it is here), the facts in *Everlight Electronics* are distinguishable. For instance, the defendant there sought a stay of the proceedings pending IPR with respect to one of the plaintiff's patents, but nonetheless insisted that its own asserted patents proceed to trial. *Id.* at *7. Moreover, the plaintiff and defendant in that action were direct competitors, unlike the situation here between CIPH and GoPro. As such, this non-binding authority should be given little weight.

9

*Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985) (motion to stay case pending arbitration filed in lieu of answer).

Thus, CIPH's argument that "GoPro has not identified any authority from the Court to justify its failure to answer" is incorrect and is itself attorney argument unadorned with any contrary authority. Therefore, CIPH's demand that "GoPro should be ordered to answer the complaint without the Court first deciding its motion[]" should be rejected. *See Parker v. Transcon. & Western Air, Inc.*, 4 F.R.D. 325, 326 (W.D. Mo. 1944) (wherein the court denied the plaintiff's motion for default judgment, expressly stating that it was only after decision on the defendant's motion to stay the proceedings that "it then became the duty of the defendant to file motions or other proceedings in the case.").

### III. CONCLUSION

For the reasons stated in its opening brief and herein, GoPro respectfully requests that the Court stay this action pending the conclusion of the IPR proceedings, including any related appeals.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304
(640) 847-4150

February 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 29, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Andrew E. Russell, Esquire<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Paul M. Schoenhard, Esquire<br>Nicole M. Jantzi, Esquire<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue NW<br>Washington, DC 20006-6807<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)