# SHAW KELLER LLP

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

June 27, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

  Re: *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB

Dear Chief Judge Stark:

  Pursuant to the Court's Oral Orders on June 9, 2016 (D.I. 55) and June 14, 2016 (D.I. 57), Plaintiff Contour IP Holding, LLC ("CIPH") requests the relief of the Court to compel production of core technical documents sufficient to show how the accused GoPro, Inc. ("GoPro") products work, because Defendant GoPro has refused to comply with the Court's Scheduling Order (D.I. 37). Specifically, by order of the Court in the Scheduling Order, GoPro was required to produce core technical documents sufficient to show how the accused products work. In disregard for the Court's Scheduling Order, GoPro, however, has yet to do so.

  CIPH asserts U.S. Patent Nos. 8,890,954 and 8,896,694 against GoPro. These patents relate to hands-free wearable digital video cameras that, among other things, are equipped with a wireless connection and allow remote image acquisition control and viewing from, *e.g.*, a mobile device. On April 28, 2016, the Court issued the Scheduling Order (D.I. 37) in this case. Pursuant to the Scheduling Order, on May 3, 2016, CIPH served its identification of the accused products—identifying certain GoPro cameras, GoPro mobile application software and GoPro camera mounts. *See* Encl. 1. The Scheduling Order then required by June 3, 2016, that GoPro "produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications." D.I. 37 at 3. On June 3, GoPro produced a total of fifteen documents, all of which are publicly-available user manuals for various of the accused camera and camera mount products.[1] (GoPro provided no documentation at all relating to certain accused camera mount products and the GoPro App for Mobile.) The user manuals provide only information that would enable a user to use the cameras and mounts. *See, e.g.*, Encl. 2. The user manuals do not, however, specify the cameras' internal operations, internal components, image processing capabilities, or mobile application interface functionality.

  On June 6, CIPH notified GoPro that its production was not in compliance with the Court's Scheduling Order and requested that GoPro cure this failure and produce non-publicly available operation manuals, product literature, schematics, and specifications. Encl. 3 at 3-4.

---

[1] Enclosed with this letter as Encl. 2 is an exemplary user manual for the GoPro HERO3 Black Edition.

On June 7, GoPro demanded that CIPH "identify what information [it] believe[d] [it] need[ed] that [was] missing," at which point GoPro might "better evaluate [CIPH's] request." *Id.* at 3. Later that day, CIPH again reminded GoPro that the Scheduling Order requires production of documents sufficient to show how the accused products work, and reiterated its request that GoPro cure its failure to produce such documents. *Id.* at 2. On June 9, GoPro maintained its position that CIPH must provide "more information" so that GoPro could "address this issue reasonably." *Id.* at 1. The parties met and conferred to discuss this issue on June 13 but could not resolve it.

The Court's Scheduling Order is clear: GoPro must "produce core technical documents related to the accused product(s), ***sufficient to show how the accused product(s) work(s)***, including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications." D.I. 37 at 3; *see also Yodlee, Inc. v. Plaid Technologies Inc.*, Oral Order, No. 1:14-cv-01445-LPS-CJB (D. Del. Jul. 23, 2015) (Stark, C.J.).[2] GoPro, however, produced only fifteen user manuals for certain accused products. While the user manuals inform a user how to ***use*** the cameras, they do not provide sufficient detail to determine ***how the cameras work***. *See generally* Encl. 2. For example, the user manuals contain no detail regarding the hardware and software specifications of the products, no internal schematics, and no explanation of the underlying technology or process flows implemented within the cameras. Moreover, the user manuals do not show how the cameras communicate with the GoPro mobile applications used on smartphones. GoPro has not contended that such materials do not exist or that the user manuals are the only documentation GoPro has regarding the cameras. Rather, GoPro contends only that those publicly-available user manuals are somehow sufficient to satisfy its obligation under the Court's Scheduling Order. They are not.

CIPH is unable to specify what documents would show how the accused products work, because CIPH is unaware of what documents exist. Indeed, GoPro is in the best position to know what documents it has and what documents are sufficient to show how the cameras work. It is thus GoPro's responsibility to identify those documents that would satisfy its obligation under the Scheduling Order.

GoPro's failure to produce core technical documents showing how its cameras work is contrary to its obligations under the Scheduling Order and hinders CIPH's ability to develop its case, including its ability to tailor its discovery requests and to prepare its initial infringement claim charts, which the Scheduling Order requires CIPH to serve by July 5, 2016. Accordingly, CIPH respectfully requests that the Court compel GoPro to comply with the Scheduling Order and to immediately "produce core technical documents related to the accused product(s),

---

[2] The Scheduling Order is similar to the Court's Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI") paragraph 4.b, which the Court has found places an obligation on defendants to "produce ***all*** core technical documents for ***all*** products that are accused by the plaintiff in 4(a)." *Greatbatch Ltd. v. AVX Corp.*, No. 13-723-LPS, 2016 WL 1627810, at *1-2 (Apr. 18, 2016).

sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications." D.I. 37 at 3.

                Respectfully submitted,

                */s/ Andrew E. Russell*

                Andrew E. Russell (No. 5382)

Enclosures
cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via email)