# SHAW KELLER LLP

Karen E. Keller
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0702 - Direct
kkeller@shawkeller.com

June 29, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB

Dear Chief Judge Stark:

      Plaintiff Contour IP Holding, LLC ("CIPH") respectfully submits the following response to GoPro's submission (D.I. 62) regarding entry of a protective order in this matter. Specifically, the question for the Court is whether and to what extent a source code reviewer should be permitted to take notes during source code review in the Source Code Room. GoPro has taken the position that a reviewer should not be permitted to take notes "containing any portion of source code files." (D.I. 62, Ex. A at 13.) CIPH believes GoPro's position is unduly restrictive and would introduce inefficiencies as well as unwarranted costs and burdens, and CIPH therefore asks that its reviewer(s) be permitted to take notes that include portions of source code not exceeding two contiguous lines of code.

      To understand the organization, structure and function of source code—even if attention is focused only on a limited set of functionalities—a reviewer typically needs to trace through thousands of lines of code. In doing so, the reviewer often must track across multiple files dozens of functions and variables and the values (or other functions or variables) associated with them at any given point in the process flow. Doing so—and certainly doing so efficiently—without the benefit of note-taking is, absent a photographic memory, nearly impossible. But that is precisely the restriction GoPro seeks to impose.

      For example, a line of source code that assigns a value to a variable is, unquestionably a "portion" of a source code file. And indeed, the names of functions and variables are, even without more, "portion(s) of source code files." But certainly a source code reviewer needs to be able to jot down what value is assigned to which variable where in the source code in order to understand how and where that value is used and/or modified elsewhere in the code and to determine what portions of the source code must be printed for the case.

      The parties agree that "[t]he Receiving Party . . . shall not request paper copies *for the purpose of reviewing source code*." D.I. 62, Ex. A at 15-16 (emphasis added). The parties thus appear to agree that substantive source code review should be undertaken in the Source Code Room, not later based on printed source code. But without some form of notes, a party later receiving printouts of the same source code will have little idea of what is significant about those printouts and have to again sift through those many lines of code to prepare excerpts as

contemplated under the Protective Order for purposes of, *e.g.*, "pleading[s], exhibit[s], expert report[s], discovery document[s], or other Court document[s]." *Id.* at 15. Such a result is inefficient and unduly restrictive with little benefit gained to any party. GoPro's blanket restriction should thus be rejected.

Nonetheless, CIPH does not suggest that unlimited copying of source code into notes is necessary or beneficial. Rather, CIPH proposed a limitation on notes that would prohibit the copying of portions of source code in excess of two contiguous lines of code. Without explaining what, if any, danger GoPro believed CIPH's proposal presented, GoPro rejected the compromise. Now, however, GoPro appears to concede that some amount of note taking is necessary. Specifically, GoPro states that it "is willing to allow CIPH's expert to review and take notes to summarize the functionalities implemented by the source code files based on the names of functions and comments embedded in the functions without copying the source code from the source code files." (D.I. 62 at 2.) But GoPro does not explain how to reconcile "tak[ing] notes to summarize the functionalities implemented by the source code files ***based on*** the names of functions and comments embedded in the functions" with its proposed prohibition on copying "any portion(s)" of source code. (*Id.* (emphasis added).) Again, reasonable note-taking is necessary.

GoPro also suggests that note-taking would enable a party to circumvent the protections of the proposed Protective Order. Not so. Access to the source code is limited by the provisions of the protective order. *Id.* at 14-15. And the parties agree that after a source code review, a party may request printed copies of the source code. *Id.* at 15-16. The parties also agree that once a party has printed copies of source code that party is permitted to make "up to five (5) copies of the printed source code." *Id.* at 16-17. And the proposed Protective Order has no limitation on the taking of notes based on printed source code.

Finally, GoPro identifies two protective orders where the parties agreed to some restrictions regarding notes. (*See* D.I. 62, Exs. C, D.) But the question here is not what other parties have agreed to in the past—or how they have understood their agreements. Here, a limited restriction on note-taking may further the protections of the Protective Order, but an absolute prohibition against the inclusion of "any portion" of source code into a reviewer's notes is simply unwarranted.

For these reasons, CIPH respectfully requests that the Protective Order entered in this case permit note-taking of limited portions of source code, as needed to facilitate effective source code review and analysis.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (via hand delivery)
      All Counsel of Record (via email)