# SHAW KELLER LLP

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

November 3, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Contour IP Holding, LLC v. GoPro, Inc.*, C.A. No. 15-1108-LPS-CJB

Dear Judge Burke,

Plaintiff Contour IP Holding, LLC ("CIPH") respectfully requests that the Court lift the stay previously ordered on July 14, 2016 (D.I. 70), because the United States Patent Trial and Appeal Board ("PTAB") has issued its final written decisions in the *inter partes* reviews of the patents-in-suit.

The Court previously ordered that this case be stayed "from the date of th[e] Memorandum Order *until a decision is issued* by the PTAB in both IPR proceedings." D.I. 70 at 9-10 (emphasis added). As Defendant GoPro, Inc. ("GoPro") acknowledges in its October 31, 2016 Letter (D.I. 78), the PTAB on October 26, 2016 issued its final written decisions that ***no instituted claim*** of the patents-in-suit has been shown to be unpatentable. Accordingly, by the terms of the Court's Order, CIPH respectfully requests that the stay be lifted and a scheduling order entered in this proceeding.

GoPro suggests that "the stay of this litigation should remain in effect until the IPR proceedings have become final." D.I. 78 at 1. But that is contrary to the Court's Order, which explained that "a stay in favor of the PTAB's decisions will be short." D.I. 70 at 8.

GoPro's suggestion that it "intends to move for reconsideration and to appeal those decisions to the Court of Appeals for the Federal Circuit, if necessary" fails to counsel against lifting the stay. Rather, given the low likelihood of reversal on appeal and the fact that issues have already been simplified (*e.g.*, because GoPro is now estopped (*see* 35 U.S.C. § 315(e)(2))), a stay will only prejudice CIPH. *See, e.g.*, *Zoll Med. Corp. v. Respironics, Inc.*, No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. Jul. 8, 2015) (Stark, C.J.) (granting plaintiff's motion to lift stay following IPR, noting that "continuing the stay would unduly prejudice [Plaintiff] and unfairly advantage [Defendant], in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided" and explaining that "[t]he pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds"); *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. 12-1063-LPS-CJB, 2015 WL 8674901, at *7 (D. Del. Dec. 11, 2015) (Burke, M.J.) (denying motion to stay pending appeal before the Federal Circuit); *see also ACQUIS, LLC v. EMC Corp.*, No. 14-

The Honorable Christopher J. Burke
Page 2

cv-13560, 2016 WL 4250245 (D. Mass. Aug. 8, 2016) (denying defendant's request to maintain stay while the Federal Circuit decides appeal of claims found not unpatentable in IPR, noting that the issues in litigation had been simplified, the Federal Circuit is statistically unlikely to reverse the PTAB, and that further delay is likely to prejudice the non-practicing entity plaintiff); *Network-1 Sec. Sol., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-cv-492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) (granting plaintiff's motion to lift stay after patentability of claims confirmed in *ex parte* reexamination and two *inter partes* review proceedings, noting that further delay would prejudice plaintiff and explaining that the mere possibility that the claims could be invalidated on appeal "is too speculative to be given much weight").

While GoPro incorrectly contends that "[t]he PTAB's decisions were not based on the merits of GoPro's invalidity arguments" (D.I. 78 at 1),[1] CIPH acknowledges that the PTAB did not substantively address the teachings of the asserted references as applied to the claims. If anything, however, this fact further militates in favor of **lifting** the stay, because even in the highly unlikely chance GoPro prevails on appeal, the Federal Circuit would have to remand to the PTAB to address GoPro's substantive invalidity positions in the first instance. And even then there is no indication that GoPro might prevail.

Accordingly, CIPH believes that the time is appropriate for the Court to proceed as contemplated in its Order by lifting the stay and entering a revised scheduling order.

Counsel for CIPH is available to discuss these issues and to propose a schedule, if the Court desires.

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)


Cc: Clerk of the Court (via hand delivery)
All Counsel of Record (via CM/ECF and e-mail)

---

[1] The PTAB expressly determined that GoPro had not established a reference that it relied upon for all grounds to be a prior art printed publication under 35 U.S.C. § 102(b) (*see* IPR2015-01078, Paper 54 at 30; IPR2015-01080, Paper 55 at 29).