IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTOUR IP HOLDING, LLC, AND ION WORLDWIDE, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 15-1108-LPS-CJB ) |
| GOPRO, INC. | ) ) |
| Defendant. | ) ) |

**<u>PROPOSED SCHEDULING ORDER</u>**

This \_\_\_\_ day of \_\_\_\_\_, 2016, the stay no longer being in effect, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before: **February 6, 2017**.

2. <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking

redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

3.     Courtesy Copies. Other than with respect to "discovery matters," which are governed by paragraph 8(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

4.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

5.     Disclosures. Absent agreement among the parties, and approval of the Court:

a.     By **Plaintiff's Proposal: December 23, 2016/Defendant's Proposal: March 10, 2017[1]**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

b.     By **Plaintiff's Proposal: June 16, 2017/Defendant's Proposal: September 15, 2017**, Plaintiffs shall provide final infringement contentions.  **Plaintiff's Proposal: [Plaintiff opposes Defendant's proposed addition[2]]/Defendant's Proposal: Plaintiff's final infringement contentions shall contain no more than 10 asserted claims.**

---

[1]     **As GoPro has previously informed the Court and Plaintiff, GoPro will move to transfer this case to the Northern District of California.  The parties have conferred on this motion, and plaintiff has not yet told GoPro whether it will oppose a transfer.  GoPro's proposed dates will allow the Court time to resolve that motion before this case proceeds.**

[2]     **In light of the Court's Order on November 7, 2016, Plaintiff understands that the Court is not seeking proposals for substantive alterations to its prior scheduling order at this time, apart from the adjustment of dates to account for the stay. In the event that the**

c. By **Plaintiff's Proposal: July 17, 2017/Defendant's Proposal: November 15, 2017**, Defendant shall provide final invalidity contentions.

d. **Plaintiff's Proposal: [Plaintiff opposes Defendant's proposed addition]/Defendant's Proposal: Plaintiff may further supplement its infringement contentions within 14 days from the date the Court issues its order on claim construction on a showing of good cause, but may not add additional asserted claims or accused products. Defendant may further supplement its invalidity contentions within 28 days from the date the Court issues its order on claim construction in response to any supplementation by Plaintiff, or on a showing of good cause.**

6. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed. The case should not be bifurcated.

   a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before: **Plaintiff's Proposal: August 17, 2017/Defendant's Proposal: November 9, 2017**. All expert discovery in this case shall be completed on or before **Plaintiff's Proposal: November 28, 2017/Defendant's Proposal: April 20, 2018**.

   b. <u>Document Production</u>. Document production shall be substantially complete by **Plaintiff's Proposal: April 7, 2017/Defendant's Proposal: July 14, 2017**.

   c. <u>Requests for Admission</u>. A maximum of **40** requests for admission are permitted for each side.

   d. <u>Interrogatories</u>.

      i. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

---

**Court entertains Defendant's other proposed alterations, Plaintiff respectfully requests an opportunity to brief or otherwise submit argument in opposition to those proposals.**

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e. Depositions.

    i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination. Limits do not include experts or third parties.

    ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Disclosure of Expert Testimony.

    i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **Plaintiff's Proposal:**

**September 15, 2017/Defendant's Proposal: January 29, 2018**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **Plaintiff's Proposal: October 13, 2017/Defendant's Proposal: February 26, 2018**. Reply expert reports from the party with the initial burden of proof are due on or before **Plaintiff's Proposal: October 27, 2017/Defendant's Proposal: March 21, 2018**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii. <u>Expert Report Supplementation</u>.

The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions). The parties also agree that, after service of expert reports, no expert declaration to be filed in connection with motions briefing (including case-dispositive motions) shall contain any expert declaration/statement/opinion not disclosed previously by that respective expert in his/her expert report timely served pursuant to paragraph 8(g)(i) of this Scheduling Order or as may be permitted by the Federal Rules of Civil Procedure or pursuant to Court order.

iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts - including verbal communication among Delaware and Lead Counsel for all parties to the dispute- that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above- referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-

confer (in person and/or by telephone)
on the following date(s):

_____

Delaware Counsel: _____
Lead Counsel: _____
The disputes requiring judicial
attention are listed below:

[provide here a non-argumentative list
of disputes requiring judicial attention]

      iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

      iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

      v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

7.   <u>Motions to Amend</u>.

    a.   Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not

to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

8.      <u>Motions to Strike</u>.

        a.      Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

9.      <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial

should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

10. <u>Claim Construction Issue Identification</u>. On **Plaintiff's Proposal: February 17, 2017/Defendant's Proposal: May 31, 2017**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **Plaintiff's Proposal: March 14, 2017/Defendant's Proposal: June 28, 2017**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **Plaintiff's Proposal: April 21, 2017/Defendant's Proposal: August 4, 2017**. The parties' answering/responsive briefs shall be contemporaneously submitted on **Plaintiff's Proposal: May 26, 2017/Defendant's Proposal: September 6, 2017**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of

the Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

12. <u>Hearing on Claim Construction</u>. Beginning at \_\_\_\_ \_.m. on **Plaintiff's Proposal: July \_\_\_, 2017/Defendant's Proposal: October \_\_\_, 2017**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

13. <u>Interim Status Report</u>. On **Plaintiff's Proposal: February 28/Defendant's Proposal: June 7, 2017**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

14. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than **Plaintiff's Proposal: August 25, 2017/Defendant's Proposal: the dates for their respective final contentions set forth in Paragraph 5,** the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

15. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **Plaintiff's**

**Proposal: December 15, 2017/Defendant's Proposal: May 16, 2018**. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

      a.    <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. **Plaintiff's Proposal: [Plaintiff opposes Defendant's proposed addition]/Defendant's Proposal: The parties may request leave to file early case dispositive motions.**

      b.    <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*.[3]

      c.    <u>Hearing</u>. The Court will hear argument on all pending case dispositive and Daubert motions on **Plaintiff's Proposal: March \_\_\_, 2018/Defendant's Proposal: July \_\_\_, 2018** beginning at _____. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

---

[3] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50+50+25 regarding one side's motions, and 50+50+25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

16. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. <u>Pretrial Conference</u>. On **Plaintiff's Proposal: June___, 2018/Defendant's Proposal: September ___, 2018**, the Court will hold a pretrial conference in Court with counsel beginning at _____.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order – Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **Plaintiff's Proposal: May ___, 2018/Defendant's Proposal: [7 days prior to the Pretrial Conference].** Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

    a. <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b. their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

c. their position as to whether the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

d. their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

18. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

20. <u>Trial</u>. This matter is scheduled for a 5-7 day jury trial beginning at 9:00 a.m. on **Plaintiff's Proposal: July \_\_\_, 2018/Defendant's Proposal: October \_\_\_, 2018**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

21. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

22. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
UNITED STATES DISTRICT JUDGE