IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONTOUR IP HOLDING, LLC and ION WORLDWIDE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | C.A. No. 15-1108 (LPS) (CJB) |
| v. | ) ) | |
| GOPRO, INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT GOPRO, INC.'S OPENING BRIEF IN SUPPORT OF
MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF
CALIFORNIA, OR IN THE ALTERNATIVE, TO THE DISTRICT OF UTAH**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
(640) 847-4150

November 22, 2016

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF PROCEEDINGS.................................................................1

II.   SUMMARY OF ARGUMENT.................................................................................1

III.   STATEMENT OF FACTS.....................................................................................2

    A.   The Utah and Delaware Actions..................................................................2

    B.   No Parties, Witnesses or Evidence Are Located In Delaware. ...............................4

IV.   ARGUMENT .................................................................................................4

    A.   Legal Standards Governing this Motion..........................................................4

    B.   This District is not Convenient for Contour .....................................................5

    C.   The Northern District of California is an Appropriate Venue................................6

    D.   The *Jumara* Factors Favor Transfer .............................................................6

        1.   Private Interest Factors .....................................................................6

        2.   Public Interest Factors .....................................................................11

    E.   Alternatively, Transfer to Utah Would Also be More Convenient .......................12

V.   CONCLUSION .............................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Genetic Techs. Ltd. v. Natera, Inc.*,
  C.A. No. 12–1737–LPS, 2014 WL 1466471 (D. Del. Apr. 15, 2014) ....................................7

*Good Tech. Corp. v. MobileIron, Inc.*,
  C.A. No. 14–1308–LPS–CJB, 2015 WL 1458091 (D. Del. Mar. 27, 2015)....................6, 8, 9

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ..........................................................................................10

*In re Hoffmann–La Roche*,
  587 F.3d 1333 (Fed. Cir. 2009) ..........................................................................................12

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011) ...............................................................................7, 10, 12

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ..........................................................................................11

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ..............................................................................................11

*Intellectual Ventures I LLC v. Altera Corp.*,
  842 F.Supp.2d 744 (D. Del. 2012) ........................................................................................8

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ......................................................................................5, 6, 9, 11

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) ......................................................................................6

*Mitel Networks Corp. v. Facebook, Inc.*,
  943 F. Supp. 2d 463 (D. Del. 2013) ......................................................................................8

*Nalco Co. v. AP Tech Grp. Inc.*,
  C.A. No. 13–1063–LPS, 2014 WL 3909114 (D. Del. Aug. 8, 2014) ................................7, 8

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
  126 F. Supp. 3d 430 (D. Del. 2015) ....................................................................................11

*Pragmatus AV, LLC v. Yahoo! Inc.*,
  C.A. No. 11-902-LPS-CJB, 2012 WL 4889438 (D. Del. Oct. 15, 2012)................................7

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) ....................................................................................................5

**<u>Rules and Statutes</u>**

28 U.S.C. § 1400(b)......................................................................................................6

28 U.S.C. § 1404(a)......................................................................................................5

Fed. R. Civ. P. 45(c)(1) .............................................................................................10

## I.      NATURE AND STAGE OF PROCEEDINGS

Contour LLC and Contour IP Holdings, LLC ("Contour") previously filed this patent infringement case in Utah and abruptly dismissed it after nearly a year there to file the same lawsuit against GoPro, Inc. ("GoPro") in Delaware.  At the time, Contour alleged Delaware was more convenient for co-plaintiff, iON Worldwide, Inc. ("iON"), which has since been dismissed for lack of standing.  Without iON, Contour cannot dispute that nearly all witnesses and evidence relevant to this case are located in or relatively near the Northern District of California, where Defendant GoPro has its principal place of business.  Transfer to the Northern District of California – which is more convenient for both parties and nearly all witnesses – is warranted here.  In the alternative, the District of Utah, where this lawsuit originated and where Plaintiff recently sued its former co-plaintiff, is still more convenient than Delaware.  Now that the brief stay in this matter has been lifted, the time is now to transfer this lawsuit to a forum that has some connection to the dispute, before the case progresses any further.

## II.     SUMMARY OF ARGUMENT

Contour cannot deny that Delaware is an inconvenient forum for all involved.  Contour has no reason to litigate this case in Delaware.  It is a Utah company with no offices, personnel or records here.  Indeed, no witnesses, records or information are located in this District.  By its own admission, the *only* reason Contour filed in this District was to shop for a more convenient forum for a co-plaintiff that is no longer in this case.

GoPro's principal place of business operations is in San Mateo, California, in the Northern District of California.  Nearly all of the witnesses and evidence likely to be relevant to the litigation are in California or in closer proximity to that forum than to Delaware.  All of GoPro's party witnesses, two of the inventors and one of the attorneys who prosecuted the patents at issue are in California, and two other inventors are in Washington state.  Contour is in

1

Utah, which is closer to the Northern District than Delaware.  This case raises questions of federal patent law, which the Northern District of California is as well-suited to apply as this District.  It would be far more convenient and less costly to litigate in the Northern District of California.

The only connection this case has to Delaware is that GoPro is incorporated there. However, Federal Circuit and Supreme Court case law provide that incorporation in Delaware alone is not a basis for denying transfer.  As explained below, the private and public factors all weigh in favor of transfer to the Northern District of California.

In the alternative, the relevant factors would also favor transfer to the District of Utah, albeit that forum would be less convenient than California.  Whether this case is transferred to the Northern District of California or Utah, it is abundantly clear that this case should not be litigated in Delaware, as it is not convenient for either the parties or third party witnesses.

## III.    STATEMENT OF FACTS

### A.    The Utah and Delaware Actions.

This case has a convoluted procedural history due to Contour's clear forum shopping.

On January 5, 2015, Contour, sued GoPro in District Court in Utah, alleging infringement of U.S. Patent Nos. 8,890,954 (the "'954 Patent") and 8,896,694 (the "'694 Patent").  *See* D.I. 1, ¶ 19.[1]  Contour had commenced the action six weeks earlier against a small Utah retailer of GoPro products named Camp Saver, LLC, in a transparent effort to bolster venue in Utah.  *See id.*, at ¶ 18.

Contour eventually filed a Supplemental and Second Amended Complaint ("SSAC") against GoPro, alleging infringement of the same two patents.  *See* D.I. 1, ¶ 20.  GoPro moved to

---

[1] Unless otherwise specified, D.I. cites are to the docket in this action.

dismiss the claims for indirect and willful infringement.  *See id.*  That motion was scheduled to be heard January 12, 2016.  *See* Utah Action, D.I. 38.[2]

On October 28, 2015, the Patent Trial and Appeal Board ("PTAB") granted GoPro's petitions to institute *Inter Partes* Review of all 20 claims in the '694 Patent and 21 of the 30 claims of the '954 Patent (claims 1-2 and 11-30).  *See* D.I. 1 ¶ 21.

On November 30, 2015, Contour abruptly dismissed the Utah Action (s*ee* Utah Action, D.I. 57), and on the same day, Contour and iON filed this action against GoPro, asserting the same two patents.  *See* D.I. 1, ¶ 22; Request for Judicial Notice ISO Mot. to Transfer ("RJN"), Ex. A.  Plaintiffs did not sue Camp Saver here, perhaps because maintaining venue in Utah was no longer deemed necessary.  In suing GoPro in Delaware, Plaintiffs admitted forum shopping, stating that it filed this action in Delaware to advance the dispute in a forum more convenient to iON than the Utah Action."  D.I. 1, ¶ 22.

Shortly after commencing this lawsuit, a dispute between the Plaintiffs over the license to the patents-in-suit led Contour to sue iON for breach of contract and declaratory relief in Utah. RJN, Ex. B.

On September 6, 2016, after resolving their Utah litigation, Plaintiffs moved to dismiss iON as a plaintiff in this case on the grounds that it lacked standing.  *See* D.I. 73.  On September 16, 2016, this Court issued a Report and Recommendation granting the motion to dismiss iON. *See* D.I. 77.  Thus, the stated rationale for filing suit in Delaware (iON's "convenience") no longer exists.[3]

---

[2] *Contour, LLC v. GoPro, Inc.*, *et al.*, Utah District Court Case No. 2:14-cv-864 is referred to herein as the "Utah Action."

[3] This action was previously stayed, as of July 14, 2016, pending resolution of the IPR proceedings concerning the patents-in-suit (*see* D.I. 70).  On November 7, 2016, this Court lifted the stay following the issuance of Final Decisions by the PTAB.

### B.      No Parties, Witnesses or Evidence Are Located In Delaware.

The relevant parties, witnesses, and evidence are not located in Delaware.  GoPro has no

offices or facilities located in Delaware.  *See* Declaration of Alisa Leung ("GoPro Decl."), ¶ 3.

GoPro's accused products are primarily designed and developed in San Mateo, California, where

its headquarters, including its R&D, sales and finance operations are located.  *See id.* ¶¶ 2, 4.

Any potentially relevant documents and things in GoPro's possession that relate to the structure,

function and operation of aspects of GoPro's digital cameras, are located at GoPro's San Mateo

offices, along with any related financial and sales documents. *See id.*, ¶ 2.

Contour's Initial Disclosures do not identify any witnesses or records located in

Delaware, but identify several individuals or entities located in or near California.  *See*

Declaration of Karineh Khachatourian ("KK Decl."), Ex. H [Initial Discl.].  For example,

Ambarella, Inc. ("Ambarella"), a third party named in Contour's initial disclosures, states that

records and witnesses pertaining to it are likely located at its headquarters in Santa Clara,

California, within the Northern District of California.  *See* Declaration of Chan Lee ("Ambarella

Decl."), ¶ 2; KK Decl., Ex. H.

None of the inventors, prosecution counsel, or Contour's witnesses are located in

Delaware.  Instead, the inventors are located in California and Washington state, substantially

closer to the Northern District of California than to this forum.  *See* D.I. 1, Exs. 1 and 2 (listing

inventors); KK Decl.,  ¶¶ 9, 13, Exs. G, K.  Similarly, Contour's principals are in Utah, where it

is based. *See id.*, Ex. H.  Nor are any of Contour's documents or operations in Delaware.

## IV.   <u>ARGUMENT</u>

### A.     Legal Standards Governing this Motion

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought or

to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under controlling Third Circuit precedent, "[t]he burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Courts consider a variety of public and private interest factors in deciding whether to grant a motion to transfer venue. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private interests include, but are not limited to: (1) the plaintiff's initial choice of forum; (2) the defendant's preference; (3) whether the claims arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial position; (5) the convenience of the witnesses; and (6) the location of records and other documents. *See id.*

The public interest factors include, but are not limited to: (1) the ability of the Court to enforce the judgment; (2) the practical considerations that could make the trial easy, expeditious, or less expensive; (3) the administrative difficulties posed by the relative congestion of the two dockets in the respective fora; (4) any local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the trial judge's familiarity with state law in diversity cases. *See id.*

### B.    This District is not Convenient for Contour

At the outset, Delaware is not convenient even for Contour, the party opposing transfer. As noted, Contour's decision to file this case here can no longer be justified by pointing to a co-plaintiff that is no longer a party. What is clear from Contour's actions is that this District was never more convenient than the Northern District of California or its home district of Utah would have been. This case originated in Utah and, when Contour sued iON over their license dispute, it chose to do so in Utah, not here. The reason is simple – no witnesses, operations, records or information are located here, the facts giving rise to the action did not occur here, Delaware has

little to no local interest in the litigation, and both the Northern District of California and Utah have a much greater interest in resolving this matter than Delaware.  In short, at this stage of the litigation, Delaware is not convenient for either of the litigants.

### C.      The Northern District of California is an Appropriate Venue

For transfer to be appropriate, GoPro must first show that "the action properly could have been brought in the transferee district in the first instance."  *Mallinckrodt Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 356 (D. Del. 2009) (internal quotation marks and citation omitted).  Here, this requirement is easily met because Contour could have filed in the Northern District of California where GoPro has its principal place of business.  *See* 28 U.S.C. § 1400(b).

### D.      The *Jumara* Factors Favor Transfer

#### 1.      <u>Private Interest Factors</u>

##### a.      *Plaintiff's choice of forum should not be given weight*

As this Court has explained, "[w]hen analyzing the first *Jumara* private interest factor – the 'plaintiff's forum preference as manifested in the original choice' – the court should not consider simply the fact of that choice, but the reasons behind the choice."  *Good Tech. Corp. v. MobileIron, Inc.,* C.A. No. 14–1308–LPS–CJB, 2015 WL 1458091, *3 (D. Del. Mar. 27, 2015) (citations omitted).

This District was not Plaintiff's "original choice."  Plaintiff chose to file this action here only after it ultimately dismissed the same action against GoPro in Utah.  *See* D.I. 1, ¶¶ 18-22. Plaintiff's sole reason to eventually file here was allegedly for the convenience of iON, a party that has since been dismissed.  *See* D.I. 1, ¶ 22 ("Plaintiffs have filed this action in order to realign parties after the merger and to advance the dispute in a forum more convenient to iON than the Utah Action").  The only remaining plaintiff, Contour, is a Utah company with its principal place of business in Utah, and thus this District is not its home turf.  *See* D.I. 1, ¶ 1; *see*

*In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference."); *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *5 (D. Del. Oct. 15, 2012) ("*Pragmatus I*"), *report and recommendation adopted,* 2013 WL 174499 (D. Del. Jan. 16, 2013) ("[O]ur Court has explained that the 'home turf rule' is merely a short-hand way of saying that, under the balancing test inherent in any transfer analysis, the weaker the connection between the forum and *either* the plaintiff *or* the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer").  Thus, this factor weighs in favor of transfer.

> ### b.      GoPro's choice of the Northern District of California is legitimate

GoPro's choice of forum in the Northern District of California, where its headquarters and most of its employees are located, is "rational" and "legitimate," under the standard applied in assessing the moving party's forum choice.  *See Pragmatus I*, 2012 WL 4889438, at *6; *Nalco Co. v. AP Tech Grp. Inc.,* C.A. No. 13–1063–LPS, 2014 WL 3909114, at *1 (D. Del. Aug. 8, 2014) (defendant's principal place of business located in proposed transferee forum favored transfer); *Genetic Techs. Ltd. v. Natera, Inc.,* C.A. No. 12–1737–LPS, 2014 WL 1466471, at *1 (D. Del. Apr. 15, 2014) (same).

Given GoPro's principal place of business in San Mateo, nearly all relevant documents are in the Northern District of California.  *See* GoPro Decl., ¶¶ 2, 4.  Third party witnesses such as the inventors are located in California or Washington state.  *See* KK Decl., ¶ 9, Ex. G.  Even Contour is located in Utah, significantly closer to California than to Delaware.  *See id.*, Ex. H; D.I. 1, ¶ 1.  All of GoPro's party witnesses and many others are located in or closer to the

Northern District of California than to this District.  *See* GoPro Decl., ¶ 6; KK Decl., Exs. K, G.

Thus, this factor weighs in favor of transfer.

### c.      *Plaintiff's claims did not arise here*

Patent infringement claims arise "wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority," and it is settled that "this Court typically focuses on the location of the production, design and manufacture of the accused instrumentalities."  *Good Tech. Corp.,* 2015 WL 1458091, at *4 (citations omitted); *see also Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 470 (D. Del. 2013) ("infringement claims arise where the allegedly infringing products are designed and manufactured.") (internal quotations and citations omitted).

Here, it is undisputed that all of GoPro's accused products were designed and developed in the Northern District of California, and that GoPro's witnesses are there.  *See* GoPro Decl., ¶¶ 4, 6.  Potentially relevant components of the accused products made by third party Ambarella, and associated witnesses, are also located in the Northern District.  *See* Ambarella Decl., ¶ 2. The named inventors on the patents-in-suit are spread across different areas, but two are in California and two are in Washington state, while none are located here.  *See* KK Decl., ¶ 9, Ex. G.  Thus, critical acts giving rise to Plaintiff's infringement claims are more strongly tied to the Northern District of California than Delaware.  Consequently, this factor favors transfer.  *See Nalco Co.,* 2014 WL 3909114, at *2 (defendant "conduct[ed] all of its research and development, marketing, and sales out of" proposed transferee forum such that plaintiff's claims arose "from products developed, marketed, and sold out of" that forum); *Intellectual Ventures I LLC v. Altera Corp.,* 842 F.Supp.2d 744, 755 (D. Del. 2012) (favoring transfer where some research and development of allegedly infringing products had occurred in proposed transferee district and none in Delaware, although the allegedly infringing products were sold nationwide).

### d.      The Northern District of California is more convenient for both sides

To evaluate the convenience of the parties, the court considers the "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Good Tech. Corp.*, 2015 WL 1458091, at *5 (internal citations omitted.)

Here, GoPro's principal place of business and the vast majority of its employees and records are located in the Northern District of California. *See* GoPro Decl., ¶¶ 2, 4.  As such, the operational costs associated with employee travel to Delaware, including employee disruption would be minimized if the action is litigated in the Northern District of California.

Contour is located in Utah, which is significantly closer to the Northern District of California than it is to Delaware.  D.I. 1, ¶ 1.  Contour does not have any employees in this District (it has identified none in its initial disclosures).  The time to travel to the Northern District from Utah is substantially less than the time to travel to Delaware.  *See* KK Decl., ¶¶ 15, 22-24, Exs. M, T-V.  Accordingly, this factor favors transfer.

### e.      Witness convenience is aided by transfer

The "convenience of the witnesses" is considered, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora [.]" *Jumara*, 55 F.3d at 879.

Here, none of the named inventors are subject to subpoena power in this District, though two are located in California and two are nearby.  For example, Laura O'Donnell, who is not employed by Contour, is in California, as is one of the attorneys who prosecuted the patents.  *See* KK Decl., Exs. G, I.  In addition, third party Ambarella is in the Northern District of California and has stated that attending trial here would be much more disruptive and expensive than in its

home venue.  *See* Amabarella Decl., ¶ 7.  Although the Northern District of California could compel its attendance, this Court would not be able to do so.  *See* Fed. R. Civ. P. 45(c)(1).  *See In re Genentech, Inc.,* 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer[.]").  Accordingly, this factor weighs in favor of transfer.  Moreover, other important witnesses, including other named inventors such as Richard Mander and Carm Pierce are in Washington state, which is closer to the Northern District of California than Delaware.  *See* KK Decl, Ex. G.  Travel to the Northern District of California from Utah and/or Washington state is substantially shorter from those locations than it is to this District.  *See id.*, Exs. M-P, T, V.

### f.    Relevant records are located in the Northern District of California

With respect to the location of records, "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.,* 566 F.3d at 1345 (internal quotation marks and citation omitted).

Here, as noted, GoPro's relevant records concerning the accused products are located in San Mateo, California, at its headquarters, where the products are designed and developed.  *See* GoPro Decl., ¶¶ 2, 4.  Thus, any potentially relevant documents and things in GoPro's possession that relate to the structure, function and operation of aspects of GoPro's digital cameras, are located at GoPro's San Mateo offices, along with any related financial and sales documents.  *See id.*  Although technology may have reduced the weight of this factor, it remains a relevant consideration and favors transfer.  *See In re Link_A_Media*, 662 F.3d at 1224.

2. **<u>Public Interest Factors</u>**

    a. ***Practical considerations that could make the trial easy, expeditious or inexpensive***

Trial in the Northern District of California should be easier as at least all of GoPro's party witnesses and some third party witnesses will be local and will not have to travel, while all party witnesses would have to travel to attend trial in Delaware.  "'Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'"  *In re TS Tech USA Corp.,* 551 F.3d 1315, 1320 (Fed. Cir. 2008) (quoting *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004)).  In addition, GoPro will not have to incur the additional cost of retaining local counsel in the event of transfer, which weighs in favor of transfer.  *See Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.,* 126 F. Supp. 3d 430, 444 (D. Del. 2015).  Thus, this factor favors transfer.

    b. ***Administrative difficulties in getting the case to trial***

The "relative administrative difficulty in the two fora resulting from court congestion" (*Jumara,* 55 F.3d at 879), is comparable here.  Delaware and the Northern District of California have similar levels of court congestion.  Specifically, the median time to trial for patent cases in the District of Delaware is 26.2 months (798 days).  *See* KK Decl., Exs. Q, R.  Similarly, the median time to trial in the Northern District of California is 29.1 months (887 days).  *See id*.  Thus, this factor is neutral.

    c. ***Local interests in deciding local controversies at home***

In patent cases, "[w]hile the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue ... if there are significant connections between a

particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffmann–La Roche,* 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citations omitted).

Here, although GoPro is incorporated here, this is not a local controversy as the matter arose elsewhere and Contour has no local interest in litigating here. *See In re Link_A_Media,* 662 F.3d at 1224 (state of incorporation "should not be dispositive of the public interest analysis."). The Northern District of California has at least as significant an interest in litigating this case because GoPro's principal place of business is there. *See McRo, Inc.,* 2013 WL 6571618, at *12.

### d. Public policy of the fora

As noted, although Delaware policy favors resolving disputes involving its corporate citizens, this factor is not dispositive, and is counterbalanced by the Northern District of California's interest in litigating a case involving a resident. *See McRo, Inc.,* 2013 WL 6571618, at *12. Both Districts are familiar with patent law. *See id.,* at *13. Thus, this factor is neutral or favors transfer.

### E. Alternatively, Transfer to Utah Would Also be More Convenient

If the Court is not inclined to transfer this case to the Northern District of California, a strong case can be made that transfer to the Utah District would be more convenient than litigating this action in Delaware. The private and public interest factors here also favor transfer to Utah.

First, Contour's affiliate filed suit against GoPro in Utah and litigated the action concerning the same patents at issue here for nearly a year before the case was abruptly dismissed to allow Contour to file this case in Delaware. *See* RJN, Ex. A. Contour is based in Utah, its principals are there and it cannot assert that Utah would not be a more convenient venue

than Delaware, where it has no witnesses, records or any ties whatsoever.  *See id.*, Ex. C. Indeed, when Contour sued iON regarding their license agreement while this case was pending in Delaware, it chose to do so in Utah.  *See id.*, Ex. B.  Therefore, Utah, where Contour is based, would be a second more convenient forum, albeit less convenient than the Northern District of California.

Second, nearly all witnesses are in closer proximity to Utah than they are to Delaware. *See* KK Decl., Ex. K.  Distance and travel time for these witnesses will be minimized if this action is transferred to Utah.  *See id.*, Exs. S-V [Travel times/flights to District of Utah].  Further, Contour's principals are located in Utah, and its records as well.  *See id.*, Ex. H [Initial Discl.]. Again, however, the majority of witnesses are located closer to the Northern District of California.

Third, there may be administrative efficiencies from transferring to Utah, where the prior action against GoPro was previously litigated.  Further, court congestion in Utah is far less than in this District, allowing the case to be litigated more quickly.  *See* KK Decl., Ex. W.

Fourth, to the extent there is a local interest in deciding this dispute, the District of Utah should have a significant interest in this matter as Contour is based in that district, albeit the same interest the Northern District of California would have as GoPro is based there.

Finally, as noted above, there are no witnesses, records or information located in Delaware.  Contour is a Utah company that has sued in Utah and cannot assert that transfer there would not be more convenient or that it would harm its interests in any way.  Accordingly, if the Court is not inclined to transfer this case to the Northern District of California, there is ample justification for transfer to the District of Utah.

## V.    <u>CONCLUSION</u>

This case was filed here after an initial round of litigation elsewhere for the supposed convenience of a plaintiff who has been dismissed.   Neither remaining party has witnesses, records nor any relevant information located in this District, while the Northern District of California is home to, or much closer to, the witnesses and information relevant to this lawsuit. The public and private interest factors all make clear that transfer to the Northern District of California would be more convenient and appropriate for this case.   In the alternative, the relevant factors would also favor transfer to the District of Utah, where Plaintiff is based and has sued in the past, albeit less convenient than California.

For the foregoing reasons, GoPro respectfully requests that the Court grant this Motion to Transfer Venue to the Northern District of California, or in the Alternative, to the District of Utah.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304

November 22, 2016

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 22, 2016, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire | *VIA ELECTRONIC MAIL* |
| Karen E. Keller, Esquire | |
| Andrew E. Russell, Esquire | |
| Nathan R. Hoeschen, Esquire | |
| SHAW KELLER LLP | |
| 300 Delaware Avenue, Suite 1120 | |
| Wilmington, DE  19801 | |
| *Attorneys for Plaintiffs* | |

| | |
|---|---|
| Paul M. Schoenhard, Esquire | *VIA ELECTRONIC MAIL* |
| Nicole M. Jantzi, Esquire | |
| Ian B. Brooks, Esquire | |
| ROPES & GRAY LLP | |
| 2099 Pennsylvania Avenue NW | |
| Washington, DC  20006-6807 | |
| *Attorneys for Plaintiffs* | |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)

15