

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704- Direct
arussell@shawkeller.com

November 23, 2016

**BY CM/ECF AND HAND DELIVERY**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:   <u>Contour IP Holding, LLC v. GoPro, Inc.</u>, C.A. No. 15-1108-LPS-CJB

Dear Judge Burke:

    Plaintiff Contour IP Holding, LLC ("CIPH") opposes Defendant GoPro, Inc.'s ("GoPro") request to expedite briefing on GoPro's Motion to Transfer Venue, (D.I. 89). GoPro's request would severely prejudice CIPH's ability to properly respond to GoPro's motion, particularly over the Thanksgiving holiday weekend, which is one of the busiest holiday weekends of the year. Although GoPro has had nearly a year to craft its arguments and prepare its motion, it now asks the Court to force CIPH to prepare its response in just three business days. Such a result would be grossly unfair to CIPH.

    GoPro's desire for urgency is especially unjustified in light of the fact that it has been aware of this issue for nearly a year, but has waited to file its motion. CIPH filed the complaint in this case on November 30, 2015. From that time GoPro has often raised the prospect of a motion to transfer, but chose to take no action. (*See, e.g.*, D.I. 49 (April 19, 2016 Hr. Tr.) at 25:8-10 ("there may also be a motion to transfer"); July 7, 2016 Teleconference, Chambers of Judge Christopher J. Burke at 16:7-9 ("We will attempt to move to transfer and we would rather not do any of this pending the order from the IPR.")).[1] The PTAB issued its final written decision on October 26, 2016, and the stay had been lifted as of that date (*see* D.I. 70 at 9-10). Now, after waiting a month since the stay has been lifted, GoPro seeks immediate resolution of its motion. But GoPro has not identified any justification to warrant expedited briefing. If its request were granted, CIPH would have little opportunity to investigate, prepare, and draft a responsive brief for this Court's consideration.[2]

---

[1] On Monday, November 21, GoPro suggested for the first time that it would seek an expedited briefing schedule.

[2] CIPH also notes that, although dismissal has been recommended (D.I. 77 at 1), no order of dismissal has yet been entered with respect to Plaintiff iON Worldwide, Inc. ("iON"), and iON remains on the docket in this action. Given that GoPro's arguments hinge on iON's dismissal, an accelerated briefing schedule would make it less likely that iON's status as a party is fully resolved before the Court addresses the motion to stay.

SHAW KELLER LLP

The Honorable Christopher J. Burke
Page 2

      CIPH also opposes GoPro's request to delay the scheduling process until its motion is addressed. (D.I. 82).  GoPro's belief "that resolution of this motion before a schedule is set and before the case progresses any further would be in the best interests of the parties and the Court," (*id.* at 1), is contrary to Chief Judge Stark's Revised Procedures for Managing Patent Cases.  As set forth in those procedures, "[g]enerally, [the Court] will not defer the CMC and scheduling process solely due to the pendency of any [motions to dismiss, transfer, or stay]." Revised Procedures for Managing Patent Cases at 6.  Accordingly, CIPH requests that the Court enter a schedule without additional delay due to GoPro's filing of its motion.

                Respectfully submitted,

                */s/ Andrew E. Russell*

                Andrew E. Russell (No. 5382)

cc:    All Counsel of record (by e-mail)
       Clerk of Court (by CM/ECF & hand delivery)