IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CONTOUR IP HOLDING, LLC and )
ION WORLDWIDE, INC., )
)
Plaintiffs, )
)   C.A. No. 15-1108 (LPS) (CJB)
v. )
)
GOPRO, INC., )
)
Defendant. )

## DEFENDANT GOPRO, INC.'S OPENING BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR COSTS AND TO STAY ACTION PURSUANT TO FED. R. CIV. P. 41(d)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
Daniel T. McCloskey
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
(640) 847-4150

December 1, 2016

# TABLE OF CONTENTS

**Page**

I.    NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.   SUMMARY OF ARGUMENT ................................................................................... 3

III.  STATEMENT OF FACTS ........................................................................................ 6

IV.   ARGUMENT ....................................................................................................... 10

    A.  Legal Standards Governing this Motion ......................................................... 10

    B.  The Court Should Order Plaintiff to Pay GoPro's Costs (including Attorneys'
        Fees) of the Previously Dismissed Utah Action and Stay this Action Until
        Plaintiff Complies ......................................................................................... 14

    C.  Alternatively, the Court Can Award Attorneys' Fees Per its Inherent Powers .............. 17

V.    CONCLUSION ..................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams v. New York State Educ. Dep't,*
   630 F. Supp. 2d 333 (S.D.N.Y. 2009) ..................................................................... 12

*Behrle v. Olshansky,*
   139 F.R.D. 370 (W.D. Ark. 1991) ..................................................................... 12, 13

*Cadle Co. v. Beury,*
   242 F.R.D. 695 (S.D. Ga. 2007) .............................................................................. 13

*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991) ................................................................................... 17, 18, 19

*Chien v. Hathaway,*
   17 F.3d 393, 1994 WL 48319 (9th Cir. 1994) ....................................................... 11

*Copeland v. Hussmann Corp.,*
   462 F. Supp. 2d 1012 (E.D. Mo. 2006) ................................................................. 12

*Eager v. Kain,*
   158 F. Supp. 222 (E.D. Tenn. 1957) ..................................................................... 13

*Esquivel v. Arau,*
   913 F. Supp. 1382 (C.D. Cal. 1996) .......................................................... 11, 12, 13

*Evans v. Safeway Stores, Inc.,*
   623 F.2d 121 (8th Cir. 1980) .................................................................................. 12

*Garza v. Citigroup,*
   C.A. No. 15-537 (SLR), 2015 WL 7185431 (D. Del. Nov. 13, 2015) .................... 12

*Garza v. Citigroup,*
   C.A. No. 15-537 (SLR), 2016 U.S. Dist. LEXIS 102 (D. Del. Jan. 4, 2016) .......... 12

*Garza v. CitiGroup,*
   C.A. No. 15-537-SLR, 2016 WL 3566956 (D. Del. June 29, 2016) ...................... 12

*Huntley, L.L.C. v. Monterey Mushrooms Inc.,*
   C.A. No. 08-377 (GMS), 2009 WL 2992553 (D. Del. 2009) ..................... 10, 11, 12

*Intravascular Research Ltd. v. Endosonics Corp.,*
   994 F. Supp. 564 (D. Del. 1998) ............................................................................... 1

*Loubier v. Modern Acoustics, Inc.,*
   178 F.R.D. 17 (D. Conn. 1998) .............................................................................. 13

*Oteng v. Golden Star Res., Ltd.*,
   615 F. Supp. 2d 1228 (D. Colo. 2009) ................................................................. 13

*Questech Capital Corp. v. Flight Dynamics, Inc.*,
   No. 83 CIV. 6986 (GLG), 1984 WL 327 (S.D.N.Y. May 7, 1984) ......................................... 1

*Raniolo v. Southport, LLC*,
   2015 U.S. Dist. LEXIS 116047 (E.D. Mo. Sept. 1, 2015) .................................................... 12

*Ross v. Infinity Ins. Co.*,
   No. CIV.A. 12-5050, 2013 WL 2495114 (E.D. Pa. June 10, 2013), *appeal dismissed*, No. 13-3179 (3d. Cir. Mar. 21, 2014) ............................................................... 13

*Smith v.Pay-Fone Sys., Inc.*,
   627 F. Supp. 121 (N.D. Ga. 1985) ......................................................................... 1

*Whitehead v. Miller Brewing Co.*,
   126 F.R.D. 581 (M.D. Ga. 1989) .......................................................................... 13

## **Rules and Statutes**

D. Del. LR 7.1.1 ...................................................................................... 10

Fed. R. Civ. P 41 ............................................................................... *passim*

## I.   <u>NATURE AND STAGE OF PROCEEDINGS</u>

GoPro, Inc. ('GoPro") brings this renewed motion for costs and stay for having to litigate a now dismissed action in Utah before Plaintiff Contour IP Holding, LLC ("CIPH") filed the identical suit here because it continues its blatant forum shopping.  CIPH deliberately added iON Worldwide Inc. ("iON") as a Plaintiff to use as an excuse to file here when the more likely reason it dismissed the Utah case was to evade the stay that was then in place, and file in a jurisdiction it believed less likely to extend the stay through Federal Circuit Appeal of any final decision of the PTAB concerning GoPro's IPR.  And now that iON is no longer a party to the suit, CIPH still continues to litigate here, even though it is convenient for no one.

This Court previously denied the motion without prejudice to renewing it after a stay pending IPR proceedings was lifted.  At the time of the denial, this Court did not know that Contour had sued iON in Utah alleging breach of contract and other causes of action related to iON's status as a party in this case.  This Court recently lifted the stay, and the dismissal of iON for lack of standing has further underlined the improper forum shopping that led CIPH to file this case here.  Accordingly, GoPro now renews its motion to recover its costs incurred in the previously dismissed action, and for a stay pending CIPH's compliance.[1]

---

[1]      This Motion, which seeks a stay, tolls the period for GoPro to file an answer to the complaint.  *See Intravascular Research Ltd. v. Endosonics Corp.,* 994 F. Supp. 564, 567 n.3 (D. Del. 1998) (citing cases and stating that "[h]istorically, motions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources."); *see also Questech Capital Corp. v. Flight Dynamics, Inc.,* No. 83 CIV. 6986 (GLG), 1984 WL 327, at *4 (S.D.N.Y. May 7, 1984) ("It is clear, however, that Flight Dynamics' motion to stay all proceedings until final determination of the action pending between the parties in the Circuit Court for the State of Oregon, tolled its time to answer or otherwise move with respect to the complaint."); *Smith v.Pay-Fone Sys., Inc.,* 627 F. Supp. 121, 122 (N.D. Ga. 1985) (motion to stay case pending arbitration filed in lieu of answer).

On November 30, 2015, Contour, LLC ("Contour") dismissed an action for patent infringement it had filed against GoPro in the District of Utah (the "Utah action")[2] that had been pending for over a year.  Contour dismissed its suit while motions to dismiss and stay were pending, after having dragged GoPro and a local retailer – sued only to bolster venue in Utah – through costly and now obsolete litigation over its dismissed pleadings.

On the same day as Contour's dismissal, Plaintiff CIPH and iON, which are owned and controlled by Contour,[3] filed this substantially identical action against GoPro here in Delaware, based on the alleged convenience of iON, a party that has since been dismissed for lack of standing.  *See* D.I. 1, 77.

On February 1, 2016, GoPro filed a Motion for Costs and to Stay (D.I. 10-12) to recover $131,299.83 in costs incurred in the Utah action and to stay this action pending compliance, pursuant to Fed. R. Civ. P 41(d) and/or under this Court's inherent authority.  GoPro also sought, pursuant to this Court's inherent authority, recovery of its attorneys' fees in the amount of $40,000 incurred in bringing its motion for costs and for having to repeat its motion to stay in the current action pending resolution of *Inter Partes* Review proceedings before the Patent Trial and Appeal Board ("PTAB") concerning both patents-in-suit.

GoPro concurrently filed a Motion to Stay this action pending resolution of the IPR proceedings (*see* D.I. 14-16), which this Court granted on July 14, 2016.  *See* D.I. 70.

On July 20, 2016, the Court issued an oral order that "in light of the Court's grant of Defendant's motion to stay in favor of resolution of inter partes review proceedings, (D.I. 70),

---

[2]  *Contour v. GoPro, Inc. and Camp Saver LLC*, Civil No. 2:14-cv-00864 PMW (D. Utah).
[3]  Plaintiff alleges in the Complaint that Contour merged with iON Worldwide, Inc. in 2015.  *See* D.I. 1, ¶ 14.  Since the filing of the Complaint, CIPH sued iON in Utah in connection with a dispute over a license agreement concerning the patents-in-suit, the resolution of which ultimately led CIPH and iON to move for iON's dismissal for lack of standing.  *See* D.I. 73.

that Defendant's motion to stay and for costs (D.I. 10) is DENIED, without prejudice to renew when the stay is lifted."

On October 28, 2016, the PTAB issued its final written decisions in the IPR proceedings, in which it erroneously excluded invalidating prior art from consideration, and thus did not find the claims at issue unpatentable. GoPro has since filed a request for rehearing of these decisions and intends to pursue an appeal.

On November 7, 2016, this Court via oral order lifted the stay that had been in place pending resolution of the IPR proceedings.[4]

With the stay of this action lifted, GoPro now seeks to renew its earlier Motion for Costs and to Stay, as supplemented and updated herein.  The abrupt dismissal of the Utah Action and CIPH's subsequent filing of the present action for purposes of forum shopping warrants an award of costs (including attorneys' fees) to deter its improper litigation tactics, which continue, and to compensate GoPro for the costs it has had to bear as a result.

## II.     SUMMARY OF ARGUMENT

1.     Federal Rule of Civil Procedure 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied the proceedings in the action until the plaintiff has complied with the order."  Rule 41(d) is designed to provide a deterrent to forum shopping and vexatious litigation.  To serve that deterrent effect, many courts, including in this District, have awarded attorneys' fees as part of costs.

---

[4]     On November 22, 2016, GoPro filed a motion to transfer this action to the Northern District of California, or alternatively, to the District of Utah.  *See* D.I. 83-88.

2.      Rule 41(d) applies here because GoPro has had to twice defend the same action as a result of the dismissal of the Utah action and CIPH's filing of this case.  CIPH readily admits to forum shopping, asserting in the Complaint here that it was now seeking a "more convenient" forum than the Utah forum that Contour, its owner, had previously chosen for its claims.  This is not surprising given that Contour had sued a local Utah retailer of GoPro's products for the apparent purpose of securing venue in that forum.  CIPH's decision to re-file its claims against GoPro (but, tellingly, not the retailer) in this District based on the same patents, renders many of the costs GoPro incurred litigating procedural issues in the first action fruitless and wasted.  These tactics also allowed Plaintiff to avoid the pending stay and dismissal motion in the Utah action.

3.      Further underscoring the forum shopping that drove this suit, on February 19, 2016, without disclosing it to GoPro or the Court, CIPH sued iON in Utah for breach of their license agreement concerning the patents-in-suit.  CIPH dismissed the action on June 13, 2016, and subsequently moved to dismiss iON for lack of standing in this case.  iON's dismissal removed CIPH's only stated reason for suing GoPro again and for doing so here.

4.      The Complaint in this action asserts the same two patents and includes substantively identical claims to those asserted in Contour's Complaint filed in the District of Utah against GoPro on January 5, 2015, and later amended.  After being served with the complaint in the Utah Action, GoPro proceeded to defend that case, incurring significant expense.  In the face of motions to dismiss its claims for indirect and willful infringement and to stay in view of the institution of *Inter Partes* Reviews of both patents, Contour suddenly dismissed the Utah action on November 30, 2015.  A stay pending outcome of GoPro's motion to dismiss had been in effect for months when Contour abruptly dismissed its suit.

4

5. Rule 41(d) provides a means to deter this very scenario and protect defendants from incurring wasteful costs in connection with earlier filed and dismissed actions. Consistent with the protective purpose of the Rule, most courts have construed "costs" under Rule 41 to include attorneys' fees.

6. Although Rule 41(d) does not require exact identity between the plaintiffs subject to a cost award, Contour and CIPH are one and the same for purposes of this motion. Both entities claim the same Utah address, same registered agent and they share managers. As evidenced in its certificate of interested parties, CIPH is 50.1% owned by Contour, LLC and 49.9% owned by former plaintiff iON Worldwide, Inc. *See* D.I. 4. The former plaintiff in the Utah action, Contour, LLC, therefore, has a direct financial interest in this litigation. Indeed, through its management of CIPH, Contour, LLC controls this litigation on its behalf as well as the prior action filed in Utah. Further, when it suits its interests, CIPH touts its association and shared identity with Contour LLC, such as when it opposed GoPro's motion to stay pending resolution of the IPR proceedings on the grounds that a stay would harm Contour.

7. Further, the issue of whether CIPH and Contour are the same plaintiff is a red herring. The real issue under Rule 41(d) is whether the "same claim" is asserted against the "same defendant." *See* Fed. R. Civ. P. 41(d). Here, it is indisputable that the same claims from the Utah action are re-asserted against GoPro here. Accordingly, Rule 41(d) applies and CIPH should have to bear the costs of this duplicative lawsuit.

8. To compensate it for costs incurred in connection with the earlier action that are not useful in this lawsuit, GoPro requests that CIPH be ordered to pay GoPro's costs in the sum of $131,299.83 and that this action be stayed pursuant to Rule 41(d) pending compliance with that order. GoPro further seeks, pursuant to the Court's inherent authority, to be awarded its

attorneys' fees incurred in bringing this motion for costs (est. at $20,000) and fees incurred in bringing the motion to stay pending resolution of the *Inter Partes* Review proceedings as to both patents-in-suit (est. at $20,000), a motion that had to be redone given the procedural maneuvers and refusal to stipulate to a stay on the part of CIPH.

## III.   STATEMENT OF FACTS

On January 5, 2015, Contour sued GoPro in Utah District Court, alleging infringement of U.S. Patent Nos. 8,890,954 (the "'954 Patent") and 8,896,694 (the "'694 Patent").  *See* Utah action, D.I. 4; *see* Request for Judicial Notice in Support of GoPro's Renewed Mot. for Costs and to Stay Action ("RJN"), Ex. A [First Amended Compl.]  Contour had added GoPro to an action commenced six weeks earlier, on November 25, 2014, against a small Utah retailer for GoPro named Camp Saver, LLC, in what was a transparent effort to bolster venue there.  GoPro assumed Camp Saver's sales for damages purposes and shared counsel of record.  *See* D.I. 13,[5] Declaration of Karineh Khachatourian in Support of Mot. for Costs and to Stay Action ("KK Decl."), ¶ 4.[6]  Contour's initial complaint against GoPro also included claims for violation of the Utah unfair competition act.  *See* Utah action, D.I. 4, RJN, Ex. A, ¶¶ 55-58, 78-81.

For months, the parties engaged in motion practice over deficiencies in Contour's pleadings and other procedural issues.  *See* KK Decl., ¶¶ 7, 9.  Contour eventually filed a Supplemental and Second Amended Complaint ("SSAC"), still alleging infringement of the same two patents, but dropping the unfair competition claims.  *See* Utah action, D.I. 29; RJN, Ex. B [SSAC].  GoPro moved to dismiss the claims for indirect and willful infringement. That motion was scheduled to be heard January 12, 2016.  *See* Utah action, D.I. 38; RJN, Ex. C [Mot. to Dismiss].  The parties stipulated to a stay of deadlines including with respect to local patent

---

[5]    Unless otherwise specified, D.I. cites are to the docket in this action.
[6]    The KK Declaration, D.I. 13, was filed under seal in connection with the filing of the original Motion for Costs and to Stay, and is offered in support of this renewed Motion as well.

rule disclosures pending the outcome of the motion to dismiss, which the court entered as an order in June 16, 2015.  *See* Utah action, D.I. 49.

On October 28, 2015, the Patent Trial and Appeal Board ("PTAB") granted GoPro's petitions to institute *Inter Partes* Review of all 20 claims in the '694 Patent and 21 of the 30 claims of the '954 Patent (claims 1-2 and 11-30).  *See* D.I. 1, ¶ 21.  In light of the institution of these proceedings, GoPro asked Contour to stipulate to extend the stay until IPR proceedings concluded.  *See* KK Decl., ¶ 5.  Contour refused.  *See id*.

On November 23, 2015, GoPro moved for a further stay of all proceedings in the Utah action based on the PTAB's institution of *Inter Partes* Review proceedings of the two patents-in-suit.  *See* Utah action, D.I. 54; RJN, Ex. D.  GoPro requested that the Court hear the stay motion together with its motion to dismiss on January 12, 2016.  *See id*.

Seven days later, on November 30, 2015, Contour abruptly dismissed the Utah action without prejudice.  *See* Utah action, D.I. 57.  On the same day, CIPH and iON filed this action against GoPro, asserting the same two patents and claims asserted in the Utah action.  *Compare* D.I. 1 *with* Utah action, D.I. 29, RJN, Ex. B [SSAC].  Although the pleadings are substantively identical in that they include the same claims based on the same patents, Plaintiffs added "new" facts apparently designed to bolster their claims of inducement, contributory and willful infringement.  *See* D.I. 1, ¶¶ 29-68.  These supposed "new" facts were always available to Plaintiffs, and they could have asserted them in the Utah action, but chose not to do so even after GoPro asked them to dismiss or amend.  Indeed, these were precisely the issues that GoPro raised in its pending motion to dismiss in the Utah action, before Contour abruptly dismissed that case to enable its re-filing here.  *See* Utah action, D.I. 4, 38; RJN, Exs. B and C.

Camp Saver was not named in this lawsuit, perhaps because maintaining venue in Utah was no longer deemed necessary.  Indeed, CIPH and iON admitted to forum shopping, asserting in the Complaint in this case that they wanted a "more convenient" forum than the Utah venue Contour previously chose for these claims.  *See* D.I. 1, ¶ 22.

Although CIPH is the named plaintiff in this action, Contour, the plaintiff in the Utah action, is responsible for this litigation. In fact, CIPH is 50.1% owned by Contour and 49.9% owned by former plaintiff iON Worldwide, Inc.  *See* D.I. 4.  Contour owns more than 10% of former Plaintiff iON.  *See id*. Contour, therefore, has a direct financial interest in this litigation.

Not only is Contour the majority owner of CIPH, it shares the same address, registered agent, and principals. James Harrison is a Manager of Contour and CIPH.  *See* RJN, Exs. E [corporate records for Contour LLC, obtained via the Utah Secretary of State's online business records search portal] and F [corporate records for CIPH, obtained via the Utah Secretary of State's online business records search portal.]  Kenneth Kaufman, President and Manager of Contour, signed CIPH's corporate formation papers on behalf of CIPH. *See* RJN, Ex. F. James Clarke, Contour's apparent CEO is also a Manager of CIPH.  *See id*.  Mr. Clarke is also CEO and Managing Partner of Clarke Capital Partners, which purchased Contour in 2013. Like Contour and CIPH, Clarke Capital is located at 5152 Edgewood Drive, Suite 375, Provo, Utah. Nora Anderson is the registered agent for both Contour and CIPH, at the same address.  *See id*., Exs. E and F.  Thus, Contour and individuals associated with it manage and control CIPH, and should be considered the same for purposes of this Motion.

When it suits its interests, CIPH touts its association and shared identity with Contour. For example, in opposing GoPro's Motion to Stay, CIPH argued that it would be prejudiced by a

stay because Contour, its majority owner, is a competitor of GoPro. *See* D.I. 20, at 2.[7] In any case, CIPH's identification with Contour is significant, given its shared address, agents and registered principals with, and being majority-owned by Contour. *See* RJN, Exs. E and F; D.I. 4. The remainder of CIPH is held by iON, which "merged" with Contour, making it essentially a wholly-owned entity. *See id*.

On April 19, 2016, during the hearing on GoPro's Motions for Costs and to Stay and to Stay Pending IPRs, iON's status as an exclusive licensee and its standing to sue were discussed. At that time, Plaintiffs' counsel said there was a "dispute" about whether iON's exclusive license had been terminated. *See* D.I. 41, Apr. 19, 2016 Hrng. Tr. 51:3-52:13. Plaintiffs' counsel did not mention that CIPH and Contour had in fact filed suit against iON, in District Court in Utah two months earlier, on February 19, 2016, over the termination of iON's license. *See* RJN, Ex. G [Compl.]. On June 13, CIPH dismissed the case. *See* RJN, Ex. H [Dismissal]. At the time, Plaintiffs failed to disclose anything about that litigation to the Court or GoPro.

On April 19, 2016, this Court issued an oral order permitting the parties to provide supplemental information regarding "(1) the corporate structure of Plaintiffs and third party Contour LLC; and (2) Plaintiff iON Worldwide, Inc.'s status as the exclusive licensee to the patents-in-suit" and to describe how the documents relate to GoPro's Motion for Costs and to Stay, and the Motion to Stay Pending IPR Review. Both sides submitted letters with attachments to this Court's attention, under seal; however, none of the information contradicts the information presented here showing the extent to which Contour and CIPH (and the former iON) are connected as it relates to this action and the prior Utah action Contour filed.

---

[7] *See* D.I. 20 at 10 ("Here, it is undisputed that the accused GoPro products compete directly with Contour, LLC's products in the market for action cameras. Contour, LLC developed the technology patented in the '954 and '694 Patents [and] is a majority shareholder of Plaintiff.").

As set forth in detail in the KK Declaration, GoPro incurred substantial, reasonable and necessary costs litigating Contour's now-dismissed Utah action in the sum of $131,299.83 – costs that are rendered obsolete given the dismissal and re-filing here. *See id.*, ¶¶ 7-9, 14-15.[8] In addition, GoPro incurred an additional approximately $40,000 in fees for briefing and arguing its initial motions for costs and to stay, and to stay pending resolution of the IPR proceedings. These fees do not include the motion to transfer venue GoPro has had to file in order to correct CIPH's improper forum shopping.

In accordance with D. Del. LR 7.1.1, a reasonable effort has been made to reach agreement with the Plaintiffs on the matters set forth in the Motion. *See* KK Decl., ¶ 3 and Ex. A [KK 12/18/15 ltr to Shaw].

## IV.   ARGUMENT

### A.   Legal Standards Governing this Motion

Fed. R. Civ. P. 41(d) provides that:

> [i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

This rule permits a court to award costs where, as here, a party is required to twice defend the same action. *See Huntley, L.L.C. v. Monterey Mushrooms Inc.*, C.A. No. 08-377 (GMS), 2009 WL 2992553, *1 (D. Del. 2009) (the "purpose of the rule is to prevent the maintenance of vexatious lawsuits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct") (citation omitted).

---

[8]   GoPro will submit itemized invoices detailing the costs expended in the Utah action for in camera review if and when the Court deems it necessary.  The invoices contain information protected by the attorney-client privilege.

In *Huntley*, the plaintiff brought a patent infringement claim against the defendant only to withdraw it when faced with a motion to dismiss based on lack of standing. *See id*. at *2. Plaintiff later filed substantially the same claim for infringement, but said he was enforcing an equitable lien to the asserted patent. *See id*. The Court granted the defendant's request for costs under Fed. R. Civ. P. 41(d), finding "… as a result of these two actions, and being forced to essentially 'twice defend the same action,' [defendant] has suffered prejudice that warrants an award under the rule." *Id*.

In light of the purpose of Rule 41(d) of protecting defendants from incurring unnecessary expenses, a court need not find bad faith to award costs if a defendant expended money preparing to defend the first action before it was dismissed. *E.g., Chien v. Hathaway*, 17 F.3d 393, 1994 WL 48319, *1 (9th Cir. 1994) (upholding district court's order of costs and a stay where plaintiff filed a case, dismissed it, and re-filed it in a different venue); *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) (awarding costs where plaintiff filed actions in New York, then filed an action in California federal court that included the same claims and additional ones and dismissed the New York actions).

Further, to foster Rule 41(d)'s policy to prevent forum shopping and vexatious litigation, courts have awarded attorneys' fees as part of costs. *See, e.g.*, *Huntley*, 2009 WL 2992553 at n.4 (ordering defendant to submit an "application for reasonable attorneys' fees and costs" incurred in first action); *Esquivel*, 913 F. Supp. at 1392 (awarding expenses and attorneys' fees). In *Esquivel,* the Court reasoned that Rule 41(d) permitted an award of fees because Rule 41(a)(2), which governs voluntary dismissals, has been read to allow the imposition of attorneys' fees as a condition of dismissal: "The fact that Rule 41(a)(2) has been a basis to impose fee award 'conditions' lends support to the proposition that Rule 41(d) 'costs' awards should also include

attorneys' fees." 913 F. Supp. at 1391. The Court explained that it would be inconsistent for a court to award fees as a condition of a voluntary dismissal but not to allow an award of fees when a case that was previously voluntarily dismissed is re-filed.  *See id.*

As was the case when GoPro filed its initial motion for costs, there remains a split in this District on the issue of whether fees should be included as costs. Last year, Judge Robinson decided against including attorneys' fees as costs under Rule 41(d), declining to follow Delaware precedent and the many authorities such as *Esquivel* that have found clear support and logic for including attorneys' fees in such costs.  *See Garza v. Citigroup*, C.A. No. 15-537 (SLR), 2015 WL 7185431, *6 n.12 (D. Del. Nov. 13, 2015).  In *Garza*, Judge Robinson stated that the issue of whether costs include fees under this rule was a matter of first impression, notwithstanding that six years earlier, in *Huntley*, Judge Sleet had granted a motion under Rule 41(d), ordering payment of attorneys' fees as costs.  *See Huntley*, 2009 WL 2992553 at n.4.  The basis in *Garza* was that Rule 41(d) excludes attorneys' fees because they are not expressly referenced in the rule.  *See Garza*, 2015 WL 7185431, at *6.    Notably, *Garza* was certified for interlocutory appeal as to whether costs under Rule 41(d) include attorneys' fees.  *See Garza v. Citigroup*, C.A. No. 15-537 (SLR), 2016 U.S. Dist. LEXIS 102 (D. Del. Jan. 4, 2016).  Since that time, the case was dismissed on other grounds.  *See Garza v. Citigroup*, C.A. No. 15-537-SLR, 2016 WL 3566956, *6 (D. Del. Jun. 29, 2016) (granting motion for judgment on the pleadings).

The reasoning of *Esquivel* and the many cases that have included attorneys' fees as costs under Rule 41(d) are persuasive.  Indeed, the majority rule followed by courts addressing this issue is to allow attorneys' fees as costs.  *See Adams v. New York State Educ. Dep't*, 630 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (court noting that weight of authority in Second Circuit supports award of attorneys' fees and that Rule 41(d) is to deter forum shopping and penalize re-

filing duplicative cases); *Raniolo v. Southport, LLC*, 2015 U.S. Dist. LEXIS 116047, *3-4 (E.D. Mo. Sept. 1, 2015) ("the Eighth Circuit has allowed attorneys' fees be awarded"); *Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1023 (E.D. Mo. 2006) (following majority rule that "costs" include attorneys' fees); *Behrle v. Olshansky*, 139 F.R.D. 370, 375 (W.D. Ark. 1991) (award of attorneys' fees as costs is reasonable); *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (affirming award of attorneys' fees); *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1240 (D. Colo. 2009) (court followed "majority rule" that attorneys' fees are available under Rule 41(d)); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("Rule 41(d) gives the Court discretion to grant attorney's fees, as it may deem proper, as part of the 'costs of the action previously dismissed.'"); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 23 (D. Conn. 1998) (awarding attorneys' fees under Rule 41(d)); *Whitehead v. Miller Brewing Co.*, 126 F.R.D. 581, 582 (M.D. Ga. 1989) (same); *Eager v. Kain*, 158 F. Supp. 222, 223 (E.D. Tenn. 1957) (Rule 41(d) authorizes a court to "require the payment of costs, including attorneys' fees, of the previously dismissed action as a prerequisite to the filing of the [subsequent] action"); *see also* 8-41 Moore's Federal Practice –Civil § 41.07[6], n.15 (2015) ("The costs available under Rule 41(d) have generally been held to include attorney's fees.")

Beyond the support in Rule 41 for including fees as costs as discussed in *Esquivel*, doing so also provides – and is intended to provide – an important deterrent to the filing of duplicative lawsuits. If courts cannot award attorneys' fees as part of Rule 41(d)'s costs, then the Rule "'has no teeth' and is useless. If that is the law, the provision of Rule 41(d) will not serve its intended purpose of encouraging parties not to act as plaintiff has acted in this case, to the substantial detriment of the defendant." *Behrle*, 139 F.R.D. at 373. As another court put it, "Rule 41(d) would become a 'toothless' deterrent if it did not include attorneys' fees in its assessment." *Ross*

13

*v. Infinity Ins. Co.*, No. CIV.A. 12-5050, 2013 WL 2495114, at *5 n.4 (E.D. Pa. June 10, 2013),

*appeal dismissed*, No. 13-3179 (3d. Cir. Mar. 21, 2014).  *See also Beury*, 242 F.R.D. at 698 ("To

interpret 'costs' in Rule 41(d) to exclude attorney's fees would render that Rule a dead letter,

eliminating any deterrence it would provide.")

Indeed, if courts were to exclude fees from costs under Rule 41(d), the resulting award

would provide no real-world deterrence whatsoever and would not even come close to

compensating parties like GoPro for the actual financial burden of having had to defend a

previous duplicative action.  The non-attorneys' fees costs that GoPro incurred in litigating the

Utah action total a mere $1,194.83, a meaningless fraction of the $131,299.83 in attorneys' fees

for which GoPro is seeking reimbursement by way of this Motion.

In view of the weight of authority in support and the purpose of the Rule, there is ample

basis to find that Rule 41(d) allows the recovery of attorneys' fees as an element of costs.

**B.      The Court Should Order Plaintiff to Pay GoPro's Costs (including Attorneys' Fees) of the Previously Dismissed Utah Action and Stay this Action Until Plaintiff Complies**

There can be no dispute that the present action includes the same claims of patent

infringement asserted against GoPro in the Utah action, seeking the same relief.  *Compare* Del.

Action, D.I. 1 *with* Utah action, D.I. 29, RNJ Ex. B [SSAC].  The same two patents and

substantially the same claims of direct, indirect and willful infringement are asserted in both

actions.  *See id*.  Contour abruptly dismissed its previously-filed case while motions to dismiss

and stay were pending, and CIPH admits filing here to gain a "more convenient" forum, for iON,

who has since been dismissed.  *See* D.I. 1, ¶ 22; D.I. 77.  Since GoPro filed its initial motion,

CIPH's forum shopping for this suit has been revealed to be even more egregious, as it chose to

sue iON in Utah, not here, regarding its license dispute.  *See* RJN, Exs. G, H.

14

To begin with, Rule 41(d) applies here even though the plaintiff in the Utah action was called "Contour LLC" while the Plaintiff in this case calls itself Contour IP Holding, LLC.  As noted, both entities claim the same Utah address, same registered agent and they share managers. *See* RJN, Exs. E and F; D.I. 4.  That Plaintiff chose to orchestrate a change in corporate entity and move patents around does not provide it with a means to evade Rule 41(d).  The fact remains that essentially the same group and ownership is behind both Contour plaintiffs, and that CIPH is owned, managed and controlled by Contour and individuals associated with it.  *See* RJN, Exs. E and F; D.I. 4.  Plaintiff should not be allowed to hide behind nominal corporate manipulations to evade responsibility under Rule 41(d).  The absence of Camp Saver from this suit is also irrelevant.  Indeed, otherwise, a plaintiff filing repeated suits would need only to simply omit one defendant or set up new entities to avoid liability under 41(d).  This would encourage the naming of sham defendants while doing nothing to deter the forum shopping and vexatious litigation Rule 41(d) was designed to prevent.

In granting GoPro's Motion to Stay Pending IPR proceedings, this Court noted the co-involvement of CIPH and its related entities in the dismissal and re-filing of the same claims against GoPro, stating: "[a]fter all, it was iON's decision (along with Contour) that the two would merge and that rights in the asserted patents would be assigned to CIPH. These events later resulted in the dismissal of the Utah Action, as well as the filing of this action in this Court—all of which meant more delay in having an infringement case as to the asserted patents move forward."  D.I. 70.

Moreover, the issue of whether CIPH and Contour are the same plaintiff is a red herring. The real issue under Rule 41(d) is whether the "same claim" is asserted against the "same defendant."  *See* Fed. R. Civ. P. 41(d).  It is indisputable that the same claims from the Utah

action are re-asserted against GoPro here.   Accordingly, Rule 41(d) applies and CIPH should have to bear the costs of this duplicative lawsuit.

CIPH's additions to the pleading in this action do not change the core infringement claims asserted against GoPro in both cases or the relief sought.   Plaintiff simply added "facts" to bolster claims of inducement, contributory and willful infringement.   *See* D.I. 1, ¶¶ 29-68.   These changes were clearly designed to address the pleading deficiencies that were the subject of GoPro's motion to dismiss in the Utah action.   GoPro had previously asked Plaintiff to amend but was refused, thus necessitating the motion practice.   Rather than oppose that motion on the merits or seek leave to amend, CIPH is seeking to gain the tactical advantage of a "do-over" in a new forum.   Although it is not necessary to show bad faith to justify costs under Rule 41(d), the dismissal while motions to dismiss and stay were pending and admission to forum shopping indicate clear gamesmanship.   Whatever the claimed corporate machinations involving Contour, CIPH's reasons for filing a new complaint, forum shopping, and "realigning" the parties are not legitimate reasons to dismiss an action that was pending for nearly a year and to force GoPro to defend a second suit including the same claims.   *See* D.I. 1, ¶ 22.

CIPH's tactics have caused GoPro to incur significant costs and fees litigating now obsolete procedural issues in the prior action that have been wasted and/or that will have to be duplicated here.   For example, GoPro spent significant time and expense analyzing and responding to various iterations of the pleadings in the now dismissed Utah action, including with respect to now dropped state law claims, and to precedent followed in that jurisdiction.   *See* KK Decl., ¶ 7.   GoPro also incurred expense in moving to dismiss based on defective pleadings that are now obsolete because CIPH essentially amended them without leave of court by re-filing here.   *See id*.   GoPro also spent time and expense preparing and briefing motions to stay the

16

proceedings, reviewing Plaintiff's responsive briefings and correspondence, and preparing applications for stays, *pro hac vice* admissions and other court filings that are now useless in this district. *See id.* Additionally, GoPro incurred fees representing Camp Saver, which CIPH chose not to sue here, most likely because its purpose in securing venue in the inconvenient forum of Utah is no longer needed. *See id.*

The foregoing activities were unique to the Utah action and necessary for the preservation of GoPro's interests in that case. Nonetheless, these expenditures cannot be used in any meaningful sense in this action and are essentially wasted costs as a result of the dismissal of the Utah action. Thus, GoPro has provided ample evidence demonstrating the costs it incurred will not be useful here.

Given that CIPH has now filed a second, substantively identical patent infringement case against GoPro after its controlling member, Contour, dismissed the first suit, GoPro is entitled under Rule 41(d) to its costs incurred in defending against the first action. GoPro seeks recovery of total costs of $131,299.83, nearly all of which consists of attorneys' fees. *See* KK Decl., ¶¶ 7, 15. GoPro is not seeking reimbursement of an additional $66,982.81 in fees and costs for work that could be useful in this action because they relate to analysis of the patents and other substantive issues. *See* KK Decl., ¶ 8. Under the circumstances, GoPro is entitled to recover all of the fees claimed here as supported by the declaration and exhibits submitted with this Motion. *See* KK Decl., ¶¶ 7-15.

**C.**     **Alternatively, the Court Can Award Attorneys' Fees Per its Inherent Powers**

In the event the Court were to find that GoPro's attorneys' fees cannot be included in an award of costs under Rule 41(d), the Court may nonetheless rely on its inherent powers to sanction bad faith conduct to award GoPro its attorneys' fees. In *Chambers v. NASCO, Inc.*, 501

U.S. 32 (1991), the Supreme Court upheld a district court's use of its inherent powers to assess attorneys' fees against a party it determined had engaged in bad faith conduct.  In affirming the district court's use of its inherent powers, the Supreme Court noted that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers*, 501 U.S. at 49.  The Supreme Court made clear that courts can award fees under their inherent powers irrespective of whether that conduct is covered by a statutory or rule-based sanctioning mechanism:

> [t]here is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.

*Id*. at 50.  The Court further stated that courts' use of inherent powers to sanction parties is discretionary:

> when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. *But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.*

*Id*. (emphasis added.)

Here, Contour dismissed the Utah action and an entity it owns and controls, CIPH, re-filed the same claims here rather than responding to GoPro's pending motions to dismiss and to stay.  This tactic enabled CIPH to effectively amend the Utah complaint without leave of court to address defects in the indirect and willful infringement pleadings that GoPro raised in its motion to dismiss and to terminate the stay then in place.  GoPro's time and expense spent on its motion

18

to dismiss and other now obsolete pleadings and procedural issues in the Utah action have thus been wasted.

Contour further dragged one of GoPro's Utah retailers, Camp Saver, through ten months of litigation only to abruptly dismiss it when they no longer needed a hook to bolster venue in Utah.  CIPH admits that it re-filed here at least in part as an exercise in forum shopping.  *See* D.I. 1, ¶ 22.  These tactics are indicative of unacceptable gamesmanship and abuse of the court system.  These actions have caused GoPro to incur significant costs and attorneys' fees.  In accordance with *Chambers*, if the Court is not inclined to award attorneys' fees under Rule 41(d), the Court can and should rely on its inherent powers to order CIPH to pay GoPro the fees incurred in the Utah action.

GoPro also seeks, pursuant to this Court's inherent authority, recovery of its attorneys' fees incurred in bringing this motion and in bringing its motion to stay the current action pending resolution of the *Inter Partes* Review proceedings.  CIPH's actions, with and on behalf of Contour, in dismissing the Utah action, refiling here and then refusing a request to stipulate to a stay means that GoPro had to redo and bring the stay motion again, in this Court.  The fees for the motions for costs and to stay pending IPR are estimated to total approximately $40,000 ($20,000 each for the research, briefing, and hearing for each motion).  *See* KK Decl., ¶ 20.

## V.     CONCLUSION

For the foregoing reasons, GoPro respectfully requests that the Court order CIPH to pay GoPro $131,299.83 for its costs incurred in defending the Utah action and to stay this action until CIPH has fully complied.  GoPro also requests, pursuant to this Court's inherent authority, recovery of its fees incurred in bringing this motion and its motion to stay pending resolution of IPRs, which fees are estimated to be approximately $40,000.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____

Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Karineh Khachatourian
Patrick S. Salceda
Daniel T. McCloskey
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304
(640) 847-4150

December 1, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 1, 2016, upon the following in the manner indicated:

John W. Shaw, Esquire                          *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
Andrew E. Russell, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Paul M. Schoenhard, Esquire                    *VIA ELECTRONIC MAIL*
Nicole M. Jantzi, Esquire
Ian B. Brooks, Esquire
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC  20006-6807
*Attorneys for Plaintiffs*

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)