IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTOUR IP HOLDING, LLC and <br> ION WORLDWIDE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GOPRO, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-1108 (LPS) (CJB) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT LETTER REGARDING GOPRO'S
PROPOSAL TO LIMIT ASSERTED CLAIMS**

December 2, 2016

The Honorable Christopher J. Burke                                          VIA E-FILING
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:     *Contour IP Holding, LLC, et al. v. GoPro, Inc.*, C.A. No. 15-1108 (LPS) (CJB)

Dear Judge Burke:

**GoPro's Position**. Pursuant to the Court's November 23, 2016, Oral Order, GoPro requests that the Court limit Contour to 20 asserted claims in advance of claim construction briefing, and 10 asserted claims in Contour's final infringement contentions. The two patents-in-suit contain 50 claims, of which Contour has asserted 35. Even though it has been asserting these patents in two courts since November 2014, and has been defending these patents in two IPRs, Contour claims that it cannot make any further reductions. It is difficult to imagine what more information Contour needs in order to reduce the asserted claims.

      This Court has recognized the importance of limiting the number of asserted claims early in the litigation. *See, e.g., Reefedge Networks v. Aruba Networks, Inc., et al.*, C.A. No. 12-1042-LPS, D.I. 38, 7/30/2013 Tr. at 25 ("I think that there should be some meaningful reduction of the number of asserted claims and prior art references relatively soon in this case and certainly not have to wait until after invalidity contentions are served."); *see also id.*, D.I. 42 (limiting plaintiff to 10 asserted claims per patent in its preliminary election of asserted claims). There is good reason for that practice. Reducing the claims to a manageable number has dramatic effects on all aspects of the litigation, and on the resources of the Court and the parties: it affects the burden of claim construction on the Court and parties, the infringement and invalidity contentions, the trial preparation process, and the jury trial itself. It is simply not practical or efficient to proceed on 35 claims, and there is no reason to do so, especially after two years of litigation.

      This Court has recognized the burden that each additional claim term imposes on the claim construction process, and the litigation in general, and has required plaintiffs to reduce the number of asserted claim terms to 20 or fewer in advance of the claim construction stage of the case. *See, e.g., Intellectual Ventures I, LLC v.* Check *Point Software Techs. Ltd.*, C.A. No. 10-1067-LPS, D.I. 162 at 31 (D. Del. Nov. 3, 2011) (requiring plaintiff to reduce the number of asserted claims to a total of 20 across four patents prior to claim construction); *SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, D.I. 105, 9/6/2011 Tr. at 35 (D. Del.) (ordering plaintiff "to reduce the number of asserted claims to no more than a total of 20 . . . by no later than three weeks before the start of the Markman process"); *Personalized User Model LLP v. Google, Inc.*, C.A. No. 09-525-LPS, D.I. 88, 9/8/2010 Tr. at 26 (D. Del.) (requiring the plaintiff to reduce the number of asserted claims to 15 one month before the deadline for opening claim construction briefs). Here, Contour's 35 asserted claims include claims that run nearly a full column, or sometimes longer. *See, e.g.,* D.I. 1, Ex. A, '954 patent claim 1; D.I. 1, Ex. B, '694 patent claim 1. There are potentially dozens of terms that the Court may be asked to construe. And there are 35 claims for which GoPro has to litigate invalidity.

The Honorable Christopher J. Burke
December 2, 2016
Page 2

Contour has had more than two years to analyze GoPro's accused products that have been available on the market that entire time. In addition, despite Contour's complaints, GoPro produced 600 pages of core technical documents six months ago and Contour served 300 pages of infringement contentions in July. When asked what else it needed, Contour was unable to identify a single document. Moreover, Contour acknowledges below that the accused products are very similar, and therefore extensive discovery on every aspect of each accused product is unnecessary. Nevertheless, Contour claims that it needs more unspecified information and will not be able to reduce its asserted claims six months from now.

Contour agrees that it will have to reduce claims, but simply wants to avoid doing so for as long as possible for what appears to be no legitimate reason. A reduction of Contour's asserted claims to 20 in advance of claim construction, and to 10 in final infringement contentions, will narrow the case and preserve the resources of the Court and the parties.[1] And given that Contour has been litigating these patents in two courts and in the IPRs for two years, there can be no prejudice from requiring it to do so now. Finally, Contour has never discussed reducing prior art references with GoPro, but has raised it for the first time in this letter. GoPro is willing to discuss that issue and try to reach some agreement.

**Contour IP Holding, LLC ("CIPH")'s Position**. CIPH opposes GoPro's proposal. CIPH agrees that the number of claims asserted at trial must be manageable, but does not agree that arbitrary limits on the number of claims in advance of *Markman* briefing or as of final infringement contentions is the proper means of reducing the issues before this Court. Moreover, GoPro has not proposed any corresponding limit for the number of asserted prior art references, combinations, and invalidity defenses. GoPro's one-sided proposal would unfairly and unnecessarily advantage GoPro without any demonstrated benefits to CIPH or the Court.

GoPro's proposal is premature, especially in light of its refusal to produce discovery or even core technical documents thus far. CIPH cannot reasonably reduce the number of asserted claims in a vacuum, before it has had the opportunity to review GoPro's documents. GoPro's proposal places the initial reduction to 20 claims before May 31, 2017—just five months from now, and long before the close of fact or expert discovery. Moreover, the course of this action to date does not indicate that technical discovery will be forthcoming. GoPro has not provided *any* substantive technical discovery, despite being required by two orders of this Court to do so.[2] (*See* D.I. 37 at ¶ 7b; D.I. 65 (granting CIPH's request to compel production of core technical documents)). GoPro's production of documents has been limited to public user manuals and a single 24-page product specification document. GoPro's reluctance to produce substantive technical discovery showing how the accused products work has hindered and will hinder CIPH's ability to evaluate which claims might be dropped. As a result, CIPH cannot rely on having sufficient information to reduce the number of claims at the deadlines GoPro suggests.[3]

---

[1] Contour's proposal to limit asserted claims was offered for the first time this afternoon. In any event, it offers little and would come too late in the litigation to meaningfully narrow the scope of claim construction, or fact and expert discovery.

[2] This case has been pending for one year, not two as GoPro contends.

[3] CIPH would not oppose a reduction to 25 claims that takes place thirty days from the issuance of the Court's *Markman* order.

The Honorable Christopher J. Burke
December 2, 2016
Page 3

      Moreover, GoPro has not identified any undue burden that prevents the parties from engaging in discovery as to the currently asserted claims. Indeed, this is not an overly complicated case. The case involves one plaintiff, one defendant, and two patents. CIPH currently asserts a total of 35 claims from the two patents: 22 claims of U.S. Patent No. 8,890,954 and 13 claims of U.S. Patent No. 8,896,694.[4] The accused products—and future products GoPro has announced—are believed to be similar in relevant respects.

      GoPro's proposal is surprising given that it chose to challenge all fifty claims of the two asserted patents in its IPRs. Despite the length of the claims, only ten terms (three non-means-plus-function and seven means-plus-function) from the currently asserted claims were sought to be construed in those proceedings. Regardless, the PTAB found it necessary to construe only two terms. (D.I. 16, Ex. A at 7, Ex. B at 7). Indeed, despite their length, the language of the claims is not overly technical and their scope will not be difficult for the fact finder to ascertain.

      CIPH understands that Judge Stark is "highly receptive to reasonable proposals to reduce, at an appropriate stage or stages of a case, the number of: patents-in-suit, asserted claims, accused products, invalidating references, combinations of invalidating references, invalidity defenses, and claim construction disputes." Revised Procedures for Managing Patent Cases at 7. Accordingly, CIPH is willing to engage in efforts to reduce the number of issues as this case proceeds. Such efforts, however, are premature given that GoPro has yet to provide any substantive technical discovery, serve its initial invalidity contentions, or answer the complaint, and the parties have not engaged in any claim construction discussions. Moreover, by the deadline for final infringement contentions the parties will not have engaged in expert discovery, which is likely to aid the parties in identifying those areas where disputes can likely be reduced.[5]

      While the Court in *Reefedge Networks*—which involved at least twelve defendants—limited the plaintiff to thirty claims, the Court was influenced by the fact that the Federal Circuit had recently posted on its website a Model Order that suggested limiting claims in patent cases. *See Reefedge Networks*, C.A. No. 12-1042-LPS, D.I. 38, Tr. at 9, 24. That Model Order, however, was never adopted by the court and was quickly removed from the court's website. The Model Order has not been adopted by this Court for all cases. Moreover, the Court in *Reefedge Networks* also limited defendants to six prior art references per patent – GoPro has proposed no such corresponding limit here. *See id.*, D.I. 42.

      For the foregoing reasons, CIPH respectfully opposes GoPro's proposal to limit CIPH's infringement contentions.

---

[4] *Check Point Software Techs.* involved four defendants and over 60 asserted claims. C.A. No. 10-1067-LPS, D.I. 162 at 24. In *SoftView*, plaintiff asserted over 350 claims against multiple defendants. C.A. No. 10-389-LPS, D.I. 105, 9/6/2011 Tr. at 18. In *Personalized User Model*, the Court ordered the reduction of asserted claims in a single patent down from 36 to 15. *See* C.A. No. 09-525-LPS, D.I. 88, 9/8/2010 Tr. at 7, 26.

[5] CIPH would not oppose a reduction to 15 claims by thirty days prior to the pretrial conference.

The Honorable Christopher J. Burke
December 2, 2016
Page 4

| | |
|---|---|
| SHAW KELLER LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Andrew E. Russell* | */s/ Michael J. Flynn* |
| John W. Shaw (# 3362) | Jack B. Blumenfeld (#1014) |
| Andrew E. Russell (# 5382) | Michael J. Flynn (#5333) |
| Nathan R. Hoeschen (# 6232) | 1201 North Market Street |
| 300 Delaware Avenue, Suite 1120 | P.O. Box 1347 |
| Wilmington, DE  19801 | Wilmington, DE  19899 |
| (302) 298-0700 | (302) 658-9200 |
| jshaw@shawkeller.com | jblumenfeld@mnat.com |
| arussell@shawkeller.com | mflynn@mnat.com |
| nhoeschen@shawkeller.com | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |