IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CONTOUR IP HOLDING, LLC,           )
                                   )
                    Plaintiffs,    )        REDACTED – PUBLIC VERSION
          v.                       )        C.A. No. 15-1108-LPS-CJB
                                   )
GOPRO, INC.,                       )        ███████████████████
                                   )
                    Defendant.     )

**PLAINTIFF CONTOUR IP HOLDING, LLC'S ANSWERING BRIEF IN OPPOSITION
TO GOPRO, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN
DISTRICT OF CALIFORNIA, OR IN THE ALTERNATIVE,
<u>TO THE DISTRICT OF UTAH</u>**

OF COUNSEL:
Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508-4600

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

Dated: December 9, 2016

**TABLE OF CONTENTS**

I.      Nature and Stage of the Proceeding ................................................................... 1

II.     Summary of Argument ....................................................................................... 2

III.    Statement of Facts ............................................................................................. 3

IV.     Argument ........................................................................................................... 4

   A.   Legal Standards ................................................................................................ 4

   B.   The *Jumara* Factors ....................................................................................... 5

      1.   The Private Factors ...................................................................................... 6

      2.   The Public Factors ...................................................................................... 15

   C.   GoPro's Alternative Request to Transfer to Utah ......................................... 16

V.      Conclusion ....................................................................................................... 17

# TABLE OF CITATIONS

**Page(s)**

CASES

*ADE Corp. v. KLA–Tencor Corp.*,
　138 F. Supp. 2d 565 (D. Del. 2001)...............................................................11, 14

*Affymetrix, Inc. v. Syneni, Inc.*,
　28 F. Supp. 2d 192 (D. Del. 1998)...............................................................10, 12

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
　2010 WL 3037478 (D. Del. July 30, 2010) ...........................................................5

*C.R. Bard, Inc. v. Angiodynamics, Inc.*,
　156 F. Supp. 3d 540, 545 (D. Del. 2016).................................................................9

*Cradle IP, LLC v. Texas Instruments, Inc.*,
　923 F. Supp. 2d 696 (D. Del. 2013)........................................................................8

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
　2001 WL 1617186 (D. Del. Nov. 28, 2001) ...................................................7, 14

*Husqvarna AB v. The Toro Co.*,
　2016 WL 4257764 (D. Del. Aug. 11, 2016) ...................................9, 10, 13, 14

*Helicos Biosciences Corp. v. Illumina, Inc.*,
　858 F. Supp. 2d 367 (D. Del. 2012).......................................................................13

*Intellectual Ventures I LLC v. Altera Corp.*,
　842 F. Supp. 2d 744, 755 (D. Del. 2012)..........................................................8, 11

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
　797 F. Supp. 2d 472 (D. Del. 2011).........................................5, 8, 11, 13, 16

*IpVenture, Inc. v. Acer, Inc.*,
　879 F. Supp. 2d. 426 (D. Del. 2012)........................................................................9

*Jumara v. State Farm Ins. Co.*,
　55 F.3d 873 (3d Cir. 1995)........................................................................... passim

*L'Athene, Inc. v. EarthSpring LLC*,
　570 F.Supp.2d 588 (D. Del. 2008).........................................................................5

*Praxair, Inc. v. ATMI, Inc.*,
　2004 WL 883395 (D. Del. Apr. 20, 2004)..............................................................5

*Red Wing Shoe Co., Inc. v. Hockerson—Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998)...................................................................9

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970)..............................................................4, 5, 7

*Simms v. Thomas Reuters Tax and Accounting, Inc.*,
  2011 WL 4501225 (D. Del. Sept. 28, 2011)..........................................5, 6, 15

*Stephenson v. Game Show Network, LLC*,
  933 F. Supp. 2d 674 (D. Del. 2013)..............................................................8

*Tradimpex Egypt Co. v. Biomune Co.*,
  777 F. Supp. 2d 802 (D. Del. 2011).............................................................16

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
  537 F.Supp.2d 635 (D. Del. 2008).............................................................16

*Varian Med. Sys., Inc. v. Elekta AB*,
  2016 WL 3341865 (D. Del. Jun. 8, 2016).................................................13, 14

*Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*,
  775 F. Supp. 759 (D. Del. 1991)..............................................................8, 12

**STATUTES**

28 U.S.C. § 1404(a) ...................................................................................4

35 U.S.C. § 271(a) ....................................................................................9

Plaintiff Contour IP Holding, LLC ("Plaintiff" or "CIPH"), by its undersigned attorneys, hereby responds in opposition to Defendant GoPro, Inc.'s ("GoPro") Motion to Transfer Venue to the Northern District of California, or in the Alternative, to the District of Utah (D.I. 84).

## I.     NATURE AND STAGE OF THE PROCEEDING

On November 30, 2015, CIPH and iON Worldwide, Inc. ("iON")[1] filed a Complaint (D.I. 1) against GoPro in this Court, alleging infringement of U.S. Patent Nos. 8,890,954 ("the '954 Patent") and 8,896,694 ("the '694 Patent"). One year into this action—as discovery is about to start in earnest—GoPro requests that this Court transfer this action outside of Delaware for further proceedings.

GoPro's filing of its motion at this time is representative of a pattern of attempts to delay this case, which has been pending before this Court for over a year. Although multiple deadlines have been set by which GoPro was obligated to answer the Complaint, *see* D.I. 6, D.I. 80, GoPro has failed to answer or otherwise respond under Rule 12. Instead, GoPro has filed a variety of motions to stay proceedings. *See* D.I. 10; D.I. 14; D.I. 93. The Court granted GoPro's motion to stay pending the resolution of the Patent Trial and Appeal Board's review of GoPro's *inter partes* review petitions, but ordered that GoPro comply with its initial technical disclosure obligations while the stay was in place; GoPro refused to do even that. *See* D.I. 70 at 9-10. By the terms of the stay order, the Court lifted the stay on October 26, 2016, when the Board issued its decisions. *See id.* at 9-10. Unsatisfied with this result and the fact that this case is now proceeding into discovery, GoPro now seeks to further delay this case by transferring venue to either the Northern District of California or the District of Utah. GoPro contends that either of

---

[1] On September 16, 2016, in response to CIPH and iON's Motion to Dismiss iON as a Co-Plaintiff, the Court recommended that the motion be granted and that iON be dismissed as a co-Plaintiff with prejudice. D.I. 77 at 1. The recommendation was adopted on December 9, 2016. D.I. 97.

those districts is "more convenient"—arguing that "the time is now to transfer this lawsuit to a forum that has some connection to the dispute." D.I. 84 at 1. But as explained in detail below, Delaware has more than a sufficient connection to this dispute. GoPro has failed to demonstrate otherwise. Accordingly, this action should continue to proceed in Delaware.

## II.     SUMMARY OF ARGUMENT

The Court should deny GoPro's motion. Delaware is convenient to CIPH—indeed, it chose to litigate this dispute here. It is also convenient to GoPro—GoPro availed itself of Delaware's laws by incorporating itself here. GoPro should not be able to now distance itself from the District by arguing that Delaware is somehow an "inconvenient forum." *See* D.I. 84 at 1. CIPH (and at that time iON) chose to file its original complaint[2] in Delaware for the legitimate reasons that GoPro is incorporated here; GoPro's products are sold here; this Court is experienced in resolving patent disputes; CIPH's CEO resides in Miami, Florida; CIPH's counsel are nearby in Washington, D.C.; and Delaware is convenient to former co-Plaintiff iON Worldwide, Inc., a Delaware corporation. CIPH's choice of forum—supported by these legitimate reasons—is entitled to substantial weight and significant deference. In seeking to demonstrate that CIPH's chosen forum is inconvenient, GoPro bears a substantial burden to show that a transfer is strongly favored. But GoPro has failed to carry its burden for the reasons explained herein. Consequently, the Court should deny GoPro's motion and this case should proceed toward trial in Delaware.

---

[2] GoPro incorrectly asserts that CIPH "previously filed this patent infringement case in Utah and abruptly dismissed it after nearly a year there to file the same lawsuit against GoPro, Inc. ('GoPro') in Delaware." D.I. 84 at 1. As CIPH has previously explained to this Court, CIPH was not involved in the prior Utah action. *See* D.I. 70 at 1-2; *see also* D.I. 84 at 12 (stating "Contour's affiliate filed suit").

## III.  STATEMENT OF FACTS

On November 30, 2015, CIPH filed its complaint in this Court alleging infringement of the '954 and '694 Patents by GoPro.  D.I. 1.  GoPro, which was previously incorporated in California but *chose to reincorporate in Delaware* in 2011, is a global corporation with annual revenue in 2015 of over $1.6 billion.  *See* Exhibit 1 (GoPro 2015 Annual Report) at 8 ("We reincorporated in Delaware in December 2011 . . ."), 21 ("the global nature of our business . . ."), 30; D.I. 87 at ¶ 2.  GoPro has over 1,700 employees and sells its camera products globally, including through its website and at least three authorized resellers in this District.  Exhibit 1 at 5 ("We offer our products in over 40,000 retail outlets and in over 100 countries through our direct sales channel and indirectly through our distribution channel."), 6 ("We sell our full line of products directly to consumers around the world through our online store at gopro.com"); D.I. 87 at ¶ 2; *see* Exhibit 2 (Store Locator Screenshots) at 1-4.  In stark contrast, CIPH is a small corporation run by three managers but with no full-time employees.  Exhibit 3 (Declaration of James Harrison) at ¶ 4.  CIPH's Manager with the principal management responsibilities regarding the operations of CIPH, James Harrison, resides on the east coast in Miami, Florida. *Id.* at ¶¶ 2-3.  Mr. Harrison manages CIPH's operations from CIPH's office at 120 SW 8th Street, Miami, Florida, 33130.  *Id.* at ¶ 5.

Prior to CIPH bringing suit here, on November 25, 2014, non-party Contour, LLC—a Utah based limited liability company and the then-assignee of the '954 and '694 Patents—filed a suit ("the Utah Action") in the United States District Court for the District of Utah against Camp Saver, LLC and Doe Defendants.  On January 5, 2015, Contour, LLC amended its complaint to add GoPro as a defendant in the Utah Action, alleging infringement of the '954 and '694 Patents. D.I. 16 Ex. D.  In that action, Contour, LLC was represented by counsel located in Utah.  *See* D.I. 83, Ex. A.

Subsequently, Contour, LLC partnered with iON, a Delaware corporation. Pursuant to the terms of that partnership, Contour, LLC assigned all rights pertaining to the '954 and '694 Patents to CIPH—an entity in which Contour, LLC holds a majority stake (D.I. 4)[3]—and CIPH granted an exclusive license to iON.[4] As a consequence of the transfer of rights to the '954 and '694 Patents to CIPH, Contour, LLC no longer had standing to sue GoPro for infringement of those patents. Thus, Contour, LLC dismissed the Utah Action on November 30, 2015—the same day that CIPH brought the action here.

## IV.   ARGUMENT

### A.   Legal Standards

GoPro's motion arises under 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The Third Circuit does not grant motions to transfer under § 1404(a) without a substantial showing in favor of transfer. Indeed, "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. Thus, "a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). The

---

[3] CIPH recorded the assignments on November 23, 2015. D.I. 21, Tab C at 1.

[4] As of the date of filing of the Original Complaint in this action, CIPH was the owner and possessor of all rights pertaining to the '954 and '694 Patents, and iON was the exclusive licensee. D.I. 1 ¶¶ 15, 16. Since then, iON's exclusive license has been terminated and iON has been dismissed as a co-plaintiff in this action. D.I. 97 at 1.

burden rests squarely on the party seeking a transfer "to establish that a balancing of proper interests weighs in favor of the transfer." *Id.*; *see also Jumara*, 55 F.3d at 879. That burden is a heavy one: "unless the balance of convenience of the parties is **strongly** in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original). Consequently, "[i]t follows that transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Simms v. Thomas Reuters Tax and Accounting, Inc.*, C.A. No. 10-904-LPS, 2011 WL 4501225, at *1 (D. Del. Sept. 28, 2011) (Stark, C.J.) (quoting *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09–554–JJF, 2010 WL 3037478, at *2 (D. Del. July 30, 2010)).

The burden of showing that a transfer is warranted is especially heavy for large-scale multi-national defendants. When transfer is sought by a defendant with operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *L'Athene, Inc. v. EarthSpring LLC*, 570 F.Supp.2d 588, 592 (D. Del. 2008) (internal citations and quotation marks omitted). Thus, "[u]nless the defendant 'is truly regional in character'—that is, it operates essentially exclusively in a region that does not include Delaware—transfer is almost always inappropriate." *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011) (Stark, C.J.) (citing *Praxair, Inc. v. ATMI, Inc.*, CA No. 03–1158–SLR, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004)) ("*Checkpoint Software*").

**B.** **The *Jumara* Factors**

When determining whether transfer is warranted "there is no definitive formula or list of the factors to consider." *Jumara*, 55 F.3d at 879. Nevertheless, the Third Circuit has set forth a non-exclusive set of private and public interest factors that act as guideposts.

The private factors to consider include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879.

The public interest factors to consider include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80.

The most relevant of these private and public interest factors are discussed in detail below.

### 1. The Private Factors

The following private factors weigh against transfer: plaintiffs choice of forum; whether the claim arose elsewhere; and convenience of the parties. Defendant's preference of forum weighs only slightly in favor of transfer. The convenience of the witnesses and the location of books and records factors are neutral. Accordingly, the private factors weigh against transfer. *See Simms*, 2011 WL 4501225, at *1 ("[it] follows that transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer.").

### (a) Plaintiff's choice of forum

Contrary to GoPro's contention that CIPH's "choice of forum should not be given weight" (D.I. 84 at 6), CIPH's choice of forum is entitled to substantial weight and should be

afforded deference. "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (internal citations and quotation marks omitted). Thus, "courts normally defer to a plaintiff's choice of forum." *Jumara*, 55 F.3d at 880. Indeed, "[t]he deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, CA No. 01–199–SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) (internal citations omitted).

Here, CIPH had and continues to have legitimate reasons for choosing Delaware for this action. First, GoPro's incorporation here not only demonstrates that Delaware is a favored forum for GoPro, but also that it is not likely to dispute personal jurisdiction. *See* Exhibit 1 at 8; D.I. 87 at ¶ 2. Second, GoPro sells its products within the District (Exhibit 2 at 1-4), which is evidence of the underlying accused acts of infringement. Third, Delaware is one of the most experienced districts in the nation for handling patent disputes. Fourth, Delaware provides efficiencies for CIPH, because its counsel is located in Washington, D.C., which is only a short distance from Delaware and within the same time zone. Fifth, CIPH's Manager, James Harrison, who is responsible for the operations of CIPH resides in Miami, FL, which is closer to Delaware than both California and Utah. Exhibit 3 at ¶¶ 2-3. And Mr. Harrison manages CIPH's operations from CIPH's office at 120 SW 8th Street, Miami, Florida, 33130. *Id.* at ¶ 5. Finally, at the time of filing the complaint, Delaware was convenient to iON, which is a Delaware corporation with a principal place of business in New Jersey. D.I. 1 at ¶ 2.

GoPro presents no evidence to dispute CIPH's legitimate reasons. Instead, GoPro inaccurately asserts that "[t]his District was not Plaintiff's 'original choice.'" D.I. 84 at 6. As

explained above, CIPH, the plaintiff here, was not involved in the Utah Action. Upon obtaining the rights to the patents-in-suit, CIPH brought this action for the first time—shortly after the patent assignments were recorded—in Delaware. Similarly, GoPro argues that Delaware is not CIPH's "home turf." D.I. 84 at 6. But regardless of whether this District is CIPH's "home turf," CIPH's choice of forum is entitled to "substantial weight" relative to the other factors and should be accorded "significant deference." *See Waste Distillation Tech., Inc. v. Pan Am. Resources, Inc.*, 775 F. Supp. 759, 764 (D. Del. 1991) ("if the plaintiff's choice of forum relates to its legitimate, rational concerns then the plaintiff's choice of forum is still accorded substantial weight"); *Checkpoint Software*, 797 F. Supp. 2d at 479-80 (finding legitimate and rational bases for suing in Delaware weighed against transfer and was entitled to "significant deference" "[e]ven if Delaware were not considered to be among [plaintiff's] 'home turf'"). GoPro's contentions to the contrary are unsupported.

Because Delaware is CIPH's chosen forum and that choice is entitled to at least substantial weight and deference, this factor weighs heavily against transfer to another district.

### (b) Defendant's preference of forum

GoPro's preference of forum carries little weight. Indeed, where plaintiff's chosen forum is one where the defendant has chosen to incorporate, courts "decline[] to elevate [a defendant's] convenience over the choice of a neutral forum selected by [the defendant] as the situs of [its] incorporation." *Stephenson v. Game Show Network, LLC*, 933 F. Supp. 2d 674, 678 (D. Del. 2013) (citing *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696, 699-700 (D. Del. 2013)); *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012) (Stark, C.J.) ("Under Third Circuit law, Defendants' preference for an alternative forum is not given the same weight as Plaintiff's preference.") ("*Altera Corp.*"). It is undisputed that GoPro is incorporated in Delaware. Indeed, ***GoPro was previously incorporated in California, but***

***chose to reincorporate in Delaware***.  *See* Exhibit 1 at 8; D.I. 87 at ¶ 2.[5]  Accordingly, this factor, at most, weights only slightly in favor of transfer.

GoPro's arguments in support of its preferred venue are rooted in the remaining convenience factors, which are addressed below.

### (c)    Whether the claim arose elsewhere

GoPro engages in sales nationally, including in Delaware, and thus CIPH's claim arises out of at least GoPro's activity in Delaware.  A claim for patent infringement arises wherever someone has committed acts of infringement, including making, using, offering to sell, or selling any patented invention without authority. *See generally* 35 U.S.C. § 271(a); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention").

Here, because GoPro offers to sell and sells its products in Delaware, the asserted patent claims "may be said to arise in Delaware." *See, e.g., Husqvarna AB v. The Toro Co.*, CA No. 15-856-SLR-SRF, 2016 WL 4257764, at *3 (D. Del. Aug. 11, 2016), *report and recommendation adopted*, CA No. 15–856–SLR, 2016 WL 4599897, at *1 (D. Del. Sept. 2, 2016) (finding factor weighs against transfer and that claims arose in Delaware where defendant sold products in Delaware even though defendant alleged research and development took place in defendant's preferred district); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, 545 (D. Del. 2016) ("As defendant has sold product in Delaware, the asserted patent claims may be said to arise in Delaware."); *IpVenture, Inc. v. Acer, Inc.*, 879 F. Supp. 2d 426, 435 (D. Del.

---

[5] Notably, GoPro is currently a defendant in at least one other case pending in Delaware, *North Star Innovations Inc. v. GoPro, Inc.*, CA No. 1:16-cv-00445-LPS-CJB).  At least to date, GoPro has not sought to transfer from the District.  Similarly, GoPro is currently a defendant in a patent infringement case pending in nearby New Jersey, *C&A Marketing, Inc. v. GoPro, Inc.*, CA No. 1:15-cv-07854-RMB-JS, filed November 3, 2015.  To date, GoPro has not sought a transfer in that case.

2012) (finding claims "arise in every judicial district" where defendants "sold and offered for sale [its products] all over the United States, including Delaware"). The fact that GoPro may design its products in California—while evidently manufacturing them elsewhere (Ex. 1 at 5)— does not negate the fact that acts of infringement, including sales and offers for sale, regularly occur in Delaware. *See Husqvarna*, 2016 WL 4257764, at *3, *report and recommendation adopted*, 2016 WL 4599897, at *1.

Accordingly, this factor weighs at least slightly against transfer.

### (d) Convenience of the parties

Delaware provides convenience to both parties. In evaluating "the convenience of the parties," courts consider the parties' "relative physical and financial condition." *Jumara*, 55 F.3d at 879.

Here, the parties' relative financial condition favors Delaware. Specifically, GoPro is a multinational corporation with over 1,700 employees and more than $1.6 billion in annual revenue. D.I. 87 at ¶ 2; Exhibit 1 at 30. Indeed, GoPro offers "products in over 40,000 retail outlets and in over 100 countries" to "consumers around the world." Exhibit 1 at 5. Consequently, litigating this dispute in Delaware cannot impose any undue financial burden on GoPro. *See Affymetrix, Inc. v. Syneni, Inc.*, 28 F. Supp. 2d 192, 202 (D. Del. 1998) ("Financially, . . . [the defendants] are capable of shouldering this burden. They are all multi-million dollar corporations with interests and activities spanning the globe. While their resources are not infinite, they are vast. Litigating in Delaware should not impose an undue financial burden on them.") (internal citations omitted). Indeed, GoPro does not contend otherwise. *See* D.I. 84 at 9. Moreover, any potential financial burden on GoPro is minimized by the fact that most discovery is likely to take place outside of Delaware where the offices of the parties' counsel are located. In fact, there is unlikely to be any "operational costs associated with

10

employee travel to Delaware" (D.I. 84 at 9), except potentially at trial.  *See Checkpoint Software*, 797 F. Supp. 2d at 481-82.  In contrast to GoPro, CIPH is a small corporation run by three managers but having no full-time employees.  Exhibit 3 at ¶ 4.  Indeed, it does not have a global presence.  These facts favor remaining in Delaware.

With regard to the parties' physical conditions, both CIPH and GoPro are a plane ride away from Delaware.  GoPro cannot reasonably complain about such travel, because it chose to incorporate in Delaware (again, having previously incorporated in California).  "[A]s the judges of this court have noted, one aspect of a company's decision to incorporate in Delaware is that under [the State's] jurisdictional and venue statutes it is agreeing to submit itself to the jurisdiction of the courts in this state for the purposes of resolving this type of commercial dispute." *ADE Corp. v. KLA–Tencor Corp.*, 138 F. Supp. 2d 565, 572 (D. Del. 2001).  Thus, "absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Id.* at 573; *see also Mallinckrodt, Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009) ("[W]hen a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware."); *Altera Corp.*, 842 F. Supp. 2d at 756 ("a Delaware corporation must expect an uphill climb in proving that it is, in any meaningful sense, 'inconvenient' to defend its actions in the forum in which the corporation has freely chosen to create itself").  GoPro has not identified any unique or unexpected burdens that would result from litigating in Delaware.  *See* D.I. 84 at 9.  With regard to CIPH, as explained above, CIPH chose Delaware—expressly as a replacement for California—and thus believes Delaware to be a convenient forum despite any potential need to

travel to Delaware. Moreover, CIPH's CEO, James Harrison, resides in Miami, Florida. Delaware is considerably closer to Miami, than is the Northern District of California.

As demonstrated above, Delaware does not impose any undue burdens that favor a transfer. Throughout its brief, GoPro argues that another forum would be "more convenient." *Id.* at 1, 2, 5, 9, 12. But this Court has long found that simply identifying a forum that is "more convenient" is by itself insufficient. *Waste Distillation Tech.*, 775 F. Supp. at 764 ("[t]his Court will not grant a transfer merely because a different forum is more convenient for the defendant[]").

Accordingly, this factor weighs at least slightly against transfer.

### (e) Convenience of the witnesses

Based on the evidence presented to this Court, the convenience of the witnesses factor is neutral. Courts consider "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. In evaluating this factor, "party witnesses or witnesses who are employed by a party carry no weight;" "[e]xpert witnesses or witnesses who are retained by a party to testify carry little weight;" and "[f]act witnesses who possess first-hand knowledge of the events giving rise to the lawsuit . . . have traditionally weighed quite heavily." *Affymetrix*, 28 F. Supp. 2d at 203.

Here, the potential fact witnesses are located throughout the United States, New Zealand, and Australia. *See, e.g.*, D.I. 86, Exhibits K. But there is no evidence that ***any*** witness would actually be unavailable for trial in this District. Indeed, even third-party Ambarella's Vice-President of Engineering, Chan Lee, does not contend that Ambarella witnesses would be unavailable for trial. *See* D.I. 88 at ¶¶ 6-7. Moreover, Richard Mander (of Seattle, WA) and Ben Bodley (of New Zealand), who are named inventors on the patents-in-suit, have entered into consulting agreements regarding their patents for this matter. Exhibit 3 at ¶ 6. CIPH is unaware

of any reason why Dr. Mander and Mr. Bodley would actually be unavailable to appear at trial in this District. *Id.* Additionally, Delaware is more convenient to at least one potential fact witness, prosecuting attorney Lincoln Essig, who is located in Washington, D.C. *See* D.I. 86, Exhibit J.

While GoPro focuses on the "subpoena power in this District" (D.I. 84 at 9), "the extent of the Court's subpoena power is relevant only to ensuring that witnesses come to Delaware to testify **at trial.** Every witness' deposition testimony can be compelled by some court, as some court will have jurisdiction to enforce a deposition notice and/or deny a motion to quash same." *Checkpoint Software*, 797 F. Supp. 2d at 484 (emphasis in original); *see also Husqvarna*, 2016 WL 4257764, at *3, *report and recommendation adopted*, 2016 WL 4599897, at *1 ("discovery can be conducted at any location convenient to the parties and their employees, so the only event that must take place in Delaware is the trial"). "While deposition testimony is not a complete substitute for live trial testimony . . . , it is a fallback that in almost all instances will prevent a miscarriage of justice." *Id.* (citation omitted).

Moreover, "when the parties are simply speculating about who might be a critical enough fact witness to be called to testify at trial and when neither fora has subpoena power over the majority of the potential non-party fact witnesses, this factor is neutral." *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 373-74 (D. Del. 2012); *see also Varian Med. Sys., Inc. v. Elekta AB*, CA No. 15-871-LPS-CJB, 2016 WL 3341865, at *7-8 (D. Del. Jun. 8, 2016) (Burke, J.) (finding this factor to be neutral where no evidence provided to demonstrate unavailability of potential witnesses). That is certainly the case here. *See* D.I. 86, Exhibit K.

Accordingly, this factor is neutral.

### (f)    Location of relevant evidence

This factor is not entitled to much weight.  The Third Circuit in *Jumara* advised that the location of books and records is only determinative if "the files c[an]not be produced in the alternative forum." 55 F.3d at 879.  This Court has recognized that advances in technology have eased the burden of transporting evidence, such that whether this case is litigated in Delaware or elsewhere, the location of the relevant evidence carries little weight.  *See, e.g.*, *Varian Med. Sys.*, 2016 WL 3341865, at *9 ("this factor is commonly given little weight"); *ADE Corp.*, 138 F. Supp. 2d at 571 ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles."); *Cypress Semiconductor*, 2001 WL 1617186, at *3 ("Advances in technology have significantly lessened the burden of litigating in a distant district. These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded . . . and have lowered the cost of moving that information from one place to another."); *Husqvarna*, 2016 WL 4257764, at *7, *report and recommendation adopted*, 2016 WL 4599897, at *1 ("[C]ourts within the District of Delaware have repeatedly recognized that recent technological advances have reduced the weight of this factor.").

Here, GoPro does not contend that it cannot produce the relevant documents, but rather that they are located in San Mateo, California.  D.I. 87 at ¶ 5.  It is reasonable to conclude that GoPro, a company started in 2004 and now having a global presence, stores most, if not all, of its documents electronically; and it is extremely likely that regardless of their original form, all or nearly all documents will be produced electronically, not on paper.  Producing those materials for this case should not impose any substantial burden, which would likely be the same regardless of the forum.

Accordingly, this factor is neutral.

## 2. The Public Factors

Practical considerations that could make the trial easy, expeditious, or inexpensive weigh against transfer. The local interests in deciding local controversies at home and administrative difficulties in getting the case to trial resulting from court congestion factors are neutral. The public factors thus weigh slightly against transfer. *See Simms*, 2011 WL 4501225, at *1 ("[It] follows that transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer.").

### (a) Practical considerations that could make the trial easy, expeditious, or inexpensive

Practical considerations weigh against a transfer. GoPro's anywhere-but-Delaware tactic would do nothing more than introduce unnecessary delays in reaching the merits of CIPH's claims. Such delays will hinder the adjudication of CIPH's claims, because, for example, witnesses' memories will fade and evidence will likely be lost, destroyed or misplaced. Moreover, if transferred, the new forum will have to familiarize itself with the various issues in the case—resulting in further delay getting to trial. This case has been pending before this Court for over a year. The Court has already familiarized itself with many issues, including the ownership of the patents, the PTAB proceedings, and the parties. Trial is now set to begin on November 13, 2018. D.I. 91 at ¶ 21. A transfer will necessarily result in further delay getting to trial. Accordingly, practical considerations weigh against transfer.

### (b) Administrative difficulties in getting the case to trial resulting from court congestion

GoPro argues that this factor is "neutral." D.I. 84 at 11. CIPH agrees that this factor carries little weight in the convenience analysis here.

**(c)    Local interests in deciding local controversies at home**

This factor is neutral.  Delaware's interests in adjudicating disputes involving companies incorporated in Delaware are at least equal to those of a jurisdiction where a party is located.  *See Checkpoint Software*, 797 F. Supp. 2d at 486; *Tradimpex Egypt Co. v. Biomune Co.*, 777 F. Supp. 2d 802, 810 (D. Del. 2011) (finding Delaware had a local interest where one of its citizens, a Delaware corporation, was alleged to have breached a contract).  "Moreover, in patent litigation, the local interest factor is typically neutral, 'because patent issues do not give rise to a local controversy or implicate local interests.'" *Id.* (quoting *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F.Supp.2d 635, 643 (D. Del. 2008)).  Accordingly, this factor carries little weight in the convenience analysis here.

**C.    GoPro's Alternative Request to Transfer to Utah**

GoPro relies on similar arguments in support of its desire to transfer to Utah.  The arguments presented above regarding the Northern District of California similarly apply to the District of Utah.  Accordingly, for the same reasons, CIPH respectfully requests that the Court deny GoPro's motion.

GoPro's position that "a strong case can be made that transfer to the District of Utah would be more convenient" (D.I. 84 at 12) is indicative of GoPro's strategy in this action. ████████████████████████████████████████████████████████████████████████ ████████████    But now, unsatisfied with the Court's decision to lift the stay after the PTAB issued its decisions in favor of CIPH, GoPro seeks to further delay the action by transferring it out of Delaware.  GoPro waited a year to file its motion, and has litigated this case here during that time.  The parties will soon begin discovery.  There is no reason to delay this case further.

## V.    CONCLUSION

Being GoPro's chosen place of incorporation, Delaware cannot reasonably be inconvenient to GoPro.  CIPH has legitimate reasons for litigating this case in Delaware, and its preference of forum is entitled to substantial deference.  The facts here fail to demonstrate that Delaware poses a substantial burden to either party.  Accordingly, for the foregoing reasons, Plaintiff Contour IP Holding, LLC respectfully asks that GoPro's motion be denied.

Respectfully submitted,

*/s/ Andrew E. Russell*

OF COUNSEL:

Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
ROPES & GRAY LLP
2099 Pennsylvania Avenue NW
Washington, DC 20006
(202) 508-4600

Dated: December 9, 2016

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Andrew E. Russell, hereby certify that on December 9, 2016, this document was served

on the persons listed below in the manner indicated:

**BY E-MAIL**

Jack B. Blumenfeld
Michael J. Flynn
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351-9661
jblumenfeld@mnat.com
mflynn@mnat.com

Karineh Khachatourian
Patrick S. Salceda
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA 94304
(640) 847-4145
karinehk@duanemorris.com
psalceda@duanemorris.com

 

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*