

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

December 16, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

  Re: <u>*Contour IP Holding, LLC v. GoPro, Inc.*</u>, C.A. No. 15-1108-LPS-CJB

Dear Judge Burke,

  Plaintiffs Contour IP Holding, LLC ("CIPH") and Defendant GoPro, Inc. ("GoPro") write to inform the Court that the parties have met and conferred pursuant to the Court's December 6, 2016 Order, and are unable to agree to a schedule for the reduction of prior art references. The parties' proposals are set forth below.

**CIPH's Proposal:**

- Reduction of asserted claims (no more than 25 claims total) by May 23, 2017.
- Reduction of asserted prior art to no more than 10 references per patent (no more than 20 total) by May 30, 2017.
- Reduction of asserted claims (no more than 12 claims) by November 29, 2017.
- Reduction of asserted prior art to no more than 5 references per patent (no more than 10 total) by December 20, 2017.

  CIPH proposes reasonable limits on the number of prior art references GoPro may assert. Although GoPro argues that CIPH's proposal would somehow limit GoPro to less than 1 prior art reference per asserted claim, that is clearly not the case. The same prior art reference may, of course, be applied to multiple claims. Indeed, it would be highly unusual if a party selected to assert completely different prior art on a claim-by-claim basis. To the extent the Court shares GoPro's concern, then CIPH would suggest limitations be placed on a per-claim basis, as in the *Intellectual Ventures* decision referenced by GoPro, which would potentially limit even further the total volume of prior art asserted by GoPro (assuming GoPro asserts the same art against multiple claims). By contrast, GoPro's proposal would permit GoPro to assert an immense volume of prior art, resulting either in an unmanageable trial in this action (if GoPro does not voluntarily impose further limits upon itself) or in litigation by surprise (if GoPro further narrows its assertions to a reasonable degree but without the extent of notice to CIPH that the Court's order is intended to provide).

**GoPro's Proposal:**

- Reduction of asserted claims to no more than 25 claims total by May 23, 2017;
- Reduction of asserted prior art to no more than 25 prior art references total and 60 prior art combinations by June 6, 2017;

- Reduction of asserted claims to no more than 12 claims total by November 29, 2017; and
- Reduction of asserted prior art to no more than 15 prior art references total and 50 prior art combinations by December 20, 2017.

CIPH's proposal is unreasonable in that it limits GoPro to less than 1 prior art reference per asserted claim at each step, with a limit of 10 references per patent regardless of the number of claims asserted for each patent. For example, if CIPH continues to assert the 19 currently-asserted claims in the '954 patent, GoPro would still be limited to just 10 prior art references. In contrast, GoPro's proposal would put reasonable limits on the total number of prior art references and combinations, while making meaningful reductions in the amount of prior art asserted. GoPro's proposal is also in line with this Court's practice, which has consistently allowed multiple prior art references for each asserted claim, both before and after the *Markman* order issues. *See, e.g.*, *Greatbatch Ltd. v. AVX Corp.*, No. 13-723-LPS (D. Del. July 25, 2015) (20 prior art references and 60 combinations for 15 asserted claims); *Intellectual Ventures I, LLC v. AT&T Mobility LLC*, No. 12-193-LPS (D. Del. June 8, 2015) (6 prior art references and 12 obviousness combinations *per asserted claim*). Contrary to CIPH's assertion, the per-asserted-claim limitations in *Intellectual Ventures* could potentially result in more than 100 prior art references for the 25 asserted claims, far more than what GoPro seeks here. Given the breadth of the claims in the patents-in-suit, GoPro's limits are particularly reasonable in this case.

The parties are available at the Court's convenience regarding any questions or concerns.

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)


Cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and Email)