

Andrew E. Russell
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

June 29, 2017

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    <u>Contour IP Holding, LLC v. GoPro, Inc.</u>, C.A. No. 15-1108-LPS-CJB

Dear Chief Judge Stark:

    The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

    The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

    May 30 and 31, 2017

| | |
|---|---|
| Delaware Counsel: | Karen Keller |
| | Michael Flynn |
| Lead Counsel: | Paul M. Schoenhard |
| | Karineh Khachatourian |

The disputes requiring judicial attention are listed below:

- Whether GoPro has complied with this Court's May 1 Oral Order requiring GoPro to provide a witness or produce documents responsive to Plaintiff Contour IP Holding, LLC's ("CIPH") First Notice of Deposition Pursuant to Rule 30(b)(6).[1]
- Whether GoPro should be sanctioned for failure to produce core technical documents for all products identified in CIPH's May 3, 2016 Identification of Accused Products, and whether GoPro should be compelled to produce core technical documents for the remaining products, including at least the HD HERO2 with Wi-Fi BacPac and software applications (*e.g.*, GoPro App).[2]
- Whether CIPH should be compelled to (1) supplement its responses to GoPro's First Set of Requests for Production of Documents to identify whether it has withheld

---

[1]    GoPro does not believe this issue is ripe for adjudication.

[2]    GoPro does not believe this issue is ripe for adjudication.

      responsive documents and (2) produce documents commensurate with the full scope of GoPro's requests.[3]

- Whether GoPro should be protected from producing a witness in response to CIPH's Second Deposition Notice until CIPH narrows the topics to make it proportional to the needs of the case and alleviate the burden.[4]

      Respectfully submitted,

      */s/ Andrew E. Russell*

      Andrew E. Russell (No. 5382)

cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via CM/ECF and e-mail)

---

[3] CIPH does not believe this issue is ripe for adjudication.
[4] CIPH does not believe this issue is ripe for adjudication.