IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONTOUR IP HOLDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-1108-LPS-CJB |
| | ) | |
| GOPRO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF CONTOUR IP HOLDING, LLC'S REPLY TO
DEFENDANT GOPRO, INC.'S OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE EARLY MOTION FOR SUMMARY JUDGMENT</u>**

OF COUNSEL:
Paul M. Schoenhard
Nicole M. Jantzi
Ian B. Brooks
MCDERMOTT WILL & EMERY LLP
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000

Dated: July 7, 2017

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**Page**

I. The Scheduling Order Permits CIPH's Motion—CIPH Does Not Need to and is Not Seeking to Modify the Scheduling Order ................................................................................. 1

II. GoPro's Other Arguments are Unsupported by the Governing Statute, Congressional Intent, and Federal Circuit Precedent ............................................................... 2

    A. Estoppel Applies Regardless of the Finality of the PTAB's Decisions ........................ 2

    B. Estoppel Applies to All of GoPro's §§ 102, 103 Invalidity Contentions, and Thus Will Narrow This Case ............................................................. 4

III. Conclusion ................................................................................................................................ 8

i

## TABLE OF CITATIONS

Page(s)

**CASES**

*Biscotti Inc. v. Microsoft Corp.*,
  2017 WL 2526231 (E.D. Tex. May 11, 2017)......................................................................6, 7

*Cobalt Boats, LLC v. Sea Ray Boats, Inc. et al.*,
  2017 WL 2605977 (E.D. Va. June 5, 2017) ........................................................................4, 6

*Douglas Dynamics, LLC v. Meyer Prods. LLC*,
  2017 WL 1382556 (W.D. Wis. Apr. 18, 2017) ...................................................................6, 7

*Shaw Indus. Group, Inc. v. Automated Creel Sys., Inc.*,
  817 F.3d 1293 (Fed. Cir. 2016)................................................................................................7

*Star Envirotech, Inc. v. Redline Detection, LLC*,
  2015 WL 4744394 (C.D. Cal. Jan. 29, 2015) .........................................................................6

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
  665 F.3d 1269 (Fed. Cir. 2012)................................................................................................5

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
  707 F. Supp. 1429 (D. Del. 1989).............................................................................................1

**STATUTES**

35 U.S.C. § 102.............................................................................................................................4, 8

35 U.S.C. § 103.............................................................................................................................4, 8

35 U.S.C. § 145.................................................................................................................................3

35 U.S.C. § 315................................................................................................................... *passim*

35 U.S.C. § 318.............................................................................................................................2, 3

**OTHER AUTHORITIES**

37 C.F.R. 42.73 .................................................................................................................................3

*Dell Inc. v. Elecs. & Telecommc'ns Research Institute*, IPR2015-00549 ........................................3

In an attempt to delay this Court from ruling on the scope of estoppel, which has been in effect since the PTAB's final written decisions, GoPro argues that CIPH has not shown good cause for modifying the scheduling order. As explained in its motion and below, CIPH filed its motion pursuant to the terms of the Scheduling Order (D.I. 91), as issued by this Court on November 23, 2016. CIPH thus is not seeking, and does not need to, obtain modification of the scheduling order. Accordingly, GoPro's arguments that good cause must be shown are without merit.

Moreover, GoPro's arguments that estoppel does not apply here fail, because GoPro's arguments are unsupported by the governing statute, Congressional intent, and Federal Circuit precedent. Accordingly, CIPH respectfully submits that CIPH's motion for leave to file its motion for summary judgment should be granted.[1]

## I.   THE SCHEDULING ORDER PERMITS CIPH'S MOTION—CIPH DOES NOT NEED TO AND IS NOT SEEKING TO MODIFY THE SCHEDULING ORDER

CIPH's Motion (D.I. 141) explains that CIPH is moving for leave pursuant to Paragraph 15 of the Scheduling Order (D.I. 91). D.I. 141 at 1. Nevertheless, GoPro contends that "CIPH's motion for leave does not address the good cause standard that applies here [to modify the Scheduling Order], and even if it did, CIPH could not show that it is satisfied." D.I. 151 at 6. But CIPH is not asking the Court to alter the Scheduling Order. Indeed, the Scheduling Order

---

[1] Despite the fact that the deadline to amend pleadings has long since passed (*see* D.I. 91 at ¶ 1 (setting deadline to amend for February 6, 2017)), GoPro contends that "GoPro's obligation to respond to the Complaint is currently tolled based on its request for stay." D.I. 151 1 n.2. GoPro, in effect, has unilaterally granted itself a stay even though this Court previously denied such a request and entered a schedule. *See* Nov. 7, 2016 Oral Order; D.I. 91. GoPro's position is contrary to this Court's precedent. *Cf. Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989). Accordingly, GoPro should not be permitted in the future to present defenses or counterclaims that otherwise would have been permitted had GoPro timely filed an answer.

provides a deadline by which motions for summary judgment must be filed (May 16, 2018).[2] The Scheduling Order also, however, provides a mechanism by which a party can ask the Court to hear a motion for summary judgment more than 10 days before May 16, 2018. D.I. 91 at ¶15.a. That is exactly what CIPH is doing here. Accordingly, GoPro's suggestion that CIPH is trying to modify the Scheduling Order, and citation to certain authority regarding that process, is nonsensical.[3]

II. **GOPRO'S OTHER ARGUMENTS ARE UNSUPPORTED BY THE GOVERNING STATUTE, CONGRESSIONAL INTENT, AND FEDERAL CIRCUIT PRECEDENT**

A. **Estoppel Applies Regardless of the Finality of The PTAB's Decisions**

As CIPH explains in its Memorandum of Points and Authorities, D.I. 141, Tab E ("Memo"), at 9-10, estoppel applies at the time the PTAB issues its final written decisions. Nevertheless, GoPro contends that estoppel does not attach here because GoPro has appealed those decisions, and the PTAB's decisions are not "final." D.I. 151 at 7-8. But GoPro ignores the statute, which unambiguously applies to a "petitioner in an inter partes review of a claim in a patent under this chapter *that results in a final written decision under section 318(a)*." 35 U.S.C. § 315(e)(2). Section 318(a) provides that "[i]f an inter partes review is instituted and not dismissed under this chapter, the Patent Trial and Appeal Board shall issue a final written

---

[2] CIPH expressly reserves the right to file one or more additional motion(s) for summary judgment on or before that deadline, without modification.

[3] GoPro also wrongly argues that nothing has changed since the Court issued the current scheduling order to warrant CIPH's motion now. D.I. 151 at 6. Not so. First, CIPH's motion is warranted by the fact that GoPro served invalidity contentions on December 23, 2016 inappropriately relying on grounds that were raised or reasonably could have been raised during the IPRs. Second, CIPH reduced the number of asserted claims pursuant to this Court's order on May 23, 2017. At that time, CIPH no longer asserted claims that were not instituted in the IPRs, and thus would not have been subject to estoppel. As of the filing of CIPH's motion for leave, all asserted claims are the subject of final written decisions on grounds instituted by the PTAB— meaning that estoppel now applies to all asserted claims and GoPro cannot rely on non-instituted claims to contend that estoppel somehow does not apply here.

decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 316(d)." Here, the PTAB instituted proceedings brought by GoPro, did not dismiss those proceedings, and issued final written decisions in both. D.I. 78, Ex. A, Ex. B. Accordingly, by the terms of the statute estoppel attaches here.

GoPro contends that the PTAB's decisions are not final, because the PTAB has not issued a certificate under § 318(b). D.I. 151 at 7. This is a red herring—whether the PTAB's decisions have been appealed or a decision on appeal has issued has absolutely no bearing on the application of estoppel. *See* § 315(e)(2). Indeed, § 318(b) has nothing to do with estoppel under § 315(e)(2) and is not cited therein. *Compare* § 315(e)(2) *with* § 318(b). Tellingly, GoPro resorts to citing cases addressing ***pre-AIA*** estoppel in *inter partes **reexaminations***. D.I. 151 at 7-8. But as explained in CIPH's Memo, one of the reasons for enacting the AIA was to address the shortcomings of then-existing *inter partes* reexamination proceedings. D.I. 141, Memo at 13-14. Also telling is the PTAB's own rules, which pursuant to § 315(e)(1), apply estoppel upon issuance of the final written decisions, regardless of whether the deadline for appeal has even passed. *See* 37 C.F.R. 42.73(d)(1); 35 U.S.C. § 145; *Dell Inc. v. Elecs. & Telecommc'ns Research Institute*, IPR2015-00549, Paper 10 (PTAB Mar. 26, 2015) at 3-6 (explaining that "[u]nder 35 U.S.C. § 315(e)(1), once a Petitioner has obtained a final written decision, that Petitioner may not request or maintain subsequent proceedings on a ground that it 'could have raised' during the prior proceeding," and finding estoppel applied even where the period for appealing the prior final written decision had not passed). Accordingly, GoPro cannot avoid estoppel by arguing that the PTAB's final written decisions (issued pursuant to § 318(a)) are somehow not final—estoppel attaches at the moment the final written decision issues.

### B. Estoppel Applies to All of GoPro's §§ 102, 103 Invalidity Contentions, and Thus Will Narrow This Case

In its Memo, CIPH explains that GoPro is estopped from asserting that any asserted claim is invalid under §§ 102, 103, because each of the requirements of § 315(e)(2) is satisfied. D.I. 141, Memo at 8-14. Nevertheless, GoPro contends that "[t]here is no reason to grant leave to expedite this issue now." D.I. 151 at 9. First, GoPro contends "[t]here can be no estoppel for other grounds of invalidity and unenforceability that cannot be the subject of IPR proceedings, including other grounds under § 102, such as § 102(g) for prior inventions, 102(a) known or used, 102(b) public use, 102 (f)." *Id.* But GoPro has not presented any substantive contentions under any of these grounds. *See* Memo, Ex. G at 7-15. Accordingly, this reason fails to justify the Court delaying ruling on this issue.

GoPro also contends that "GoPro would not be estopped from asserting, as it did in its invalidity contentions, that the challenged claims are invalid under §§ 101, 112, and over prior art products . . ., and obviousness combinations with such products, under §§ 102 and 103." *Id.* CIPH has not argued that GoPro is estopped from presenting §§ 101 and 112 contentions. *See generally* Memo. And as explained in CIPH's Memo, GoPro's contentions purport to rely on only one product—a product based solely on the GoPro Catalog, which GoPro relied upon in its grounds instituted at the PTAB, and a product that was not on sale prior to the critical date. D.I. 141, Memo at 8, 10. GoPro fails to explain why its reliance on the same evidence—under the guise of a product—enables it to avoid estoppel. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc. et al.*, No. 2:15-cv-21, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017).

GoPro's contention that no estoppel applies is contrary to law. GoPro does not dispute that estoppel applies "to prior art patent and printed publication grounds that were actually instituted in the IPRs." D.I. 151 at 10. GoPro also does not dispute that "the PTAB actually

4

instituted IPR proceedings [] based on combinations of the Boland, GoPro Catalog, and Ueyama references." *Id.* at 11. And GoPro does not dispute that the PTAB issued final written decisions. *See id.* at 4. Nevertheless, GoPro contends that because the PTAB found that the GoPro Catalog was not prior art, the PTAB did not reach the merits of GoPro's challenge. *Id.* at 11. But nothing prevents estoppel from applying in these circumstances. *See* § 315(e)(2). Indeed, GoPro fails to explain how the PTAB's final written decision failed to address GoPro's **grounds**, which all relied upon the GoPro Catalog. As explained in the Memo, the PTAB instituted GoPro's grounds based on combinations of the Boland, GoPro Catalog, and Ueyama references, and issued a final written decision that GoPro's grounds failed because GoPro did not meet its burden to establish that one of its references is prior art. Memo at 8-9. Nothing more is required for estoppel to apply. *See* § 315(e)(2). Accordingly, at minimum, GoPro is estopped from raising those grounds it actually raised.

In its Memo, CIPH explained that claims 3-10 of the '954 Patent are no longer asserted in this litigation. D.I. 151, Memo at 6 n. 4. Nevertheless, GoPro contends that GoPro should not be estopped here from asserting invalidity as to those claims. But "a counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281-84 (Fed. Cir. 2012). And GoPro has made no such showing here. Indeed, as noted above, GoPro has failed to answer the Complaint, much less to assert any declaratory judgment counterclaim(s) that might give it the status of "counterclaimant." Accordingly, any contentions GoPro may have regarding claims 3-10 of the '954 Patent are irrelevant.

As explained in CIPH's Memo, the prior art in GoPro's invalidity contentions were raised or reasonably could have been raised in the IPRs. D.I. 14, Memo at 8-9. Nevertheless, GoPro

5

contends that grounds based on Murray, Harel, Woodman, and the GoPro HD Motorsports HERO video camera "were not eligible for IPR consideration." D.I. 151 at 12. Not so. As explained in CIPH's Memo, Woodman was cited in the IPR petitions—demonstrating Woodman reasonably could have been raised. D.I. 14, Memo at 8. Murray and Harel are readily available patents and published patent applications, which also reasonably could have been raised. *Id.* at 8-9. GoPro presents no evidence to suggest otherwise. And GoPro's evidence of the GoPro HD Motorsports HERO video camera is limited to the GoPro Sales Catalog, and thus is the same evidence as what GoPro raised during the IPR. *Id.* at 10. GoPro has not disputed this fact, and thus cannot demonstrate that any product-related invalidity defense should be permitted. *Cf. Star Envirotech, Inc. v. Redline Detection*, LLC, 2015 WL 4744394, at *4 (C.D. Cal. Jan. 29, 2015); *Cobalt Boats*, 2017 WL 2605977, at *3. Accordingly, these materials and any grounds relying on them were raised or reasonably could have been raised during the IPRs.

Contrary to GoPro's assertions, CIPH is not asking this Court to "overrule present Federal Circuit authority regarding the scope of estoppel." D.I. 151 at 8, 12-13. Rather, CIPH is asking this Court to properly apply the law here. As multiple district courts have recognized, Federal Circuit precedent has not eliminated or narrowed the application of estoppel under § 315(e)(2) when applied to the circumstances presented here—where a petitioner in IPR obtains institution and final written decision on its grounds, and later raises in district court the same grounds or grounds that reasonably could have been raised. *See Douglas Dynamics, LLC v. Meyer Prods. LLC*, 2017 WL 1382556, at *4-5 (W.D. Wis. Apr. 18, 2017); *Biscotti Inc. v. Microsoft Corp.*, CA No. 2:13-CV-01015-JRG-RSP, 2017 WL 2526231, at *7 (E.D. Tex. May 11, 2017); *Cobalt Boats*, 2017 WL 2605977, at *2-3.

6

Rather than substantively address the cases that have properly interpreted the Federal Circuit's *Shaw Industries*[4] opinion, in view of § 315(e)(2) and the clear Congressional intent in enacting § 315(e)(2), GoPro merely contends that "Plaintiff is wrong about the scope of estoppel." D.I. 151 at 12-13. But it is clear that *Shaw Industries* should not be read as broadly as GoPro contends as such a reading of § 315(e)(2) is contrary to the plain language of § 315(e)(2) and the legislative purpose. Memo at 11-14. Indeed, "Congress intended IPR to serve as a complete substitute for litigating validity in the district court. . . . if you take the IPR route and present your best case to PTAB, and PTAB institutes review of a claim, that is your sole opportunity to contest the validity of that claim. In no other way is IPR the complete alternative that Congress imagined." *Douglas Dynamics*, 2017 WL 1382556, at *4-5.

In particular,

> the narrow interpretation [of *Shaw* and *HP*] would be consistent with the circumstances before the Federal Circuit in *Shaw* and *HP*, i.e., the denial of institution based on redundancy, a purely procedural reason. The inability of a petitioner to obtain administrative or judicial review because of a procedural decision of the PTAB is different than preventing a patent challenger's second chance at invalidity when it chose the IPR route but decided not to include certain grounds in its IPR petition(s).

*Biscotti*, 2017 WL 2526231, at *7 (citing *Douglas Dynamics*, 2017 WL 1382556, at *4). The circumstances of *Shaw Industries*—grounds raised by a petitioner but not instituted by the PTAB—are inapplicable here. Accordingly, GoPro cannot avoid estoppel relying on *Shaw Industries*.

Finally, GoPro attempts to back away from its prior representation to this Court that "the scope of this case may be significantly narrowed because estoppel will apply to GoPro under 35 U.S.C. § 315(e)(2) for non-cancelled claims on which trial is instituted." D.I. 15 at 7; D.I. 151

---

[4] *Shaw Indus. Group, Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 374 (2016).

at 13-14.  Despite this clear and unequivocal statement—contemplating that GoPro's PTAB petitions might fail (as they did)—GoPro now contends that "GoPro's motion to stay was based on the expectation that the PTAB would in fact adjudicate the prior art references and combinations at issue in the IPRs, and presumed a ruling on the merits rather than on procedural grounds after hearing."  D.I. 151 at 13-14.  But as explained in CIPH's Memo and herein, the PTAB adjudicated GoPro's grounds and issued a final written decision finding that GoPro failed to demonstrate any claim is invalid in view of those grounds.  Consequently, as GoPro previously admitted, estoppel applies here—all asserted claims are "non-cancelled claims on which trial is instituted" and estoppel applies.  D.I. 15 at 7; § 315(e)(2).

### III.    CONCLUSION

For the foregoing reasons, CIPH respectfully submits that the Court should grant CIPH's motion for leave to file its motion for summary judgment that GoPro is estopped from asserting its §§ 102 and 103 defenses.

Respectfully submitted,

/s/ Karen E. Keller

| | |
|---|---|
| OF COUNSEL:<br>Paul M. Schoenhard<br>Nicole M. Jantzi<br>Ian B. Brooks<br>MCDERMOTT WILL & EMERY LLP<br>The McDermott Building<br>500 North Capitol Street, NW<br>Washington, DC 20001<br>(202) 756-8000<br><br>Dated: July 7, 2017 | John W. Shaw (No. 3362)<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>*Attorneys for Plaintiff* |