IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTOUR IP HOLDING, LLC, : | |
| Plaintiff, : | |
| v. : | C.A. No. 15-1108-LPS-CJB |
| GOPRO, INC., : | |
| Defendant. : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 30-page Memorandum Order (the "Order") (D.I. 154), dated July 6, 2017, granting Defendant GoPro, Inc.'s ("Defendant" or "GoPro") motion to transfer venue to the United States District Court for the Northern District of California pursuant to U.S.C. § 1404(a) (D.I. 83);

WHEREAS, on July 20, 2017, Plaintiff Contour IP Holding, LLC ("Plaintiff" or "CIPH") objected to the Order (D.I. 169) ("CIPH Objections" or "CIPH Objs");

WHEREAS, on July 27, 2017, GoPro responded to CIPH's Objections (D.I. 173) ("GoPro Response" or "GoPro Resp");

WHEREAS, a decision on a motion to transfer is non-dispositive, *see TSMC Tech., Inc. v. Zond, LLC*, 2015 WL 328334, at *1 (D. Del. Jan. 26, 2015), and the Court has considered the parties' objections and responses for clear errors of law and clearly erroneous findings of fact, *see St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1

1. CIPH's Objections (D.I. 169) are OVERRULED, Judge Burke's Order (D.I. 154) is ADOPTED, and GoPro's motion to transfer venue to the Northern District of California (D.I. 83) is GRANTED.

2. CIPH objects to the Order on two principal grounds, asserting that insufficient consideration was given to (1) CIPH's choice of forum, and (2) GoPro's incorporation in Delaware. (CIPH Objs at 4-8) CIPH asserts that each of these grounds results in clearly erroneous factual findings and errors of law. (*Id.*) The Court disagrees.

3. CIPH asserts that, contrary to the Order's findings, several considerations played into its choice of forum. (*Id.* at 4) While CIPH's recently-stated considerations may be "rational and legitimate reasons for choosing Delaware" (*id.*), the Order's finding that "these were ***not*** the reasons motivating the filing of this case in this Court" (Order at 15) is not clearly erroneous. Instead, CIPH and former co-Plaintiff iON Worldwide, Inc. ("iON") maintained throughout litigation – beginning with the filing of their Complaint (D.I. 1 at ¶ 22) and continuing through the most recent oral argument on the renewed Motion for Costs (*see, e.g.*, Order at 13 n.9) – that the reason they selected this forum was due to iON's preference, as an entity incorporated in Delaware, to litigate in a convenient location. (*Id.* at 12-13) The Court agrees with the Order's finding that, due to iON no longer being a party to the litigation, "this reason no longer ha[s] any real resonance," and CIPH's newly-emphasized reasons for litigating here "ha[ve] caused the Court to question CIPH's credibility on this front." (*Id.* at 14, 16)

4. Further, the Order's conclusion that CIPH emphasized former co-Plaintiff iON's preference for Delaware in order not to draw greater scrutiny and skepticism of the various plaintiffs' forum decisions in Utah and Delaware (*see, e.g., id.* at 15-16) is not clearly erroneous

but, rather, highly persuasive. While CIPH asserts that it has continuously maintained that GoPro's incorporation in Delaware was an additional reason supporting its choice of forum, this reason (like all that CIPH offers **other than** iON's choice of forum) "would have been just as available at a time when Contour sued GoPro in the Utah Action." (*Id.* at 15; *see also* GoPro Resp at 4)

5. Somewhat relatedly, CIPH finds error in the Order's conclusion that "where (as here) a significant event occurs after the case's filing (and, in this case, before the filing of the instant transfer Motion) and bears on the transfer analysis, [such as iON being dismissed from the case with prejudice,] it would be wrong for the Court not to consider it." (Order at 14 n.10) Again the Court disagrees. No authority compels the Court to ignore – as part of its case-by-case, individualized assessment of transfer-related factors, including the non-exhaustive list of *Jumara* factors – a highly pertinent post-complaint development such as the dismissal of the party whose forum preference has repeatedly been identified by Plaintiff as important to the transfer decision.

6. CIPH also asserts that GoPro's incorporation in Delaware should have been given more weight in several *Jumara* factors, namely, the defendant's forum preference, the convenience of the parties, and local interests in deciding local controversies at home. (CIPH Objs at 7) Regarding Defendant's forum preference, the Court's examination involves "whether the defendant can articulate rational, legitimate reasons to support that preference," not simply examining where the defendant is incorporated. *Pragmatus AV, LLC v. Yahoo! Inc.*, 2012 WL 4889438, at *6-7 (D. Del. Oct. 15, 2012) (finding – in similarly considering Defendant's incorporation in Delaware, but preference to litigate elsewhere – "the appropriate place to focus

3

in examining this factor is not on the forum that a defendant does not prefer . . . , but on the forum it does prefer"). Because GoPro articulated legitimate reasons for seeking to transfer the action to the Northern District of California, the Order properly weighed GoPro's preference. (Order at 16) Regarding CIPH's remaining arguments, the Order properly considered GoPro's incorporation in Delaware and weighed that fact against competing factors favoring transfer.[1] CIPH's arguments regarding the appropriate weight of GoPro's incorporation do not support a finding that the Order's conclusion was clearly erroneous or an error of law.

7. The Court has considered each of the other arguments raised by CIPH in its Objections and, applying the appropriate standard of review, finds that each of them lacks merit and requires no further discussion.

July 31, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] Specifically, the Order's ultimate conclusion that the convenience of the parties slightly favored transfer was properly supported by the Order's other findings that GoPro "has its principal place of business in the Northern District of California," and "a good percentage of possible employee witnesses/representatives on both sides are located closer to the Northern District of California." (Order at 20-21) The fact that GoPro "abandoned California in favor of Delaware six years ago" (CIPH Objs at 8) does not alter these facts. Similarly, regarding the local interest factor, the Order properly considered GoPro's choice not to avail itself of the benefits of being a Delaware corporation. However, even if the local interest factor was considered neutral (as CIPH argues it should have been (see id. at 9)), instead of "slightly favor[ing] transfer," that would not change the overall balance of the *Jumara* factors, none of which weighed against transfer.

4